## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PERNOD RICARD USA, LLC

       Plaintiff,

       v.

BACARDI U.S.A., INC.,

       Defendant.

:
:
:
:
:
:
:
:
:
:
:

C.A. No. _____

## COMPLAINT

1.    This action arises out of false and misleading statements in marketing and advertising by Defendant Bacardi U.S.A., Inc. of its HAVANA CLUB rum that is designed to sell at the expense of products distributed by Plaintiff Pernod Ricard USA, LLC.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

4.    Plaintiff Pernod Ricard USA, LLC ("Pernod Ricard") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Purchase, New York.  It is a leading producer, importer and marketer of spirits including rum and vodka in the United States.  The company is now the third largest in the

United States spirits industry by sales value and the fourth largest by sales volume. Pernod Ricard's leading brands include MALIBU rum and STOLICHNAYA vodka.

5.    On information and belief, Defendant Bacardi U.S.A., Inc. ("Bacardi U.S.A.") is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located in Miami, Florida. Bacardi U.S.A. is a significant importer and marketer of spirits including rum and vodka. Its brands include BACARDI rum and GREY GOOSE vodka. On information and belief, Bacardi U.S.A. sells and offers to sell its products throughout the United States, including this judicial district. It is incorporated in Delaware, and it has also registered in this district for service of process through The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.    As two of the biggest distributors of spirits including rum and vodka in the United States, Pernod Ricard and Bacardi U.S.A. compete keenly for the sale of spirits in the United States.

## BACARDI U.S.A. HAS FALSELY AND MISLEADINGLY DESCRIBED THE GEOGRAPHIC ORIGIN OF ITS HAVANA CLUB RUM

7.    Bacardi U.S.A. launched its HAVANA CLUB rum in August 2006. A photograph of the bottle is attached as Exhibit A.

8.    Bacardi U.S.A., through its spokeswoman Patricia Neal, stated on August 9, 2006, that Bacardi U.S.A.'s HAVANA CLUB rum is intended to capitalize on the current popularity of rum and white spirits such as vodka. A copy of the article reporting on Bacardi U.S.A.'s statement is attached as Exhibit B.

9.    In addition to branding its rum HAVANA CLUB, Bacardi U.S.A. has made statements indicating that its rum is the rum that was formerly made in Cuba and sold in the United States prior to 1960. For example, Bacardi U.S.A.'s August 8, 2006 press release

characterizes its HAVANA CLUB as a *relaunch* of HAVANA CLUB rum in the United States of the older HAVANA CLUB rum.  A copy of the press release is attached as Exhibit C.

10.    Bacardi U.S.A.'s rum is not made in Cuba.

## BACARDI U.S.A. HAS FALSELY STATED IT OWNS THE HAVANA CLUB TRADEMARK

11.    On August 8, 2006, Bacardi U.S.A., through its spokesman John Gomez, stated on National Public Radio that "we [Bacardi U.S.A.] own the rights to this brand [HAVANA CLUB]" in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960.  The broadcast was aired in Delaware via WHYY in Philadelphia, Pennsylvania and elsewhere.  A transcript of the broadcast is attached as Exhibit D.

12.    Bacardi U.S.A. does not own a United States registration of HAVANA CLUB.

13.    No court has ruled that Bacardi U.S.A. owns the HAVANA CLUB trademark in the United States.

14.    In *Havana Club Holding, S.A. et al. v. Galleon, S.A., Bacardi-Martini, U.S.A., Inc. et al.*, 96-Civ-9655 (SAS) (S.D.N.Y. 1996), Bacardi U.S.A.'s predecessor Bacardi-Martini U.S.A., Inc. sought a declaratory judgment that "Bacardi has the prior, superior and exclusive right to use of the designation HAVANA CLUB as a trademark for rum in the United States."  Bacardi-Martini U.S.A., Inc. did not pursue that claim through to judgment, and the Court did not grant Bacardi-Martini U.S.A., Inc. a declaratory judgment.

15.    The New York court ruled that "Cubaexport . . . [is] the owner of the [HAVANA CLUB & Design] registration," and denied Bacardi's request to cancel the registration. *Havana Club Holding, S.A. et al.* v. *Galleon, S.A., Bacardi-Martini, U.S.A., Inc. et al.*, 974 F. Supp. 302, 311 (S.D.N.Y. 1997).

