IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PERNOD RICARD USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-505 (SLR) |
| | ) | |
| BACARDI U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

September 13, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
Attorneys for Defendant
*Bacardi U.S.A., Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING .................................................... 1

SUMMARY OF ARGUMENT ................................................................................ 2

STATEMENT OF FACTS ...................................................................................... 3

THE CLAIMS AROSE IN FLORIDA ...................................................................... 3

THE PARTIES AND NON-PARTY WITNESSES ARE PRIMARILY
SITUATED IN FLORIDA ........................................................................................ 3

    I.    Bacardi is Primarily Situated in Florida. ....................................................... 3

    II.   Pernod USA Has No Ties To Delaware. ......................................................... 5

    III.  The Third-Party Witnesses Are Centered in Florida. ...................................... 5

ARGUMENT ........................................................................................................... 8

THE BALANCE OF CONVENIENCE FAVORS TRANSFER TO THE
SOUTHERN DISTRICT OF FLORIDA .................................................................... 8

    I.    Transfer Is Appropriate Because Pernod USA Has Chosen a Forum
        Having No Connection With Plaintiff Or to the Acts Giving Rise to Its
        Claims ........................................................................................................... 9

    II.   Transfer is Appropriate Because the Claims Arose in South Florida. ................. 11

    III.  The Convenience of the Parties and the Witnesses Weigh Strongly in
        Favor of Transfer .......................................................................................... 12

        A.   The Southern District of Florida is More Convenient to the Parties ................ 12

        B.   The Southern District of Florida Is More Convenient to Non- Party
           Witnesses ................................................................................................ 13

THE INTERESTS OF JUSTICE FAVOR TRANSFER TO THE SOUTHERN
DISTRICT OF FLORIDA ........................................................................................ 15

CONCLUSION ...................................................................................................... 17

i

## TABLE OF AUTHORITIES

## CASES

*APV North America, Inc. v. Sig Simonazzi N. Am., Inc.,*
295 F. Supp. 2d 393 (D. Del. 2002)............................................................................13

*Airport Investors Limited Partnership, Inc. v. Neatrour,*
No. Civ. A. 03-0831 (GMS), 2004 WL 225060 (D. Del. Feb. 3, 2004).......................9, 12

*Arrow Comm. Labs., Inc. v. John Mezzalingua Assocs., Inc.,*
No. Civ. 05-357 (SLR), 2005 WL 2786691 (D. Del. Oct. 26, 2005) ...........................9, 12

*Bergman v. Brainin,*......................................................................................................14
 512 F. Supp. 972, 975 (D. Del. 1981)

*Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.,*
No. Civ. A. 98-494 (SLR), 1999 WL 709992 (D. Del. Aug. 18, 1999) ...............12, 15, 16

*Burstein v. Applied Extrusion Techs., Inc.,*
829 F. Supp. 106 (D. Del. 1992)...................................................................................2, 9

*Clopay Corp. v. Newell Cos., Inc.,*
527 F. Supp. 733 (D. Del. 1981)......................................................................................9

*Gulf Oil Corp. v. Gilbert,*
330 U.S. 501 (1947).......................................................................................................15

*Havana Club Holding, S.A. v. Galleon, S.A.,*
62 F. Supp. 2d 1085 (S.D.N.Y. 1999)............................................................................10

*Joint Stock Soc. Trade House of Descendants of Peter Smirnoff, Official Purveyor
to the Imperial Court v. Heublein, Inc.,*
936 F. Supp. 177 (D. Del. 1996).....................................................................................11

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995)......................................................................................8, 9, 15

*Kirschner Bros. Oil v. Pannill,*
697 F. Supp. 804 (D. Del. 1988).....................................................................................13

*Lony v. E.I. Du Pont de Nemours & Co.,*
886 F.2d 628 (3d Cir. 1989)..............................................................................................9

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.,*
77 F. Supp. 2d 505 (D. Del. 1999)..................................................................................11

*Original Creatine Patent Co., Ltd. v. Kaizen, Inc.,*
No. Civ. A. 02-471 (SLR), 2003 WL 179996 (D. Del. Jan. 22, 2003) ............................13

*Plum Tree, Inc. v. Stockment,*
488 F.2d 754 (3d Cir. 1973) .........................................................................................8

