IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

PERNOD RICARD USA, LLC,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )  C.A. No. 06-505 (SLR)
                                    )
BACARDI U.S.A., INC.,               )
                                    )
            Defendant.              )
                                    )
_____     )

**OPENING BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

September 22, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
    Attorneys for Defendant
    *Bacardi U.S.A., Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT ................................................................................................................... 5

      I.      COUNT II DOES NOT ALLEGE A CASE OR CONTROVERSY
            UNDER § 43(a) SATISFYING EITHER THE CONSTITUTIONAL
            OR THE PRUDENTIAL REQUIREMENTS FOR STANDING ..........................5

      II.    COUNT II MUST ALSO BE DISMISSED BECAUSE BACARDI USA'S
            ALLEGEDLY FALSE ASSERTION OF RIGHTS IN THE HAVANA CLUB
            MARK IS NOT REDRESSABLE UNDER § 43(a) ..............................................9

CONCLUSION ..............................................................................................................13

## TABLE OF AUTHORITIES

### CASES

*Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 593 (D. Del. 2004) ............................................. 5, 6

*Conte Bros. Auto. Inc. v. Quaker State-Slick 50, Inc.*,
165 F.3d 221 (3d Cir. 1998) ................................................................................................... 5, 6, 8

*Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc., et al.*,
344 F. Supp. 2d 923, 929 (D. Del. 2004) .................................................................................. 6

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) .................................................................................................................... 12

*Ditri v. Coldwell Banker Residential Affiliates, Inc.*,
954 F.2d 869 (3d Cir. 1992) ...................................................................................................... 2

*Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG*,
No. 96 Civ. 8147 (PKL), 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998) ................................... 11

*Havana Club Holding, S.A. v. Galleon S.A.*,
203 F.3d 116 (2d Cir. 2000) ................................................................................................... 2, 6

*digiGan Inc. v. iValidate, Inc.*,
No. 02 Civ. 420 (RCC), 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004) ....................................... 11

*Joint Stock Society v. UDV North America, Inc.*,
266 F.3d 164 (3d Cir. 2001) ................................................................................................... 5, 8

*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*,
495 F.2d 1265 (2d Cir. 1974) .................................................................................................... 8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................................................................... 5

*Monsanto Co. v. Syngenta Seeds, Inc.*,
Civ. No. 04-305 (SLR), 2006 WL 2247094 (D. Del. Aug. 4, 2006) ...................................... 10

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 794 (1985) ............................................................................................................... 6, 8

*Pitt News v. Fisher*,
215 F.3d 354 (3d Cir. 2000) ................................................................................................... 6, 8

*Southmark Prime Plus, L.P. v. Falzone*,
776 F. Supp. 888, 891 (D. Del. 1991) ....................................................................................... 6

ii

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
140 F.3d 478 (3d Cir. 1998)......................................................................................................5, 7

*Valley Forge Christian College v. Am. United for Separation of Church and State*,
454 U.S. 464 (1982)......................................................................................................................7

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 1125....................................................................................................................3, 9, 12

4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
§ 27:24 (2006)...................................................................................................................9, 11, 12

-iii-

## NATURE AND STAGE OF THE PROCEEDINGS

The complaint in this action (the "Complaint") was filed by Pernod Ricard USA, LLC ("Pernod USA") on August 15, 2006. Because the action has no relevant connection to this District and is strongly tied to the Southern District of Florida, on September 13, 2006, Bacardi U.S.A., Inc. ("Bacardi USA") moved to transfer the action to the Southern District of Florida. (D.I. 6). Bacardi USA's opening brief and supporting declarations were filed that same day. (D.I. 7-9).

Contemporaneously with this brief, Bacardi USA has filed (i) its Motion to Dismiss Count II of the Complaint and (ii) its Partial Answer addressing Count I of the Complaint.

This is Bacardi USA's Opening Brief in Support of Defendant's Motion to Dismiss under Rule 12(b)(6).

## SUMMARY OF ARGUMENT

As this is a Rule 12(b)(6) motion for dismissal for failure to state a claim, the well-pleaded allegations of the complaint must be taken as true. *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir. 1992). Dismissal is warranted only if no relief could be granted under any set of the well-pleaded facts that could be proven.

