IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNOD RICARD USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BACARDI U.S.A., INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-505 (SLR)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## PARTIAL ANSWER OF DEFENDANT BACARDI U.S.A., INC. TO THE COMPLAINT

Defendant Bacardi U.S.A., Inc. ("Bacardi") has moved to dismiss Count II of the Complaint for, *inter alia*, lack of standing and failure to state a claim upon which relief can be granted. Bacardi hereby answers in part the correspondingly numbered paragraphs of the Complaint pertaining to Count I as follows. Unless expressly admitted, all allegations in the Complaint are denied.

1. Bacardi admits that Plaintiff purports to assert claims for alleged false and misleading statements in the marketing and advertising of Bacardi's HAVANA CLUB rum. Bacardi denies these claims and the remaining allegations in paragraph 1.

2. Bacardi admits that the Court has subject matter jurisdiction over this action.

3. Bacardi admits that venue lies in this district. Bacardi states that venue more properly lies in the Southern District of Florida and refers Plaintiff to Bacardi's Motion to Transfer Venue to the Southern District of Florida, filed with this

Court on September 13, 2006 (asserting that the convenience of the parties and witnesses and the interests of justice merit transfer pursuant to 28 U.S.C. § 1404(a)).

4. Bacardi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Bacardi admits that it is a corporation organized under the laws of the State of Delaware with its principal executive offices located in Miami, Florida. Bacardi admits that its registered agent in this district for service of process is The Corporation Trust Company. Bacardi denies the remaining allegations of paragraph 5, except that Bacardi admits that it is the importer and distributor of one of the world's leading wine and spirits producers, that it distributes and markets wine and spirits in Delaware, and that the brands BACARDI rum, GREY GOOSE vodka, MARTINI & ROSSI vermouth, DEWAR'S blended scotch whiskey, BOMBAY SAPPHIRE gin, and CAZADORES blue agave tequila are among many brands of wine and spirits that Bacardi imports and distributes throughout the United States.

6. Bacardi denies the allegations in paragraph 6.

7. Bacardi denies the first sentence of the allegations in paragraph 7, except that it admits that in August 2006, under authority of Bacardi & Company Limited ("BACO"), it lawfully relaunched its HAVANA CLUB rum, a super-premium rum made in Puerto Rico derived from the secret family recipe of the Arechabala family. Bacardi admits that Plaintiff has attached as Exhibit A to the Complaint what appears to be a photocopy of a bottle of Bacardi's HAVANA CLUB rum clearly showing the words "PUERTO RICAN RUM."

8. Bacardi denies the first sentence of the allegations of paragraph 8, except that Bacardi admits that it intends to continue to capitalize on the recent increase in consumption of different kinds of premium white spirits, both through the relaunch of its HAVANA CLUB rum and through its continued sales of distinct varieties of premium white spirits, such as, vodka, gin, vermouth, and tequila. Bacardi admits that Plaintiff has attached as Exhibit B to the Complaint what appears to be a printout of an August 9, 2006, Sun-Sentinel.com article authored by Doreen Hemlock and entitled "A clear win for Bacardi as U.S. declares trademark on Havana Club 'expired.'"

9. Bacardi denies the first sentence of the allegations of paragraph 9, except that Bacardi admits that its HAVANA CLUB rum is derived from the original recipe for HAVANA CLUB rum that was formerly produced in Cuba and sold in the United States by José Arechabala S.A. ("JASA") starting in 1935. Bacardi denies the allegations in the second sentence of this paragraph, except that it admits that Bacardi's August 8, 2006 press release contains the following statement: "Bacardi has been preparing for the relaunch of Havana Club rum in the United States." Bacardi admits that Plaintiff has attached as Exhibit C to the Complaint what appears to be a copy of the August 8, 2006 press release issued by Bacardi. Bacardi denies the remaining allegations in paragraph 9.

10. Bacardi admits the allegations in paragraph 10.

11. Bacardi denies the allegations of the first sentence in paragraph 11, except that it admits that (i) John Gomez, Bacardi's Vice President and Group Marketing Director, participated in a National Public Radio broadcast entitled "Rumble Brewing over 'Real' Cuban Rum" that aired on August 8, 2006, and (ii) the audio recording of that

broadcast speaks for itself. Bacardi states that BACO owns the rights to the HAVANA CLUB rum trademark, and has designated Bacardi as the sole authorized distributor of HAVANA CLUB rum in the United States. Bacardi is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences.

 12. Bacardi admits the allegation in paragraph 12.

 13. Bacardi admits the allegation in paragraph 13.

 14. Bacardi admits that its predecessor Bacardi-Martini U.S.A., Inc. was a defendant and counterclaim-plaintiff in a lawsuit filed by Havana Club Holding, S.A. and Havana Club International, S.A. in the United States District Court for the Southern District of New York (Case No. 96-Civ-9655) and states that the pleadings and decisions referenced in paragraph 14 speak from themselves. Bacardi denies the remaining allegations in paragraph 14.

 15. Bacardi states that the district court decision referenced in paragraph 15 speaks for itself and further states that on August 3, 2006, the USPTO issued an Office Action cancelling U.S. Registration No. 1,031,651 for the trademark HAVANA CLUB & DESIGN, which was unlawfully obtained by Empresa Cubana Exportadora de Alimentos y Productos Varios d/b/a Cuba Export Company ("Cubaexport"). Bacardi denies the remaining allegations in this paragraph.