16.    In September 1994, Galleon, S.A., then a wholly-owned subsidiary of Bacardi & Company Limited for which Bacardi U.S.A. is the exclusive distributor of rum in the United States, filed in the United States Patent and Trademark Office ("PTO") an intent-to-use application to register HAVANA CLUB as its trademark for rum. The PTO Examining Attorney reviewing Galleon, S.A.'s application issued an Office Action refusing registration because, *inter alia*, the HAVANA CLUB trademark is primarily geographically deceptively misdescriptive as applied to rum that is not made in Cuba and is confusingly similar to Registration No. 1,031,651 of HAVANA CLUB & Design owned by another company, Cubaexport.

17.    In March 2001, after the New York litigation was concluded, Bacardi & Company Limited submitted copies of the decisions in the case to the PTO Examining Attorney and urged that the application be approved for registration in light of these decisions.

18.    In April 2001, the PTO Examining Attorney in turn issued an Office Action that again refused to approve the application, stating, *inter alia*:

> [The New York litigation] reveals a few clearly decided points. . . .
> [T]he rights in the mark and U.S. Trademark Registration
> No. 1,031,651 reside in Cuba Export. . . .    Registration
> No. 1,031,651 was neither cancelled nor determined to be the
> property of [Bacardi].

A copy of the Office Action is attached as Exhibit E.

19.    In the pending case *Bacardi & Company Limited and Bacardi U.S.A., Inc. v. Cubaexport et al.*, 04-CV-00519 (EGS) (D.D.C. 2004), plaintiffs are seeking a declaratory judgment that Bacardi & Company Limited "is the true owner of the common law rights in and to the HAVANA CLUB mark." The Court has not ruled on plaintiffs' claim for a declaratory judgment.

## <u>COUNT I</u>

20.    Pernod Ricard repeats and realleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

21.    Bacardi U.S.A.'s use of HAVANA CLUB for a rum not produced in Cuba and Bacardi U.S.A.'s statements that its HAVANA CLUB is the rum that was made in Cuba and sold in the United States before 1960 are false and misleading representations concerning the geographic origin of Bacardi U.S.A.'s rum.

22.    On information and belief, the foregoing representations are likely to cause consumers to believe, incorrectly, that Bacardi U.S.A.'s HAVANA CLUB rum was and is made in Cuba.

23.    On information and belief, the foregoing representations are likely to mislead and deceive customers into purchasing Bacardi U.S.A.'s HAVANA CLUB rum in the mistaken belief that the rum is made in Cuba.

24.    Pernod Ricard believes that it is likely to be damaged by the foregoing representations in that consumers are likely to be induced into purchasing Bacardi U.S.A.'s HAVANA CLUB rum due to this mistaken belief and these purchases are likely to cause Pernod Ricard to lose sales of spirits, including MALIBU rum and STOLICHNAYA vodka, in an amount to be determined at trial.

25.    Pernod Ricard believes that its reputation and goodwill have been and are likely to be damaged by the foregoing representations.

26.    The acts and conduct of Bacardi U.S.A. complained of above violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.    Pernod Ricard has no adequate remedy at law.

28.    Bacardi U.S.A.'s conduct has been willful.

## COUNT II

29.    Pernod Ricard repeats and realleges each and every allegation contained in paragraphs 1 though 19 as if fully set forth herein.

30.    Bacardi U.S.A.'s statement that it owns the rights to the HAVANA CLUB trademark in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960 is false.

31.    On information and belief, the foregoing representation is likely to cause consumers to believe, incorrectly, that Bacardi U.S.A. owns the rights to the HAVANA CLUB trademark in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960.

32.    On information and belief, the foregoing representation is likely to mislead and deceive customers into believing Bacardi U.S.A.'s HAVANA CLUB rum is made in Cuba and Bacardi U.S.A. has rights that it does not have to market such a product under the HAVANA CLUB trademark.

33.    Pernod Ricard believes that it is likely to be damaged by the foregoing representations in that consumers are likely to be induced into purchasing Bacardi U.S.A.'s HAVANA CLUB rum due to this mistaken belief and these purchases are likely to cause Pernod Ricard to lose sales of spirits, including MALIBU rum and STOLICHNAYA vodka, in an amount to be determined at trial.