*Ricoh Co., Ltd v. Aeroflex Inc.,*
279 F. Supp. 2d 554 (D. Del. 2003) ............................................................................10

*Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.,*
230 F. Supp. 2d 655 (E.D. Pa. 2002) ..........................................................................8

*Shutte v. Armco Steel Corp.,*
431 F.2d 22 (3d Cir. 1970) ..........................................................................................8

*Van Dusen v. Barrack,*
376 U.S. 612 (1964) ...................................................................................................13

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.,*
201 F. Supp. 2d 294 (D. Del. 2004) ...........................................................................11

*Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.,*
775 F. Supp. 759 (D. Del. 1991) .................................................................................10

## STATUTES

28 U.S.C. § 1391(a)(2), (b) & (c) .................................................................................8

28 U.S.C. § 1404(a) ..................................................................................................1, 8

15 U.S.C. § 1125(a) ...............................................................................................1, 11

Fed. R. Civ. P. 45(e)(1) ..............................................................................................14

## **NATURE AND STAGE OF THE PROCEEDING**

Pernod Ricard USA LLC ("Pernod USA") filed this suit in Delaware under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Pernod USA alleges that Bacardi has misdescriptively branded and advertised its rum as Cuban, even though the bottle prominently displays the legend "PUERTO RICAN RUM" in large capital letters directly below the name HAVANA CLUB. (*See* Compl. Ex. A.) Pernod USA also complains, incongruously, that it is harmed by Bacardi's allegedly false claims to the HAVANA CLUB brand — even though Pernod USA itself asserts no interest in the trademark and even though the Patent and Trademark Office ("PTO") ruled earlier this month that Cuba, the joint venture partner of Pernod USA's parent company, has lost any rights it may have had in the HAVANA CLUB registration. (*Id.* Ex. C.) Defendant Bacardi U.S.A., Inc. ("Bacardi") now moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Southern District of Florida, where venue properly lies.

This is Bacardi's Opening Brief in Support of Its Motion to Transfer Venue to the Southern District of Florida.

## SUMMARY OF ARGUMENT

Transfer to the Southern District of Florida demonstrably serves the convenience of the parties and witnesses and the interests of justice.

The District of Delaware has no relevant connection to this case. Neither of the claims arose here. None of the material events took place here. Neither party has substantial operations in Delaware. None of the likely witnesses is located here. The basis for jurisdiction is that Delaware is Bacardi's state of incorporation, which, in light of the other circumstances discussed herein, should carry little weight.

In sharp contrast, the Southern District of Florida, where jurisdiction and venue properly lie, is the forum with the strongest ties to the underlying events and witnesses. Bacardi's HAVANA CLUB rum is sold only in Florida. The consumers alleged to be deceptively induced into purchasing the rum are in Florida. The principal place of Bacardi's business is Miami, Florida, which is also the location of most of the relevant documents and the majority of the witnesses, including important third-party witnesses of advanced age, one of whom is in ill health.

This Court has granted motions to transfer in cases with much more substantial connections to the District of Delaware, *see, e.g., Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110-11 (D. Del. 1992), and should grant Bacardi's motion here.

## STATEMENT OF FACTS

## THE CLAIMS AROSE IN FLORIDA.

Pernod USA asserts that Bacardi has made representations that are likely to mislead consumers into buying Bacardi's HAVANA CLUB rum, thereby diverting sales from Pernod USA's own spirits. (Compl. ¶¶ 21-24, 30-33.) Bacardi sells its HAVANA CLUB rum only in Florida. (Gomez Decl. ¶ 2.)[1] Accordingly, to the extent that consumers have been induced to purchase HAVANA CLUB rum for any reason, those consumers and their purchases are located in Florida, which means that Pernod USA's claims, which are based on Section 43(a) of the Lanham Act, necessarily arise in Florida. Likewise, any alleged commercial harm to Pernod USA is focused in Florida, as the success of Bacardi's HAVANA CLUB rum could cause Pernod USA to lose sales only where HAVANA CLUB is actually sold.