Count II is without merit. Pernod USA's claim that Bacardi USA falsely asserted rights to the HAVANA CLUB mark fails to satisfy both constitutional and prudential standing requirements. Pernod USA, which alleges no rights in the HAVANA CLUB mark,[1] alleges no injury that flows or reasonably could flow from the supposed misrepresentations regarding Bacardi's[2] rights to the HAVANA CLUB trademark. Furthermore, Count II is not redressable under § 43(a), as the alleged misrepresentation does not go to the "nature," "characteristics," or "qualities" of Bacardi USA's rum, which is an indispensable element of a valid § 43(a) false advertising claim. Pernod USA's claim is based, at the very most, on the premise that Bacardi's claim of rights to the HAVANA CLUB trademark is inferior to the rights of some unidentified third party. But Pernod USA has no standing to protect the trademark rights of an unidentified non-party under the guise of a § 43(a) false advertising claim.

---

[1] An affiliate of Pernod USA, Havana Club Holding S.A. ("HCH"), lost its trademark infringement claim in the prior *Havana Club* litigation referred to in the Complaint because the court held HCH had no rights whatsoever in the U.S. in the HAVANA CLUB trademark. That judgment is final. *See Havana Club Holding, S.A. v. Galleon S.A.*, 203 F.3d 116 (2d Cir. 2000).

[2] "Bacardi" is used herein to refer collectively to Bacardi USA and Bacardi & Company Limited.

## STATEMENT OF FACTS

For purposes of this motion only, Bacardi USA assumes the facts alleged in the Complaint to be true. Pernod Ricard allegedly produces, imports, and markets spirits, including rum and vodka, in the United States. (¶ 4).[3] Pernod USA's leading brands include MALIBU rum and STOLICHNAYA vodka. (*Id.*) Bacardi USA imports into the United States and distributes spirits that include BACARDI and HAVANA CLUB rum, both of which prominently display their Puerto Rican origins on the front label. (¶ 5, Ex. A).

The two counts of the Complaint arise under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count I alleges that "Bacardi U.S.A.'s use of HAVANA CLUB for a rum not produced in Cuba and Bacardi U.S.A.'s statements that its HAVANA CLUB rum is the rum that was made in Cuba and sold in the United States before 1960 are false and misleading representations concerning the geographic origin of Bacardi U.S.A.'s rum" that violate § 43(a). (¶ 21). These representations, the Complaint alleges, "are likely to cause consumers to believe, incorrectly, that Bacardi U.S.A.'s HAVANA CLUB rum was and is made in Cuba." (¶ 22). Because of these supposed false misrepresentations, "consumers are likely to be induced into purchasing Bacardi U.S.A.'s HAVANA CLUB rum due to this mistaken belief and these purchases [of HAVANA CLUB rum] are likely to cause Pernod USA to lose sales of spirits, including MALIBU rum and STOLICHNAYA vodka."[4] (¶ 24).

Count II alleges that Bacardi USA purportedly made false statements concerning ownership rights to the HAVANA CLUB trademark. (¶ 30). This alleged offense occurred when an employee of Bacardi USA stated on a National Public Radio program that "we own the

---

[3] References to the numbered paragraphs in the Complaint are as follows (¶ ___).

[4] Contemporaneously herewith, Bacardi USA has filed its Partial Answer to Count I of the Complaint.

rights to this brand." (¶ 11, Ex. D). Count II further asserts that the "statement that [Bacardi] owns the rights to the HAVANA CLUB trademark in the United States as a successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960 is false." (¶ 30). Damages are conclusorily alleged on the ground that Pernod USA "believes" that it is likely to be damaged by this allegedly erroneous claim "in that consumers are likely to be induced into purchasing Bacardi U.S.A.'s HAVANA CLUB rum due to this mistaken belief and these purchases are likely to cause Pernod USA to lose sales of spirits." (¶ 33).

**ARGUMENT**

**I.    COUNT II DOES NOT ALLEGE A CASE OR CONTROVERSY UNDER § 43(a) SATISFYING EITHER THE CONSTITUTIONAL OR THE PRUDENTIAL REQUIREMENTS FOR STANDING.** _____

Standing depends upon a blend of constitutional and prudential considerations. *See Conte Bros. Auto. Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 225 (3d Cir. 1998). Article III requires that an actual case or controversy exist. To satisfy Article III's standing requirements, three elements must be established: (i) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (ii) a causal connection must exist between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (iii) the injury must be likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 484-85 (3d Cir. 1998); *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 175 (3d Cir. 2001); *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 593 (D. Del. 2004).