 16. Bacardi states that BACO owns the rights to the HAVANA CLUB rum trademark, and admits that BACO has designated Bacardi as the sole authorized distributor of HAVANA CLUB rum in the United States. Bacardi states that PTO records show that on September 12, 1994, Galleon S.A. filed an intent-to-use application

for the mark HAVANA CLUB for use in connection with "rum and rum specialty drinks." Bacardi states that the Non-Final Office Action referenced in the second sentence of paragraph 16 speaks for itself and further states that on August 3, 2006, the USPTO issued an Office Action cancelling U.S. Registration No. 1,031,651 for the trademark HAVANA CLUB & DESIGN, which was unlawfully obtained by Cubaexport. Bacardi denies all other allegations contained in paragraph 16.

17. Bacardi admits that BACO submitted to the PTO Examining Attorney copies of the judgments entered in the New York action by the District Court, the Second Circuit Court of Appeals and the U.S. Supreme Court, and states that the record and content of all submissions to the PTO Examining Attorney regarding BACO's pending application for the mark HAVANA CLUB (Serial No. 74/572,667) speak for themselves. Bacardi denies the remaining allegations in paragraph 17.

18. Bacardi states that the April 2001 Non-Final Office Action referenced in paragraph 18 of the Complaint speaks for itself. Bacardi denies the remaining allegations in this paragraph, but admits that the document attached at Exhibit E to the Complaint appears to be a photocopy of an April 26, 2001 Non-Final Office Action issued in connection with the Serial No. 74/572,667.

19. Bacardi admits the allegations of paragraph 19.

20. Bacardi incorporates each of its previous responses as if fully set forth herein.

21. Bacardi denies the allegations in paragraph 21.

22. Bacardi denies the allegations in paragraph 22.

23. Bacardi denies the allegations in paragraph 23.

RLF1-3062103-1

24. Bacardi denies the allegations in paragraph 24.

25. Bacardi denies the allegations in paragraph 25.

26. Bacardi denies the allegations in paragraph 26.

27. Bacardi denies the allegations in paragraph 27.

28. Bacardi denies the allegations in paragraph 28.

29. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

30. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

31. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

32. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

33. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

34. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

35. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

36. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

37. Bacardi refers Plaintiff to Bacardi's Motion to Dismiss Count II of the Complaint filed contemporaneously herewith.

**PRAYER FOR RELIEF**

Bacardi denies that Plaintiff is entitled to the relief enumerated in parts a. through f. of Plaintiff's Prayer for Relief.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails because Plaintiff lacks standing to bring its claims.

**THIRD DEFENSE**

Plaintiff is not entitled to any relief, and the action must be dismissed, because plaintiff is seeking to prosecute this case in concert with and to promote the interests of Cubaexport and Havana Club Holding, S.A., contrary to Section 211 of Omnibus Consolidation and Emergency Supplemental Appropriations Act (Public Law No. 105-277, 112 Stat. 2681 (Oct. 21, 1998)), the Trading with the Enemy Act (as amended, 12 U.S.C. § 95a), the Cuban Liberty and Democratic Solidarity Act (Pub. L. No. 104-114, 110 Stat. 785 (1996)), and regulations of the Office of Foreign Assets Control, including the Cuban Asset Control Regulations (31 C.F.R. Part 515).

**FOURTH (AFFIRMATIVE) DEFENSE**

The Complaint fails because it is barred by the applicable statute of limitations.

**FIFTH (AFFIRMATIVE) DEFENSE**

The Complaint fails because it is barred by the doctrine of laches, waiver and/or estoppel.

## SIXTH (AFFIRMATIVE) DEFENSE

The Complaint fails because Plaintiff has failed to join necessary and/or indispensable parties.

## SEVENTH (AFFIRMATIVE) DEFENSE

The Complaint fails because Bacardi's first sales of its HAVANA CLUB rum in the U.S. took place in 1995, and pursuant to the Lanham Act, 15 U.S.C. § 1052(a), as amended, trademarks of spirits which may have geographic significance but which were in use prior to January 1, 1996 are exempt from any statutory proscription against the use of trademarks that might otherwise be considered geographically misdescriptive.

Bacardi reserves the right to assert additional Defenses in the event discovery or other information reveals that such defenses are appropriate.

**WHEREFORE**, Defendant Bacardi respectfully requests that the Court:

(a)   Dismiss the action with prejudice;

(b)   Award Bacardi costs and attorneys fees; and

(c)   Grant such further relief as it deems proper

## DEMAND FOR JURY TRIAL

Bacardi hereby demands a trial by jury on all issues so triable.

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

September 22, 2006

/s/ William Wade
William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
  Attorneys for Defendant
  *Bacardi U.S.A., Inc.*

9

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Jack B. Blumenfeld
>Rodger D. Smith, II
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19801

I hereby certify that on September 22, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

>Herbert F. Schwartz
>Vincent N. Palladino
>Pablo D. Hendler
>ROPES & GRAY LLP
>1251 Avenue of the Americas
>New York, NY 10020

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3055946-1