34.    Pernod Ricard believes that its reputation and goodwill have been and are likely to be damaged by the foregoing representations.

35.    The acts and conduct of Bacardi U.S.A. complained of above violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.    Pernod Ricard has no adequate remedy at law.

37.     Bacardi U.S.A.'s conduct has been willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Pernod Ricard respectfully requests that this Court enter judgment:

a.     Adjudging that Bacardi U.S.A. has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

b.     Preliminarily and permanently enjoining Bacardi U.S.A., its officers, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations or other business entities, and all other persons acting in concert, participation or in privity with them, and their successors and assigns from further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by disseminating or causing to be disseminated the representations challenged in this Complaint on any product and in any advertisement, press release or other material, or through any other media.

c.     Ordering Bacardi U.S.A. to publish corrective advertising to dispel the false and deceptive impressions created by its false and deceptive representations that have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

d.     Awarding Pernod Ricard Bacardi U.S.A.'s profits and Pernod Ricard's damages and trebling the same pursuant to 15 U.S.C. § 1117(a) for Bacardi U.S.A.'s violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

e.      Determining this case to be an exceptional case and awarding Pernod

Ricard attorneys' fees pursuant to 15 U.S.C. § 1117(a) for Bacardi

U.S.A.'s violations of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).

f.      Awarding Pernod Ricard such other and further relief as Pernod Ricard

may be entitled to, and as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Attorneys for Plaintiff
    PERNOD RICARD USA, LLC

OF COUNSEL:

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

August 15, 2006

532789

8

# EXHIBIT A





# EXHIBIT B

A clear win for Bacardi as U.S. declares trademark on Havana Club `expired'          Page 1 of 1

## Sun-Sentinel⌖com

http://www.sun-sentinel.com/business/local/sfl-zrum09aug09,0,4546285.story?coll=sfla-business-headlines

# A clear win for Bacardi as U.S. declares trademark on Havana Club `expired'

By Doreen Hemlock
South Florida Sun-Sentinel

August 9, 2006

A new rum is coming to South Florida this week: the Havana Club brand -- but made in Puerto Rico, not Cuba, and clear, not dark, in color.

Bermuda-based liquor giant Bacardi Ltd. is launching its latest version of the veteran brand for the United States, nearly a decade after it halted production amid a trademark dispute with the group making rum under the same name in Cuba.

Central to the dispute is the 45-year-old U.S. trade embargo against the communist-led island that bans sales of Cuban products in the United States. The rum battle stretched far, even to the Geneva-based World Trade Organization and the U.S. Supreme Court.

The latest chapter ended this month, when the U.S. Patent and Trademark Office declared Cuba's registration of the Havana Club trademark as "canceled/expired." That means Cuba can no longer claim rights to the brand in the United States.

Bacardi had bought the brand name from the Arechebala family, who created the original Havana Club in Cuba in 1935. They exported the rum to the United States before the Castro regime seized the business in 1960, sending them into exile.

U.S. trademark law generally stems from use of a brand name, so the Cuban-European company now making the rum in Cuba faced legal hurdles for failing to use the name in the United States.

Bacardi insists its new clear rum is authentic, based on the original Havana Club recipe.

Even production in Puerto Rico is not new. During World War II, the Arechebalas made Havana Club both in Cuba and the U.S. territory of Puerto Rico to keep supplies flowing and avert higher wartime taxes on U.S. sales from Cuba.

But rum aficionados will find much changed in the clear rum sold in 750-milliliter bottles for a suggested $19.99.

This time, Bacardi aims to tap both the U.S. craze for premium white spirits, such as Grey Goose vodka, and the recent upswing in sales of rum -- up 5 percent to 7 percent yearly, trailing only tequila in growth, spokeswoman Patricia Neal said Tuesday.

Neal said Bacardi is launching the brand in Florida because it's the top state for rum and because a debut in South Florida bars, restaurants and clubs creates celebrity "buzz" that helps sell the drink in New York and other U.S. markets.

*Doreen Hemlock can be reached at dhemlock@sun-sentinel.com or 305-810-5009.*

*Copyright © 2006, South Florida Sun-Sentinel*

# EXHIBIT C

Yahoo! My Yahoo! Mail    Make Y! your home page    Search: [_____]

# YAHOO! FINANCE

Sign In
New User? Sign Up

Finance Home - Help

**Welcome [Sign In]**

To track stocks & more, Register

## Financial News

Enter symbol(s) [_____]    Basic    [Get]    Symbol Lookup

**Press Release**

Source: Bacardi U.S.A., Inc.