## THE PARTIES AND NON-PARTY WITNESSES
## ARE PRIMARILY SITUATED IN FLORIDA.

### I.    Bacardi is Primarily Situated in Florida.

Bacardi's main offices are in Miami, Florida. (Gomez Decl. ¶ 4.) Virtually all of the executives of Bacardi or its affiliates who are involved in the development, marketing, and sale of HAVANA CLUB rum are based in Miami or Jacksonville, Florida. (*See id.* ¶¶ 4, 7, 9.) Bacardi's HAVANA CLUB rum, which is distilled in Puerto Rico, is bottled in Jacksonville, Florida and shipped only to distributors in Florida. (*Id.* ¶ 3.) Substantially all of Bacardi's documents and materials relating to the marketing and sale of HAVANA CLUB rum are kept in Bacardi's Miami office. (*Id.* ¶ 4.)

---

[1] The Declaration of John Gomez, dated September 12, 2006, submitted in support of Defendant's Motion to Transfer Venue to the Southern District of Florida, was filed contemporaneously herewith and is referenced herein as "Gomez Decl."

3

Additional documents are kept at the bottling facility in Jacksonville, Florida, which is operated by a sister company of Bacardi, and at distilling facilities in Puerto Rico run by Bacardi Corporation. (*Id.*) While some Bacardi products *other* than HAVANA CLUB rum are sold to wholesalers in Delaware (and to wholesalers in other states), transfer of title to those products occurs outside the state, and Bacardi has no offices, business locations, or employees in Delaware that have any connection to the development, marketing or sale of the HAVANA CLUB rum product. (*Id.*)

Most of the executives of Bacardi and its affiliates who were involved in the development and production of Bacardi's HAVANA CLUB rum are based in Florida. (*Id.* ¶¶ 7, 9.) The following executives — perhaps the most likely witnesses in this matter — work and live in Florida: (i) John Gomez, Vice President and Group Marketing Director, who made statements on which Pernod USA's Complaint relies; (ii) Pat Neal, Vice President, Corporate Communications for Bacardi-Martini, Inc., who also made statements on which Pernod USA's Complaint relies; (iii) Alfredo Piedra, President and Chief Executive Officer of Bacardi Innovations, who was involved in the development of Bacardi's HAVANA CLUB rum; (iv) Gonzalo Mengotti, Assistant Vice President for Promotions Services, who supervised production of the promotional materials for Bacardi's HAVANA CLUB rum; and (v) Cathy Bayer, Marketing Research Director, who supervised marketing research which was used in the development of Bacardi's HAVANA CLUB rum. (*Id.*) These are the people directly involved in developing, launching, marketing, and selling Bacardi's HAVANA CLUB rum, and they will provide testimony concerning the following topics:

- The basis for Bacardi's public statements about its HAVANA CLUB rum, including the statements that Pernod USA alleges are false;

4

- The relaunch of Bacardi's HAVANA CLUB rum and the marketing, advertising, and promotion for that product;

- Marketing research conducted by Bacardi in connection with its HAVANA CLUB rum.

(*Id.*) If this case is tried in the District of Delaware, these and other Bacardi employees would have to leave their jobs and homes for extended periods of time for hearings and the trial, which would be inconvenient for them and for Bacardi and its affiliates. (*Id.* ¶¶ 8, 10.) This burden would be significantly lessened if the case were transferred to the Southern District of Florida. (*Id.*)

## II.    Pernod USA Has No Ties To Delaware.

Pernod USA is an Indiana corporation with its principal place of business in Purchase, New York. (Compl. ¶ 4.) Pernod USA is part of a large, publicly held international beverage conglomerate owned by Pernod-Ricard, S.A., which is based in France. Because Pernod USA's Complaint challenges Bacardi's sale, in Florida, of HAVANA CLUB rum, Pernod USA's alleged competitive harm, if any, has occurred there. Bacardi believes that Pernod USA has minimal, if any, business operations in Delaware.

## III.    The Third-Party Witnesses Are Centered in Florida.

There are also a number of third-party witnesses likely to testify in this case. Several of these witnesses are of advanced age and reside within the Southern District of Florida.[2] (Arechabala Decl. at ¶¶ 2, 3, 7.) These witnesses would be more likely to appear at a trial in the Southern District of Florida, both because they are within the

---

[2] The Declaration of Ramón Arechabala, dated September 8, 2006, submitted in support of Defendant's Motion to Transfer Venue to the Southern District of Florida, was filed contemporaneously herewith and is referenced herein as "Arechabala Decl."

subpoena power of that court and because it would be physically easier for them to attend a local trial  (*See id.* ¶¶ 5, 7.)