Pernod USA's complaint does not satisfy these Article III standing requirements. Although Pernod USA claims that Bacardi USA's statement that it "own[s] the rights to [the HAVANA CLUB] brand" will "likely" cause Pernod USA to lose sales of spirits, it has not alleged any factual basis for a causal connection between Bacardi USA's allegedly objectionable statement and Pernod USA's injury, nor has it identified the nature of this injury in anything other than conjectural terms. (*See* ¶¶ 11, 30-33). Instead, Pernod USA merely speculates that Bacardi USA's statement (i) will "likely" cause consumers to believe that Bacardi owns rights to the HAVANA CLUB trademark and has rights to market its rum under that trademark, which in

turn (ii) will "likely" induce those consumers into buying Bacardi's HAVANA CLUB rum, thereby (iii) "likely" causing Pernod USA to lose sales of spirits and suffer damage to its reputation and goodwill. (¶¶ 32-33.) Pernod USA's complaint alleges no facts that support this speculation about the "likely" ramifications of a single statement on National Public Radio by an employee of Bacardi USA, and therefore it fails to satisfy the Article III standing requirements. *Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc., et al.*, 344 F. Supp. 2d 923, 929 (D. Del. 2004) (The Court is "not, however, required to consider or regard as true conclusory allegations of law, unsubstantiated conclusions, or unwarranted factual inferences."); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991) ("The Court need not, however, adopt 'conclusory allegations or statements of law.'"). Moreover, this Court has specifically held that "[s]tanding cannot be 'inferred argumentatively from averments in the pleadings'..., but rather 'must affirmatively appear in the record.'" *Argos*, 304 F. Supp. 2d at 593 (internal citations omitted).

Even if Pernod USA could satisfy the constitutional requirements for standing, prudential standing considerations still bar it from bringing suit. The prudential standing rule is also called the rule against bringing *jus tertii* claims; that is, claims of third parties. *Pitt News v. Fisher*, 215 F.3d 354, 362 n.6 (3d Cir. 2000) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 794, 797 (1985)). This rule is aimed at determining "whether the plaintiff is 'a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Conte Bros.*, 165 F.3d at 225 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). That consideration is particularly relevant here, because the parent of Pernod USA is the Cuban Government's partner in a joint venture that has unsuccessfully claimed rights to the HAVANA CLUB trademark. *See Havana Club Holding*, 203 F.3d at 120. The prudential considerations

generally require that: (i) the plaintiff assert his own legal rights, rather than those of third parties; (ii) courts refrain from adjudicating abstract questions amounting to generalized grievances pervasively shared; and (iii) the complaint fall within the zone of interests protected by the statute, here § 43(a) of the Lanham Act. *Trump Hotels*, 140 F.3d at 485 (citing *Valley Forge Christian College v. Am. United for Separation of Church and State*, 454 U.S. 464, 474-75 (1982)).

*Joint Stock Society* is instructive. The essence of the plaintiffs' § 43(a) claims in that case was that the defendants had propagated the false impression that the SMIRNOFF vodka they were selling in the U.S. was Russian in origin and was the same product as that which was produced in Russia in czarist days. 266 F.3d at 171. The plaintiffs were producing and marketing vodka under the SMIRNOFF (or SMIRNOV) trademark in Russia and elsewhere, asserted superior claims to the trade name, and alleged that they intended to import and sell Russian vodka in the United States under that mark. *Id.* at 170. The § 43(a) claims were dismissed by the trial court for lack of constitutional and prudential standing. The Third Circuit unanimously affirmed, stressing that the plaintiffs had failed to carry their burden of alleging an injury-in-fact that met the Article III case or controversy requirement. *Id.* at 176.

The plaintiffs' alleged injuries, among others, involved not being able to get a U.S. governmental label approval or a U.S. distributor for their SMIRNOV brand. But that sort of injury was not fairly traceable to the alleged false statements as to the defendants' rights to the SMIRNOFF brand. *Id.* at 177. The Court questioned the "causal connection" between defendants' use of the SMIRNOFF name and plaintiffs' asserted injury (*id.* at 177) and held that the interests plaintiffs were trying to protect were trademark rights. *Id.* at 178. The court concluded that such interests could only be vindicated in a trademark infringement action, not a

§ 43 false advertising suit. *Id.* at 178; *see also La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.* 495 F.2d 1265, 1271 (2d Cir. 1974) (citations omitted) ("Section 43(a) is intended to reach false advertising violations, not false [trademark] Registration claims.").