# U.S. Government Resolves Havana Club Dispute in Bacardi's Favor

Tuesday August 8, 4:05 am ET

## Cuba's Trademark Registration "Cancelled/Expired"

MIAMI--(BUSINESS WIRE)--Aug. 8, 2006--Bacardi U.S.A. applauds the long-awaited decision by the U.S. Patent and Trademark Office (PTO) declaring that Cuba's registration of the HAVANA CLUB trademark is "cancelled/expired." The decision means that the Cuban government can no longer claim any rights to the mark in the United States. Bacardi -- which owns the rights to the brand based on use and as a successor to the original owners -- has a pending application to register the mark in its own name.

The PTO's action, dated August 3, comes just six days after the U.S. Treasury's Office of Foreign Assets Control (OFAC) denied a Cuban government agency a specific license that was necessary to seek renewal of the trademark registration at the PTO.

Bacardi purchased the HAVANA CLUB brand from the original owners, whose brand and other assets were confiscated by the Cuban government without compensation.

"Bacardi commends OFAC and the PTO for following U.S. law and worldwide principles that prevent registration or renewal of trademarks obtained through confiscation, without compensation to the original owners," said John P. Esposito, President and CEO of Bacardi U.S.A.

The OFAC and PTO decisions are watershed events in the ten-year dispute between Bacardi and the Cuban government and its French partner over the rights to the HAVANA CLUB trademark in the United States. In a case that went all the way up to the Supreme Court, the U.S. courts ruled that the Cuban-French joint venture had no rights to the trademark. Bacardi continued to fight the Cuban government's claim to the U.S. registration in the PTO and the courts, even though by law that claim cannot be recognized or enforced in the U.S. Now Cuba's registration has finally been declared expired and cancelled.

Bacardi has been preparing for a relaunch of Havana Club rum in the United States.

About Bacardi

Bacardi U.S.A. is the import, sales, and marketing arm of one of the world's leading wine and spirits producers. Bacardi U.S.A. boasts a brand portfolio of some the United States' most recognized and top selling spirits including: BACARDI rum, the favorite spirit in the U.S. and favorite rum in the world; GREY GOOSE vodka, the world leader in ultra premium vodka; MARTINI & ROSSI vermouth, the world leader in Vermouth; DEWAR'S scotch whisky, the favorite selling blended scotch whisky in the United States; BOMBAY SAPPHIRE gin, the best selling super premium gin in the U.S.; and CAZADORES blue agave tequila, the top selling 100% blue agave tequila in the world and other fine brands.

Havana Club Background:

Havana Club rum was created in Cuba in 1935 by Jose Arechabala S.A., a company owned by the Arechabala family. The Arechabalas registered the trademark in the U.S. in 1935 and sold their rum in the U.S. over a twenty year period. The Castro regime seized the Arechabala business without compensation in 1960 and the Arechabalas were forced into exile, except for the company lawyer who was imprisoned for ten years. The Arechabala family had no means to make rum outside Cuba but always planned to resume producing and marketing Havana Club rum as soon as they could do so. Those plans became possible in the 1990s, when the Arechabalas formed an alliance with Bacardi.

U.S. Government Resolves Havana Club Dispute in Bacardi's Favor: Financial News - Yahoo! Fi...   Page 2 of 2

In 1976, after the Arechabala family's HAVANA CLUB trademark registration expired, Cubaexport (a Cuban government agency) registered the mark in the U.S. through a loophole in the trade embargo. In 1993 the Cuban government established a joint venture with the French liquor company Pernod Ricard to exploit the brand.

Congress closed the loophole in the Cuban embargo in 1998, when it passed a law to prevent registration, renewal or recognition of rights to trademarks confiscated without compensation by Cuba, except with the consent of the rightful owners.

As a result of the OFAC and PTO action, Cuba's registration has not been renewed and has been declared expired and cancelled. This confirms that Cuba has no rights in the HAVANA CLUB trademark in the United States.