Among these witnesses is Ramón Arechabala, who resides in the Miami area, in the Southern District of Florida. (*Id.* ¶ 2.) Mr. Arechabala, who is seventy years old and has been a smoker for most of his life, has undergone quadruple bypass surgery and an operation for an aneurism in his aorta. (*Id.* ¶ 4.) Mr. Arechabala has since developed another aneurism and was hospitalized for a week at the end of last month because of a clot in his lung. (*Id.*) Because of Mr. Arechabala's age and health problems, it would be difficult for him to travel from Miami to Delaware to testify at trial. (*Id.* ¶ 5.) Mr. Arechabala is intimately familiar with the history of the HAVANA CLUB mark, the heritage of the Arechabala family rum business, and the confiscation of that business's assets by the Cuban revolutionary government. (*Id.* ¶ 6.) He also has personal knowledge of the sale of his family's rights in the U.S. HAVANA CLUB mark to the Bacardi company and is privy to the secret Arechabala family formula for HAVANA CLUB rum. (*Id.*) If this case were transferred to the Southern District of Florida, it is more likely that Mr. Arechabala would be able to participate. (*See id.* ¶¶ 4-5.)

Other third-party witnesses who are likely to testify in this case include: (i) Enrique J. García Morera; (ii) Hildolidia Pérez Santana; (iii) José Maruri; and (iv) Pedro Díaz. (*Id.* at ¶ 7.) Each of these individuals is a person of advanced age residing in the Miami area. (*Id.*) Each of them has personal knowledge of facts relevant to Bacardi's assertion that it is the successor-in-interest to the rights of the Arechabala family company in the HAVANA CLUB trademark in the United States. (*See id.*) It

6

would be more convenient for these witnesses to participate in the trial if it were held in Florida. (*Id.*)

In addition, Pernod USA alleges that consumers are being deceived into believing that Bacardi's HAVANA CLUB rum is made in Cuba. Accordingly resolution of disputed material issues of fact on that issue will likely require the parties to conduct consumer surveys to support their respective claims about consumer perception of the geographic origin of the product. (*See* Compl. ¶¶ 22, 32.) The consumers of HAVANA CLUB rum are located solely in the state of Florida, which means that any consumer surveys must take place in that state and will likely be conducted by people who work in that state, who may later be called as witnesses in this case.

7

## ARGUMENT

This case should be transferred to the Southern District of Florida "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). The threshold requirement for a transfer under 28 U.S.C. § 1404(a) is that the action might have been brought in the transferee forum. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). That requirement is met in this case. The Southern District of Florida is a proper venue because Bacardi resides and is subject to personal jurisdiction there and "a substantial part of the events . . . giving rise to the claim[s] occurred" there. 28 U.S.C. § 1391(a)(2), (b) & (c).

The court has broad discretion in deciding whether to transfer an action. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). The court should examine "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by a transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted). A case should be transferred if the party seeking transfer demonstrates that "the balance of convenience clearly weighs in favor of a transfer." *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 658 (E.D. Pa. 2002) (citation and footnote omitted). *See also Airport Investors Ltd. P'ship, Inc. v. Neatrour*, No. Civ. A. 03-0831 (GMS), 2004 WL 225060, at *2 (D. Del. Feb. 3, 2004).

## THE BALANCE OF CONVENIENCE FAVORS
## TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA.

Here, the balance of convenience weighs strongly in favor of transfer to the Southern District of Florida. The balance of convenience takes into account private factors including (i) the plaintiff's choice of forum; (ii) the defendant's preferred forum;

8

(iii) whether the claim arose elsewhere; (iv) the convenience of the parties; (v) the convenience of the witnesses; and (vi) the location of books and records.    *Jumara*, 55 F.3d at 879. The balance also considers public interests such as "the locus of the alleged culpable conduct . . . and the connection of that conduct to plaintiff's chosen forum," *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 640 (3d Cir. 1989), the relative congestion of the courts in the two fora, and the local interest in deciding local controversies at home. *Jumara*, 55 F.3d at 879.