Pernod USA is even further removed from showing standing than the plaintiffs in *Joint Stock Society*. Pernod USA does not—and cannot—itself claim any rights or interests as a registrant, owner, or licensee of the HAVANA CLUB trademark that are being misappropriated and alleges no facts illuminating how allegedly false statements about legal rights in the HAVANA CLUB mark caused it harm. Indeed, to provide such a nexus, Pernod USA once again alleges the same geographic misrepresentation that is the basis for Count I, thus making Count II essentially a restatement of Count I.[5] Without alleging a plausible factual basis for harm, Pernod USA is using a false advertising action to attempt to vindicate the rights of some unidentified person with a supposed superior claim to the HAVANA CLUB trademark. The prudential rule against asserting *jus tertii* claims precludes Pernod USA's theory. *Joint Stock Society*, 266 F.3d at 185; *Pitt News*, 215 F.3d at 362 n.6 (citing *Phillips*, 472 U.S. at 797).

Furthermore, Pernod USA, like the plaintiffs in the *Joint Stock Society* case, also fails to satisfy the Third Circuit's requirements for prudential standing under the Lanham Act. *See Conte Bros.*, 165 F.3d at 230. These factors are: (1) the nature of the alleged injury—whether it is the type of injury Congress set out to redress in the Lanham Act; (2) the directness or indirectness of the asserted injury; (3) the proximity or remoteness of the party to the alleged injurious conduct; (4) the speculativeness of the damages claim; and (5) the risk of duplicative damages or the complexity of apportioning damages. 165 F.3d at 233. To satisfy this test, a

---

[5] Paragraph 32 of the Complaint alleges that Bacardi USA's allegedly false statement concerning ownership rights to the HAVANA CLUB trademark "is likely to mislead and deceive customers into believing Bacardi U.S.A.'s HAVANA CLUB rum is made in Cuba and Bacardi U.S.A. has rights that it does not have to market such a product under the HAVANA CLUB trademark."

-8-

plaintiff must show an injury flowing from that which makes the defendant's conduct unlawful. As discussed above, Pernod USA's alleged injury is wholly speculative, and Pernod USA's connection to Bacardi USA's allegedly false statement is remote at best. Furthermore, the speculative harm allegedly flowing from Bacardi USA's conduct would not be to Pernod USA, but to a party not before the Court, *i.e.*, an alleged owner of the Havana Club trademark. Pernod USA is not such an owner and therefore it fails the prudential standing test. For the foregoing reasons, Count II of the Complaint should be dismissed for lack of standing.

## II.    COUNT II MUST ALSO BE DISMISSED BECAUSE BACARDI USA'S ALLEGEDLY FALSE ASSERTION OF RIGHTS IN THE HAVANA CLUB MARK IS NOT REDRESSABLE UNDER § 43(a).

The false advertising branch of § 43(a)(1) of the Lanham Act, on which Count II of the Complaint is based, provides in relevant part that:

> Any person who, *on or in connection with any goods or services*, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . .
>
> (B) in commercial advertising or promotion, misrepresents *the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities*, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (emphasis added).

As is evident on the face of the above provision, and as Professor McCarthy has pointed out, two of the essential elements of a false advertising claim under § 43(a) are that the alleged misrepresentation of fact (1) must be "on or in connection with goods or services," and (2) must misrepresent the "nature, characteristics, qualities, or geographic origin" of the defendant's (or someone else's) "goods, services or commercial activities." 4 J. Thomas McCarthy, *McCarthy*

*On Trademarks and Unfair Competition* (hereinafter "*McCarthy On Trademarks*") § 27:24 (2006).

The allegation of Count II that Bacardi USA falsely claimed to have trademark rights in the HAVANA CLUB mark fails to meet either of these requirements. Certainly the alleged claim of rights in the trademark is not a claim as to the "nature" of the rum sold under the mark, or as to the "characteristics, qualities, or geographic origin" of the rum, or as to Bacardi USA's "commercial activities." Nor was the alleged statement concerning Bacardi USA's rights in the mark made "on or in connection with any goods or services." 15 U.S.C. § 1125(a)(1).