*Contact:*

```
For Bacardi U.S.A., Inc., Miami
Amy Federman, 305-347-4343
or
Patricia Neal, 305-446-9050
```

Source: Bacardi U.S.A., Inc.

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT D

## • **National Public Radio**

**National Public Radio**
**All Things Considered**
August 8, 2006
### Rumble Brewing over 'Real' Cuban Rum
Edition: 21:00-22:00 PM
Index Terms:
5627722
Estimated printed pages: 3
Article Text:
MELISSA BLOCK, host:

The Bacardi Company today announced it will soon start selling a new version of Havana Club Rum, a brand that originated in Cuba more than 70 years ago. The company that originally made Havana Club was taken over by the Cuban government in 1960. A Cuban made rum by that name is still sold in Cuba and around the world, though the U.S. embargo has blocked its distribution in this country.

As NPR's Tom Gjelten reports, the competition between the two Havana Club rums may foreshadow some of the battles to come in Cuba's future.

TOM GJELTEN reporting:

Back in pre-Castro Cuba, Bacardi and Havana Club were the two best known brands of rum on the island. Both were made by long established Cuban families, the Bacardis and the Arechabalas. John Gomez, the marketing director of Bacardi USA, says the Bacardis regarded Havana Club as a competitor to their own rum.

Mr. JOHN GOMEZ (Bacardi USA): This is a brand that was served in the hottest night spots in Havana. It was a favorite of American and European tourists there. And it was also sold in the U.S. from the 1930s until 1960.

GJELTEN: In 1960, both family companies were taken over by Fidel Castro's government. Bacardi had operations outside Cuba and was able to regroup. The Arechabalas were not so fortunate and got out of the rum business.

The Cuban government, however, continued to make rum at the Arechabalas' old factory, selling it under the Havana Club trademark, mostly to countries in the Soviet block. Thinks stayed that way until the early 1990s, when Cuba started looking for new markets. The French liquor firm Pernod Ricard began a joint venture with the Cuban government to market Havana Club Rum internationally.

The Arechabala family then sold its claim to the Havana Club trademark and its old rum recipe to Bacardi. There followed a long legal battle over who had the right to make and sell Havana Club. Bacardi ultimately won, but only with respect to the use of the Havana Club trademark in the United States. Again, John Gomez of Bacardi.

Mr. GOMEZ: Right now, we own the rights to this brand and we felt that this was the appropriate time to leverage the brand to take advantage of some of the hot trends that are taking place and to give the consumer what they're looking for.

GJELTEN: Havana Club Rum made by the state-owned Cuban company is now sold around the world, but not in the United States, where the trade embargo excludes all products made in Cuba. But now the Bacardi version of Havana Club will go on sale, a premium white rum based – according to the company – on the Arechabala family's original rum recipe. The product has

been in preparation for more than three years, so its launch this week at a time when Cuba is back in the news is coincidental. The rum is made in Puerto Rico and the bottle will say so in large letters. John Gomez of Bacardi says the product will be marketed simply as a top quality white rum.

Mr. GOMEZ: Super premium rums were growing, but most of those rums were dark rums. And we felt that there was an opportunity in the marketplace for a super premium white rum. And that was one of the reasons we felt the time was right for Havana Club.

GJELTEN: The Bacardis' Cuban roots are still important, however. The company is still almost entirely owned by Bacardi family members, and they have not forgotten how Fidel Castro essentially forced them into exile. Beverage analyst Tom Pirko says the company's strong feelings about its Cuban heritage may be one reason it has moved to associate itself with an identifiably Cuban brand.

Mr. TOM PIRKO (BevMark LLC): They're trying to capitalize upon this extraordinary energy that is invested in Cuba and the changes that are taking place and will take place in Cuba. And so it's a business decision. However, that being said, anyone who looks at this company is looking at a culture that is this highly emotional and has a certain view of itself. Their attitudes in terms of what they do are uniquely Bacardian.

GJELTEN: The contest to see which Havana Club Rum will triumph is a fight that has much to do with the future of Cuba as well. Once Fidel Castro's regime is replaced by a democratic government and the U.S. trade embargo is lifted, made in Cuba products are likely to flood the United States. With its right to the Havana Club Rum brand now seemingly secure, Bacardi may have blocked the rival Havana Club product from getting a U.S. foothold.

Tom Gjelten, NPR News, Washington.