**I.    Transfer Is Appropriate Because Pernod USA Has Chosen a Forum Having No Connection With Plaintiff Or to the Acts Giving Rise to Its Claims.**

When evaluating the convenience of the parties and witnesses, courts in Delaware accord less weight to a plaintiff's choice of forum where the forum is not the plaintiff's "home turf" and "has no connection to any of the acts giving rise to the lawsuit." *Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*, No. Civ. 05-357 (SLR), 2005 WL 2786691, at *3 (D. Del. Oct. 26, 2005) (quoting *Burstein*, 829 F. Supp. at 110). In such situations the "'quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer' is concomitantly reduced." *Burstein*, 829 F. Supp. at 110 (quoting *Shutte*, 431 F.2d at 25); *Clopay Corp. v. Newell Cos., Inc.*, 527 F. Supp. 733, 736 (D. Del. 1981).

Pernod USA, with its principal place of business in Purchase, New York, has not filed suit in New York, its own "home turf," defined as "the forum closest to the plaintiff's home in which plaintiff could effect personal service over the principal defendant." *Burstein*, 829 F. Supp. at 110 (citations and quotations omitted). Instead,

Pernod USA filed suit in this district, which has no connection to the underlying claims.[3] Bacardi's HAVANA CLUB rum is not sold in Delaware; neither party has any substantial business operations in Delaware; no third-party witnesses reside in Delaware; Bacardi has not distributed or advertised HAVANA CLUB rum in Delaware; and Pernod USA cannot plausibly claim harm in Delaware from the events that gave rise to the suit. On balance, these factors weigh heavily in favor of transfer. *Cf. Ricoh Co., Ltd v. Aeroflex Inc*, 279 F. Supp. 2d 554, 558 (D. Del. 2003) (ordering transfer in patent case where, *inter alia*, no party maintained any facilities, personnel, or documents in Delaware; no acts of alleged infringement had taken place in Delaware; and no relevant third-party witnesses resided in Delaware).

Furthermore, in Delaware, "[c]ourts will not blindly prefer the plaintiff's choice of forum. The forum must reflect the plaintiff's rational and legitimate concerns." *Waste Distillation Tech., Inc. v. Pan Am Resources, Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) (citation omitted). Pernod USA can offer no rational and legitimate concern for its choice to file suit in Delaware. This case involves the application of federal law, not Delaware law, which means that the District of Delaware is no better equipped to resolve Pernod USA's claims than any other federal court. Pernod USA alleges in its Complaint that an interview with a Bacardi's spokesperson in a news piece about the relaunch of Bacardi's HAVANA CLUB rum aired in Delaware via WHYY's broadcast of National Public Radio in Philadelphia. (Compl. ¶ 11 & Ex. D.) This fact in no way distinguishes

---

[3] Pernod USA's decision to file this case in Delaware may be the result of forum shopping, as Bacardi has been successful in other litigation over the HAVANA CLUB brand in Pernod USA's home turf of New York. *See, e.g., Havana Club Holding, S.A. v. Galleon, S.A.*, 62 F. Supp. 2d 1085 (S.D.N.Y. 1999).

the District of Delaware from the hundreds of venues across the country that receive National Public Radio transmissions.

The sole contact to this forum is the fact that Bacardi is incorporated in Delaware, which should not be enough to outweigh the heavily Florida-centered nature of this case. In *Virgin Wireless, Inc. v. Virgin Enterprises Ltd*, for example, the court noted that, as here, the plaintiff had chosen not to file suit in its home turf and instead filed in Delaware, where one of the defendants was incorporated. 201 F. Supp. 2d 294, 300 (D. Del. 2002). The court granted the defendants' motion to transfer to the Eastern District of New York, which was the center of the operative facts giving rise to the plaintiff's trademark claims. Likewise, the fact that Bacardi was incorporated in Delaware, standing alone, cannot tip the balance away from the Southern District of Florida's strong connection to the claims, the underlying facts, the consumers alleged to be harmed, the evidence and the witnesses. *See Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509 n.6 (D. Del. 1999) (observing that a defendant's state of incorporation is "certainly not dispositive" to a venue transfer inquiry and is not among the eleven factors identified by the Third Circuit in *Jumara* to guide courts in ruling on transfer requests).