This Court's decision in *Monsanto Co. v. Syngenta Seeds, Inc.*, Civ. No. 04-305 (SLR), 2006 WL 2247094 (D. Del. Aug. 4, 2006), which involved an analogous claim regarding the ownership of patent rights, is directly on point. Monsanto alleged that Syngenta had made false advertising claims concerning its rights in certain patented corn seed products, including: (i) representations that Syngenta was authorized to provide seeds containing Monsanto proprietary technology, and (ii) implied representations that Syngenta was still an authorized licensee of products under Monsanto's trademarks. *Id.* at * 4. In granting Syngenta's motion to dismiss on the ground that such claims do not provide a basis for a false advertising cause of action under § 43(a), this Court pointed out:

> All five assertions under the Lanham Act claim relate to Syngenta's alleged false statements regarding the origin of the GA21 corn seed or the origin of the GA21 event component of the corn seed. *None of Monsanto's assertions are directed to the "nature, characteristics [or] qualities" of the corn seed, which would adequately have pled a false advertising claim.*

*Id.* (emphasis added).

The holding in *Monsanto* is consistent with a long line of cases holding that allegedly false statements regarding the ownership of the intellectual property rights associated with a

-10-

product do not give rise to a false advertising claim under § 43(a), because such alleged misrepresentations do not address the nature, quality, or characteristics of the product itself. In *digiGAN Inc. v. iValidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004), for example, the claim asserted was that defendant's false and misleading claims of ownership rights in a number of patents covering goods sold by plaintiffs injured the plaintiffs in violation of § 43(a). Defendant moved to dismiss that claim under Rule 12(b)(6) because the only alleged misrepresentations concerned rights in a patent, not a good or service itself as required by § 43(a) of the Lanham Act. *Id.* at * 5. The district court agreed and granted the motion to dismiss all claims under § 43 on the following grounds:

> The Amended Complaint alleges that Defendants violated section 43(a) of the Lanham Act by making false and misleading representations concerning Defendants' rights in one of the patents. (Compl.¶ 36.) These misrepresentations allegedly were made in the course of Defendants' website advertising of products protected by the patent. (*Id.*) The gravamen of Plaintiff's claim is that Defendants, in marketing their products, falsely stated that they owned the patent that Plaintiff received from iValidate under the security agreement. Thus, the alleged misrepresentations concerned the patent, not any products or services. A patent is not a "good or service" as those terms are used in the Lanham Act. . . .

> [D]rawing all reasonable inferences in Plaintiff's favor, the Amended Complaint does not allege any "false or misleading representation of fact" "in connection with any goods or services." *See* 15 U.S.C. § 1125. The patent, and not any product or service, is at the center of the controversy between the parties.

*Id.* *See also, e.g.*, *Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG*, No. 96 Civ. 8147 (PKL), 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998) (dismissing § 43(a) claim based on statement of ownership of patent).

In the chapter of his treatise on false advertising claims, Professor McCarthy lists, with citations to cases, 34 types of false advertising claims that have been asserted and recognized as stating a claim under § 43(a) (though in some cases the claim was not upheld). 4 *McCarthy On*

*Trademarks* § 27:63. *None* of the 34 categories of § 43(a) cases listed involved a claim that the defendant had falsely asserted rights in a trademark. This is not surprising, of course, in view of the language of § 43(a), which limits the kinds of false advertising claims that are redressable to false representations of fact that are made "on or in connection with any goods or services" and that misrepresent "the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1).

As the Supreme Court stated in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-33 (2003), in rejecting an interpretation of § 43(a) that would have allowed a claim to be based on an allegedly false assertion of intellectual property rights in the product in question:

> The consumer who buys a branded product does not automatically assume that the brand-name company is the same entity that came up with the idea for the product, or designed the product-and typically does not care whether it is. The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers.

Count II of the Complaint is an attempt so to stretch the words of the Lanham Act, as it is premised on the allegation that "Bacardi U.S.A.'s statement that [Bacardi] owns the rights to the HAVANA CLUB trademark in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960 is false." (¶ 30). It is respectfully submitted that Count II of the Complaint should be dismissed because this alleged misrepresentation has nothing to do with the quality or nature of the tangible goods at issue, and Pernod USA's allegations in Count II are therefore not redressable under the false advertising branch of § 43(a).

## CONCLUSION

For all of the foregoing reasons, Count II of the Complaint should be dismissed.

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

September 22, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
  Attorneys for Defendant
  *Bacardi U.S.A., Inc.*

-13-

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Rodger D. Smith, II
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19801

I hereby certify that on September 22, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

> Herbert F. Schwartz
> Vincent N. Palladino
> Pablo D. Hendler
> ROPES & GRAY LLP
> 1251 Avenue of the Americas
> New York, NY 10020

> *Anne Shea Gaza*
> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700