Copyright ©2006 National Public Radio®. All rights reserved. No quotes from the materials contained herein may be used in any media without attribution to National Public Radio. This transcript may not be reproduced in whole or in part without prior written permission. For further information, please contact NPR's Permissions Coordinator at (202) 513-2030.

Record Number: 200608082106

# EXHIBIT E

 

# UNITED STATES PATENT AND TRADEMARK OFFICE

| | | PAPER NO. |
|---|---|---|
| **SERIAL NO.** 74/572667 | **APPLICANT** GALLEON S.A. | |

| | | |
|---|---|---|
| **MARK** HAVANA CLUB | | **DDRESS:** Commissioner for Trademarks 2900 Crystal Drive Arlington, VA 22202-3513 www.uspto.gov |
| **ADDRESS** William R. Golden, Jr. 101 Park Avenue New York, NY 10178 | **ACTION NO.** 04 | |
| | **MAILING DATE** 04/26/01 | o fees are enclosed, the address should include the rds "Box Responses - No Fee." |
| | **REF. NO.** | ase provide in all correspondence: |

FORM PTO-1525 (5-90)    U.S. DEPT. OF COMM. PAT. & TM OFFICE

Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID ABANDONMENT.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the <u>Trademark Law Office No.</u>, <u>Serial No.</u>, and <u>Mark</u> in the upper right corner of your response.*

RE: Serial Number: 74/572667

This letter responds to the applicant's communication filed on March 1, 2001.

Applicant filed September 12, 1994, this trademark application to register the mark "Havana Club" for rum and rum specialty drinks. Registration was refused under Trademark Act § 2(d) based upon subsisting U.S. Trademark Registration no. 1,031,651 (owned by Empresa Cubana Exportadora De Alimentos Y Productos Varios d.b.a. Cuba Export Company, a Cuban state Enterprise) for the mark "Havana Club" and design for rum. The cited mark was registered January 27, 1976, and renewed in 1996 for a 10-year term of protection. Applicant now claims that its mark is registrable due to various decisions issued by the Federal District Court for the Southern District of New York all of which were affirmed by the Court of Appeals for the Second Circuit in the case of *Havana Club Holding S.A. v. Galleon S.A.*, 53 USPQ2d 1609 (2nd Cir. 2000). Is applicant's mark now registrable?

A cyclone of claims, counterclaims, issues, policies, regulations, licenses, and politics swirl around the trademark "Havana Club", yet it is the only constant that does not change. Cutting through all the issues and actions to the eye of this legal storm reveals a few clearly decided points. The attempt by the assignees of Cuba Export Company to assign the rights in the mark from Cuba Export Company to themselves was unsuccessful and the rights in the mark and U.S. Trademark

74/572667

-2-

Registration no. 1,031,651 reside in Cuba Export Company. The attempts of the assignees of Cuba Export Company to protect their rights in the mark vis-à-vis applicant in the United States were unsuccessful because, succinctly stated, the assignees do not own the mark. Further, U.S. Trademark Registration no. 1,031,651 was neither cancelled nor determined to be the property of applicant. Finally, applicant's registration rights were unaddressed. Correspondingly, the refusal to register the mark under Trademark Act § 2(d) based upon both U.S. Trademark Registration nos. 1,031,651 and 1,956,660 is maintained.

The refusal to register the mark under Trademark Act § 2 (e)(3) is maintained.

Applicant failed to respond to paragraphs 5, 6, 7, and 8 of Office Action dated February 8, 2001. Applicant is required to address these issues: the assignment of the mark and application, a possible claim of distinctiveness, and the amendment of the identification of goods to contain fewer goods contained in the Amendment to Allege Use.

David C. Reihner, Examining Attorney
Law Office 107,
Telephone 703-308-9107 ext. 169

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herin neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civl docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PERNOD RICARD USA, LLC

## DEFENDANTS
BACARDI U.S.A., INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Rodger D. Smith II, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 351-9205

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred From another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgement
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks or Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Lanham Act, 15 U.S.C. § 1125(a)

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☒ NO

## VIII. RELATED CASE(S) IF ANY    (See Instructions)

JUDGE _____    DOCKET NUMBER _____

DATE   8/15/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 5 0 5 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_8/15/06_

(Date forms issued)

(Signature of Party or their Representative)

SCOTT BARBER

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action