## II.    Transfer is Appropriate Because the Claims Arose in South Florida.

The Southern District of Florida is the sensible forum for this lawsuit, which arises out of Bacardi's sale of HAVANA CLUB rum in Florida. Pernod USA's claims arose under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). "Claims under the Lanham Act arise . . . where a customer buys the product." *Joint Stock Soc. Trade House of Descendants of Peter Smirnoff, Official Purveyor to the Imperial Court v. Heublein, Inc.*, 936 F. Supp. 177, 188 (D. Del. 1996) (citations omitted). Bacardi's HAVANA

11

CLUB rum is sold only in Florida. (Gomez Decl. ¶ 2.) The consumers who are alleged to be misled into purchasing HAVANA CLUB rum are located in Florida. Florida therefore has the strongest interest in resolving false-advertising claims surrounding locally sold rum. *Cf. Arrow Comm. Labs*, 2005 WL 2786691, at *4 (transferring case to New York because, *inter alia*, "the subject matter of the lawsuit has significant local interest in New York"; "the District of Delaware has no connection to the subject matter of plaintiff's lawsuit, except that defendant is incorporated there"; and all of the defendant's relevant witnesses and documents were in New York).

### III. The Convenience of the Parties and the Witnesses Weigh Strongly in Favor of Transfer.

The Southern District of Florida is more convenient than the District of Delaware for both party and non-party witnesses. This factor weighs heavily in favor of transfer.

#### A. The Southern District of Florida is More Convenient to the Parties.

Bacardi's principal place of business is in Miami, Florida, and most witnesses employed by Bacardi and its affiliates with personal knowledge of the development, launch, marketing and sales of the HAVANA CLUB rum product are located there. (Gomez Decl. ¶¶ 7, 9.) So are the files of these witnesses. (*Id.* at 7.) It would plainly be more convenient for Bacardi and the witnesses associated with Bacardi to litigate this case in the Southern District of Florida than in Delaware. As this Court stated in *Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.*, forcing the defendant's "essential employees to travel hundreds of miles to testify when there is a local alternative weighs heavily in favor of transfer." No. Civ. A. 98-494 (SLR), 1999 WL 709992, at *6 (D. Del. Aug. 18, 1999).

12

Any added inconvenience to Pernod USA associated with litigating in the Southern District of Florida instead of Delaware, would be minimal as compared to the overall cost of this lawsuit. Pernod USA would need to hire local counsel in either place and its witnesses will need to travel to either place. It can be expected that most discovery will take place in Florida, where the events giving rise to this litigation occurred and where the people with relevant knowledge about those events are located. As noted, to resolve any material issues of fact surviving dispositive motions, the parties will probably need to conduct consumer surveys for the case in Florida. Any added inconvenience to Pernod USA of litigating in Florida should be given little if any weight.

Moreover, by choosing a forum outside of its "home turf," Pernod USA has already committed to significant travel, which would be required regardless of whether the case proceeds in Delaware or Florida. In these circumstances, where trial in Delaware would be greatly inconvenient to Bacardi with little benefit to Pernod USA, it is appropriate to give Pernod USA's choice of forum less deference, particularly because the allegations at issue are centered on consumers located in Florida. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 399 (D. Del. 2002).

The transfer of this case will eliminate rather than merely shift the travel expenses of one party. This practical consideration also weighs in favor of transfer. *Original Creatine Patent Co., Ltd. v. Kaizen, Inc.*, No. Civ. A. 02-471 (SLR), 2003 WL 179996, at *4 (D. Del. Jan. 22, 2003) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

**B.    The Southern District of Florida Is More Convenient to Non-Party Witnesses.**

A number of non-party witnesses will also likely be called upon to provide testimony in connection with this case. "The comparative abilities of the transferor and

13

transferee forums to subpoena non-party witnesses is a critical factor in determining the interests of justice." *Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 808 (D. Del. 1988) (citing *Bergman v. Brainin*, 512 F. Supp. 972, 975 (D. Del. 1981)).  Several important non-party witnesses reside outside the subpoena power of this Court under Federal Rule of Civil Procedure 45(e)(1), but would be within the subpoena power of the court if this case were transferred to the Southern District of Florida. (*See* Arechabala Decl. ¶¶ 2, 7.)  This fact weighs strongly in favor of transfer. *See Kirschner Bros.*, 697 F. Supp. at 807-08.

Moreover, a trial in the Southern District of Florida would be more convenient for these third-party witnesses, who are of advanced age. (*See* Arechabala Decl. ¶ 5, 7.)  One very important witness, Ramón Arechabala, has had a number of health problems in recent years that would make it difficult for him to travel to Delaware. (*Id.* ¶ 4-5.)  These health problems are ongoing — Mr. Arechabala has an aneurism

, was recently hospitalized for a week with a clot in his lung, and takes a drug called Coumadin to thin his blood. (*Id.* ¶ 4.)  Mr. Arechabala is very important to Bacardi's presentation of evidence of its rights to the HAVANA CLUB mark and the heritage of its HAVANA CLUB rum. (*See id.* ¶ 6.)  Four other non-party witnesses residing in Miami — Enrique J. García Morera, Hildolidia Pérez Santana, José Maruri, and Pedro Díaz — can also provide important testimony based on their personal knowledge about the condition of the Arechabala family company as of January 1, 1960, which is relevant to Bacardi's assertion that it is a successor-in-interest to that company's rights in the HAVANA CLUB trademark in the United States. (*See id.* ¶ 7.)  The

14

Southern District of Florida is a more convenient forum than Delaware for all of these non-party witnesses. (*Id.*)

Moreover, quoting from the United States Supreme Court's decision in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947), this Court noted in *Brown* that "[a]lthough defendants could present the deposition testimony of these witnesses at trial, . . . 'to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants.'" 1999 WL 709992, at *6 (citations omitted). As in the *Brown* case, "this burden is simply one more factor in favor of transfer." *Id.*

### THE INTERESTS OF JUSTICE FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA.

The interests of justice also favor transfer. *Jumara*, 55 F.3d at 879. The relevant factors include the communities' relationships to the litigation, which strongly favor the Southern District of Florida, the community in which the underlying events occurred and in which most relevant witnesses are located. The dispute over Bacardi's sale of HAVANA CLUB rum has strong ties to Florida, where the rum is sold. The relevant consumers who are allegedly misled are located in Florida; Bacardi has its principal operations in Florida; and any competitive harm to Pernod USA is occurring there. Florida has an interest in having this local controversy decided at home while Delaware has none. In these circumstances, the Southern District of Florida has a far stronger interest in resolving this action than does the District of Delaware.

The relative court congestion of this Court and the Southern District of Florida also weighs in favor of transfer. According to the Judicial Caseload Profiles available at the U.S. Courts website, the Southern District of Florida, with its 18 judges, has a median

15

time from filing to disposition in civil cases of 6.6 months. *See* http://www.uscourts.gov/fcmstat/index.html. Its median time from filing to trial is 16.7 months. *See id.* The median filing to disposition time of civil cases in this District is 10.9 months and the median time to trial is 23.5 months. *See id.* While perhaps not dispositive, the shortened time to disposition in the Southern District of Florida is another factor that weighs in favor of transfer.

Other than Bacardi's incorporation, there is nothing to connect this case to Delaware. The tenuous relationship of this case to the District of Delaware is another factor supporting transfer. *Brown*, 1999 WL 709992, at *7. Where, as here, the only factor weighing against transfer is Pernod Ricard's choice of venue and where, as here, all of the other applicable private and public *Jumara* factors support transfer, Bacardi has met its burden of showing that the convenience of the parties and witnesses and the interests of justice support transfer. *See id.*

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that this action should be transferred to the Southern District of Florida, where the claims arose and where the defendant and the vast majority of the critical witnesses and relevant documents are located.

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Dated: September 13, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
  Attorneys for Defendant
  *Bacardi U.S.A., Inc*

17

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Rodger D. Smith, II
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19801

I hereby certify that on September 13, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

> Herbert F. Schwartz
> Vincent N. Palladino
> Pablo D. Hendler
> ROPES & GRAY LLP
> 1251 Avenue of the Americas
> New York, NY 10020

> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700