IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERNOD RICARD USA, LLC,       )
                                   )
          Plaintiff,         )      C.A. No. 06-505 (SLR)
                                   )
         v.                   )
                                   )
BACARDI U.S.A., INC.,           )
                                   )      REDACTED PUBLIC VERSION
          Defendant.      )

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO BACARDI U.S.A.'S
MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   *Attorneys for Plaintiff*
   *PERNOD RICARD USA, LLC*

OF COUNSEL:

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Original Version Filed October 6, 2006
Public Version Filed October 16, 2006

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

NATURE AND STAGE OF THE PROCEEDING.......................................................................1

SUMMARY OF THE ARGUMENT .........................................................................................2

STATEMENT OF FACTS ......................................................................................................3

I.    PERNOD IS A LEADING NATIONAL SPIRITS COMPANY, WHICH MARKETS ITS
      PRODUCTS IN DELAWARE .........................................................................................3

II.   BACARDI IS FALSELY ADVERTISING ITS HAVANA CLUB RUM NATIONWIDE
      INCLUDING DELAWARE WHERE IT IS INCORPORATED.......................................4

III.  PERNOD BOUGHT SUIT CHALLENGING BACARDI'S NATIONWIDE FALSE
      ADVERTISING WHERE BACARDI SHOULD EXPECT TO BE SUED......................6

ARGUMENT.......................................................................................................................7

I.    THIS CASE SHOULD NOT BE TRANSFERRED BECAUSE BACARDI IS NOT A
      REGIONAL COMPANY AND THIS DISPUTE IS NOT A REGIONAL CONFLICT...7

II.   THE JUMARA FACTORS DO NOT SUPPORT TRANSFER.........................................8

      A.   Pernod Is Entitled To Its Choice Of Forum Unless Bacardi Can Prove Otherwise ..8

      B.   Bacardi Has Failed To Carry Its Burden Of Proving That This Case Should Be
           Transferred...........................................................................................................10

           1.   The Private Interest Jumara Factors Militate Against Transfer .....................10

           2.   The Public Interest Jumara Factors Militate Against Transfer ......................16

CONCLUSION...................................................................................................................18

## TABLE OF AUTHORITIES

### CASES

*ADE Corp., v. KLA-Tencor Corp.,*
  138 F. Supp. 2d 565 (D. Del. 2001)............................................................................15

*APV N. America Inc. v. Sig Simonazzi N. America, Inc.,*
  295 F. Supp. 393 (D.Del. 2002)...............................................................................16

*Adams v. Crowley,*
  C.A. No. 04-1565-SLR, 2005 U.S. Dist. LEXIS 9885 (D. Del. May 25, 2005) .....8, 10

*Affymetrix, Inc. v. Synteni, Inc.,*
  28 F. Supp. 2d 192 (D. Del. 1998)............................................................................11

*Alex TSE v. Ventura Medical System, Inc.,*
  C.A. No. 97-31-SLR, 1997 U.S. Dist. LEXIS 21017 (D. Del. Nov. 25, 1997)............8

*Allied Signal Inc. v. Hoechst Celanese Corp.,*
  C.A. No. 97-508-SLR (D. Del. June 8, 1998) ............................................................10

*Argos v. Orthotic LLC,*
  304 F. Supp. 2d 591 (D. Del. 2004)...............................................................1, 7, 9, 11

*Arrow Commc'n Labs v. John Mezzalingua Assocs., Inc.,*
  C.A. No. 05-357 (SLR), 2005 WL 2786691 (D. Del. Oct. 26, 2005) ...........................7

*BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.,*
  224 F.R.D. 581 (D. Del. 2004) ...................................................................................7

*Ballard Medical Products v. Concord Laboratories, Inc.,*
  700 F. Supp. 796 (D. Del. 1988)................................................................................17

*Bergman v. Brainin,*
  512 F. Supp. 972 (D. Del. 1981).................................................................................12

*Brown v. C.D. Smith Drug Co.,*
  C.A. No. 98-494-SLR, 1999 WL 709992 (D. Del. Aug. 18, 1999)........................11, 13

*Clopay Corp. v. Newell Cos., Inc.,*
  527 F. Supp. 733 (D. Del. 1981)..................................................................................8

*Cypress Semiconductor Corp. v. International Microcircuits, Inc.,*
  C.A. No. 01-199 SLR, 2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001) .........12

*Havana Club Holding, S.A. v. Galleon, S.A., Bacardi-Martini, U.S.A., Inc.,*
    974 F. Supp. 302 (S.D.N.Y. 1997)...............................................................................6, 9

*J-Squared Techs., Inc. v. Motorola, Inc.,*
    C.A. No. 04-960-SLR, 2005 U.S. Dist. LEXIS 2258 (D. Del. Feb. 5, 2005)............12

*Joint Stock Social v. Heublein, Inc.,*
    936 F. Supp. 177 (D. Del. 1996)...............................................................................15

*Jumara v. State Farm Insurance Co.,*
    55 F.3d 873 (3d Cir. 1995)................................................................................. *passim*

*Kirschner Brothers Oil, Inc., v. Pannill,*
    697 F. Supp. 804 (D. Del. 1988).............................................................................14

*Kollmorgen Corp. v. Gettys Corp.,*
    760 F. Supp. 65 (D. Del. 1991)...........................................................................9, 12

*In re M.L.-Lee Acquisition Fund II, L.P.,*
    816 F. Supp. 973 (D. Del. 1993)...............................................................................9

*Matsushita Battery Industrial Co. v. Energy Conversion Devices, Inc.,*
    C.A. No. 96-101-SLR, 1996 WL 328594 (D. Del. April 23, 1996)............................15

*Mentor Graphics Corp. v. Quickturn Design System, Inc.,*
    77 F. Supp. 2d 505 (D. Del. 1999).............................................................................8

*Omnicom Group, Inc. v. Employers Reinsurance Corp.,*
    C.A. No. 01-839-GMS, 2002 U.S. Dist. LEXIS 1275 (D. Del. Jan. 28, 2002)...........17

*Paige Innovations Inc. v. General Cable Industrial, Inc.,*
    C.A. No. 94-676-SLR (D. Del. Dec. 6, 1994) ............................................................8

*Praxair, Inc. v. ATMI, Inc.,*
    C.A. No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076 (Apr. 20, 2004) ...................7, 9

*Thales Airborne Systems S.A. v. Universal Avionics Systems Corporation,*
    C.A. No. 05-853-SLR, 2006 U.S. Dist. LEXIS 41895 (D. Del. June 21, 2006) .......8, 9

*Tsoukanelis v. Country Pure Foods, Inc.,*
    337 F. Supp. 2d 600 (D. Del. 2004)......................................................................7, 9

*Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership,*
    882 F. Supp. 359 (D. Del. 1994)....................................................................8, 11, 12

*Turn of The Century Solution, L.P. v. International Rectifier Corp.,*
    C.A. No. 05-816-SLR, 2006 WL 1653143 (D. Del. June 15, 2006) .................. *passim*

- ii -

*Tyco Industrial, Inc. v. Lego Systems, Inc.,*
    5 U.S.P.Q. 2d 1023 (D.N.J. 1987), *aff'd*, 853 F.2d 921 (3d Cir. 1988) ........................14

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.,*
    201 F. Supp. 2d 294 (D. Del. 2002)............................................................................15

*Warner-Lambert Co. v. Breathasure, Inc.,*
    204 F.3d 87 (3d Cir. 2000)........................................................................................16

*Waste Distillation Tech, Inc. v. Pan Am Resources, Inc.,*
    775 F. Supp. 759 (D. Del. 1991)....................................................................9, 11, 17

*Wesley-Jenssen Corp. v. Pilkington Visioncare, Inc.,*
    157 F.R.D. 215, 218 (D. Del. 1993) ...............................................................10, 12, 15

## STATUTES

15 U.S.C. § 1125(a)(1)(B) ....................................................................................1, 15, 16

## ADDTIONAL AUTHORITIES

Reference Manual On Scientific Evidence 244 (2d ed. 2000)....................................14

## INTRODUCTION

Bacardi U.S.A., Inc. ("Bacardi") has moved to transfer this case to the Southern District of Florida. This is plaintiff Pernod Ricard USA, LLC's ("Pernod") Answering Brief in opposition to Bacardi's motion.

"[C]ourts should only transfer venue if the defendant is truly regional in character." *Argos v. Orthotic LLC*, 304 F. Supp. 2d 591, 597 (D. Del. 2004). Bacardi is not a regional company, and this dispute is not a regional conflict. Claiming to own the HAVANA CLUB trademark, Bacardi, a leading national company *incorporated in Delaware*, took the first step in its planned widespread sale of HAVANA CLUB rum when it launched the product in August 2006. Indeed, Bacardi has announced its marketing plans in media nationwide including in the state of Delaware. Bacardi seeks to use its HAVANA CLUB rum to make inroads in the market for rum and vodka, which Pernod sells throughout the United States, including in Delaware.

Bacardi's use of HAVANA CLUB falsely indicates that Bacardi's rum is from Cuba, which it is not. Moreover, Bacardi has falsely claimed in its nationwide releases that it is the owner of the HAVANA CLUB trademark, which it is not. As a major competitor harmed by Bacardi's false advertising of its HAVANA CLUB rum, Pernod properly brought suit in a court that has personal jurisdiction over Bacardi and where venue is appropriate. Pernod is entitled to its choice of forum, and Bacardi has failed to prove under the controlling Third Circuit law that it should not have to defend its conduct in the place where it chose to incorporate. *See Turn of The Century Solution, L.P. v. Int'l Rectifier Corp.*, C.A. No. 05-816-SLR, 2006 WL 1653143, at *6 (D. Del. June 15, 2006) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995)).

## NATURE AND STAGE OF THE PROCEEDING

On August 15, 2006, Pernod filed this action asserting that Bacardi has violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), by falsely and misleadingly

describing the geographic origin of its HAVANA CLUB rum product, which is not produced in Cuba (Count I), and falsely stating that it owns the HAVANA CLUB trademark in the United States (Count II). On September 13, 2006, Bacardi moved to transfer this case to the Southern District of Florida. On September 22, 2006, Bacardi answered Count I and moved to dismiss Count II.

## SUMMARY OF THE ARGUMENT

1.    This lawsuit by a leading spirits company against one of its chief competitors is a national – not regional – dispute, which can and should be tried where Bacardi elected to incorporate and where Pernod chose to sue it. Bacardi has made false statements in Delaware. And its decision to begin a national rollout of HAVANA CLUB rum in Florida does not make this a regional dispute.

2.    The private interest factors outlined in *Jumara*, 55 F.3d at 879, do not support transfer to Florida. Pernod is entitled to its choice of this Court as the forum to resolve its dispute with Bacardi unless Bacardi can prove that litigating this case where Bacardi chose to incorporate will cause it unique and unexpected harm. Bacardi has not met and cannot meet its burden.

3.    Because Bacardi has incorporated in Delaware, it cannot credibly contend that trying this case in Delaware will unreasonably inconvenience the company and its employee witnesses. Moreover, any inconvenience to Bacardi of trying this case in Delaware is outweighed by the inconvenience to Pernod of trying it in Florida.

4.    Proceeding in Delaware will not cause financial hardship to a huge company such as Bacardi, which has not hesitated to bring litigation in jurisdictions as far away from Florida as New York and California when that suits its purpose. Indeed, Bacardi has litigated in New York,

and is currently litigating in the District of Columbia, its alleged ownership of the HAVANA CLUB trademark.

     5.    Bacardi has not explained why the testimony of its third-party fact witnesses or its documents would be relevant to Count I. Moreover, none of those witnesses has refused to travel to Delaware to testify at trial on Bacardi's behalf. To the contrary, Bacardi undoubtedly was counting on their testimony and on the availability of its documents in the District of Columbia litigation it brought to try to establish its ownership of the HAVANA CLUB trademark.

     6.    There is nothing about where the claims arose that justifies transferring this case to Florida. Bacardi has broadcast its false and misleading statements nationally, including Delaware, and Bacardi has stated clearly its intention to expand sales of its HAVANA CLUB rum in the United States.

     7.    Finally, the public interest *Jumara* factors also militate against transfer. Bacardi has conceded by omission four of these six factors. As to the other two, this controversy is not local to Florida. It is nationwide. Bacardi has not shown that the Southern District of Florida decides Lanham Act cases more quickly than this Court.

## STATEMENT OF FACTS

### I.    PERNOD IS A LEADING NATIONAL SPIRITS COMPANY, WHICH MARKETS ITS PRODUCTS IN DELAWARE

     Pernod is a leading producer, importer and marketer of spirits, including rum and vodka, in the United States. Pernod's headquarters are in Purchase, New York, just north of New York City. That is close to Delaware, not Florida.

REDACTED

Pernod's brands include MALIBU rum and STOLICHNAYA vodka. (Lalla Decl. ¶ 3).[1] Pernod sells and advertises its products, including its MALIBU rum and STOLICHNAYA vodka, in all fifty states. (Lalla Decl. ¶ 4). In its fiscal year ending in 2006, Pernod's net sales in the United States were in excess of           . Its net sales of MALIBU rum exceeded           , and net sales of STOLICHNAYA vodka were           . (Lalla Decl. ¶¶ 5-7). Pernod made net sales in Delaware of           during fiscal year 2006. Of these,           were net sales of MALIBU rum, and           were net sales of STOLICHNAYA vodka. (Lalla Decl. ¶¶ 11-13).

During the same period, Pernod spent over           marketing, advertising and promoting its products in the United States. Pernod spent more than           was spent on advertising and promoting MALIBU rum and over           on STOLICHNAYA vodka. (Lalla Decl. ¶¶ 8-10). Pernod, its witnesses and its records concerning sales and advertising of its products are located in Purchase, New York. (Lalla Decl. ¶ 14).

## II.   BACARDI IS FALSELY ADVERTISING ITS HAVANA CLUB RUM NATIONWIDE INCLUDING DELAWARE WHERE IT IS INCORPORATED

Bacardi, a Delaware corporation, is the United States "import, sales and marketing arm of Bacardi Limited, one of the world's leading wine and spirits producers." (Nakhleh Decl., Ex. 1; D.I. 14 ¶ 5).[2] Bacardi Limited is a large entity with worldwide annual sales of $4.55 billion and a gross profit of $2.4 billion in fiscal 2006. (Nakhleh Decl., Ex. 2 at 33). The products that Bacardi sells in Delaware and throughout the United States include well known brands such as

---

[1]   As used herein, "Lalla Decl. ¶__" refers to paragraphs of the Declaration of Thomas R. Lalla, Jr. submitted herewith.

[2]   As used herein, "Nakhleh Decl., Ex. __" refers to the stated Exhibits to the Declaration of William Z. Nakhleh submitted herewith.

BACARDI rum, GREY GOOSE vodka, MARTINI & ROSSI vermouth, DEWAR'S blended

scotch whiskey, BOMBAY SAPPHIRE gin and CAZADORES blue agave tequila. (D.I. 14 ¶ 5).

In August 2006, Bacardi introduced HAVANA CLUB rum amid much fanfare. On

August 8, 2006, Bacardi issued a nationwide press release over the internet, which announced

that "Bacardi has been preparing for a relaunch of Havana Club rum in the United States." (D.I.

1, Ex. C). Later that same day, its Vice President and Group Marketing Director, John Gomez,

appeared on "All Things Considered," a National Public Radio production broadcast nationally,

including Delaware. (D.I. 1, Ex. D). He stated among other things that "[r]ight now, we own the

rights to this brand and we felt that this was the appropriate time to leverage the brand to take

advantage of some of the hot trends that are taking place."

Mr. Gomez and Bacardi's spokeswoman Patricia Neal also spoke to reporters. Within

hours of Bacardi's announcement, *The Wall Street Journal* was reporting the "expected ...

relaunching [of] Havana Club brand rum in the U.S." (Nakhleh Decl., Ex. 3). Bacardi's

breaking news was further disseminated nationwide over the internet. For example, MSN

Money quoted Mr. Gomez as saying, "We're thrilled to bring Havana Club back," and FT.com

reported that "Bacardi claims ... that it now owns the Havana Club brand." (Nakhleh Decl.,

Exs. 4-5).

Yet another internet source announced a day later the launch of the HAVANA CLUB

"brand for the United States." (D.I. 1, Ex. B). Confirming Bacardi's ambitious plans, Ms. Neal

was reported in the article as stating that the debut of HAVANA CLUB in South Florida bars,

restaurants and clubs was designed to create celebrity buzz that would help sell the drink in New

York *and other U.S. markets*. (D.I. 1, Ex. B (emphasis added)).

In its nationwide announcements touting its HAVANA CLUB rum, Bacardi has also stated that "Bacardi aims to tap both the U.S. craze for premium white spirits, such as Grey Goose vodka, and the recent upswing in sales of rum." (D.I. 1, Ex. B). That poses a challenge to Pernod, which markets both premium rum and vodka.

## III.    PERNOD BOUGHT SUIT CHALLENGING BACARDI'S NATIONWIDE FALSE ADVERTISING WHERE BACARDI SHOULD EXPECT TO BE SUED

Pernod filed this action on August 15, 2006, asserting that (1) Bacardi's use of HAVANA CLUB is a false and misleading representation about the geographic origin of Bacardi's rum and (2) Bacardi has falsely stated that it owns the rights to the HAVANA CLUB trademark.

In *Havana Club Holding, S.A.* v. *Galleon, S.A., Bacardi-Martini, U.S.A., Inc.*, 974 F. Supp. 302 (S.D.N.Y. 1997), Bacardi U.S.A.'s predecessor Bacardi-Martini U.S.A., Inc. sought a declaratory judgment that "Bacardi has the prior, superior and exclusive right to use of the designation HAVANA CLUB as a trademark for rum in the United States." (Nakhleh Decl., Ex. 6 ¶ 45). Bacardi-Martini U.S.A., Inc. did not pursue that claim through to judgment, and the court did not grant Bacardi-Martini U.S.A., Inc. a declaratory judgment. (D.I. 1 ¶ 14)

In March 2004, Bacardi and Bacardi & Company, Ltd. sought a declaratory judgment in the District Court for the District of Columbia that Bacardi & Company, Ltd. "is the true owner of the common law rights in and to the HAVANA CLUB mark as the bona fide successor-in-interest to [Jose Arechebala S.A.], the original owner of those rights." (Nakhleh Decl., Ex. 7 ¶ 142). That case is still pending.

Bacardi was willing and able to litigate its alleged ownership of the HAVANA CLUB trademark in New York and the District of Columbia. It should be prepared to defend Pernod's claims in Delaware – halfway in between – and where Bacardi chose to incorporate.

**ARGUMENT**

I.  **THIS CASE SHOULD NOT BE TRANSFERRED BECAUSE
BACARDI IS NOT A REGIONAL COMPANY
<u>AND THIS DISPUTE IS NOT A REGIONAL CONFLICT</u>**

This Court has recognized that courts should "only transfer venue if the defendant truly is

regional in character." *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 603 (D.

Del. 2004); *Argos*, 304 F. Supp. 2d at 597; *Praxair, Inc. v. ATMI, Inc.*, C.A. No. 03-1158-SLR,

2004 U.S. Dist. LEXIS 7076, at *2 (Apr. 20, 2004).

Bacardi's attempt to characterize this case as a suit against a Florida company acting

solely within that state (D.I. 7 at 11-12) is without merit.  Bacardi, a national leader in the sale of

spirits, is not a regional company.  And this is a national, not a regional dispute.  *See BAE*

*Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004)

("Despite its characterization as a 'regional' business, the record indicates that [defendant]

conducts business on a much broader scale.").

Bacardi plans widespread sales of its HAVANA CLUB rum in competition with products

that Pernod sells in all fifty states.  Claiming to own the HAVANA CLUB trademark throughout

the United States, Bacardi has also made false statements nationwide including in Delaware,

where it chose to incorporate and where Pernod sells its rum and vodka products.  Bacardi's

decision to begin its national rollout of HAVANA CLUB rum in Florida does not alter any of

these facts or justify transfer.

Finally, having sought a declaratory judgment in both New York and the District of

Columbia that it owns the HAVANA CLUB trademark, Bacardi is hardly in a position to insist

that Pernod's claim that Bacardi's assertion of ownership is false and must proceed in Florida.[3]

---

[3]  Bacardi's reliance on *Arrow Commc'n Labs v. John Mezzalingua Assocs., Inc.*, C.A. No. 05-357 (SLR),
2005 WL 2786691 (D. Del. Oct. 26, 2005), is misplaced.  In that case, this Court transferred a patent

## II.    THE *JUMARA* FACTORS DO NOT SUPPORT TRANSFER

Pernod is entitled to its legitimate choice of this Court as the forum to resolve its dispute with Bacardi. Neither the other private interest nor the public interest *Jumara* factors support transfer of this case to Florida.

### A.    Pernod Is Entitled To Its Choice Of Forum Unless Bacardi Can Prove Otherwise

"The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Thales Airborne Systems S.A. v. Universal Avionics Systems Corporation*, C.A. No. 05-853-SLR, 2006 U.S. Dist. LEXIS 41895, at *4 (D. Del. June 21, 2006); *Turn of The Century Solution, L.P.*, C.A. No. 05-816-SLR, 2006 WL 1653143, at *4; *Adams v. Crowley*, C.A. No. 04-1565-SLR, 2005 U.S. Dist. LEXIS 9885, at *4 (D. Del. May 25, 2005).

"In the present case [Pernod has] a legitimate reason for choosing this forum: defendant [Bacardi] is a Delaware corporation." *Alex TSE v. Ventura Med. Sys., Inc.*, C.A. No. 97-31-SLR, 1997 U.S. Dist. LEXIS 21017 (D. Del. Nov. 25, 1997); *Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship*, 882 F. Supp. 359, 362 (D. Del. 1994) ("[D]efendants have incorrectly dismissed the fact that their decision to incorporate in Delaware demonstrates a legitimacy to the plaintiff's choice to sue them here."); *Paige Innovations Inc. v. General Cable Indus., Inc.*, C.A. No. 94-676-SLR

---

infringement case to the Northern District of New York, where a case between the same parties that raised the same issues was pending, and observed that "both parties are regional in character and operate their businesses out of central New York, suggesting that the Northern District of New York is the most appropriate venue for the parties to litigate." *Id.* at *8. This recognition that courts should only transfer cases involving regional conflicts does not support transfer of this case.

Transfer of this dispute between two national companies that conduct business in Delaware, where Bacardi is incorporated and has made its false claims, also is not supported by two other cases cited by Bacardi where Delaware had *no* connection to any of the acts giving rise to the lawsuit. *Clopay Corp. v. Newell Cos., Inc.*, 527 F. Supp. 733, 735-36 (D. Del. 1981) ("[T]hese suits have their center of gravity' in the mid-West" where *all* the parties were headquartered.); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505 (D. Del. 1999).

(D. Del. Dec. 6, 1994) (Nakhleh Decl., Ex. 8) (Because "defendant is incorporated in Delaware ..., even if defendant is correct in its argument that Delaware is not plaintiff's 'home turf' for purposes of this action, deference to plaintiff's choice will still apply.").[4]

This fact – not to mention Bacardi's false advertising in Delaware where Pernod also does business – belies Bacardi's claim that Pernod "can offer no rational and legitimate concern for its choice to file suit in Delaware" (D.I. 7 at 10), as well as its reliance on a case *denying* defendants' motion to transfer. *Waste Distillation Tech, Inc. v. Pan Am Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) ("This Court will not grant a transfer merely because a different forum is more convenient for the defendants ... or if it will simply shift the inconvenience to the other parties.").[5]

Bacardi's eagerness to try this case in Florida (and to avoid trying Count II at all) does not support its motion. Bacardi may move this case to Florida only if it meets its heavy burden of proving that "'litigating in Delaware would pose a "unique or unusual burden" on their operations.'" *Tsoukarnelis*, 337 F. Supp. 2d at 603 (quoting *Wesley-Jenssen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993)); *Argos*, 304 F. Supp. 2d at 597; *Praxair,*

---

[4]    Even if Delaware were not considered Pernod's "home court," Pernod's choice of forum would still be of "paramount consideration, and the burden remains on [Bacardi] to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer.'" *Thales Airborne Sys. S.A.*, 2006 U.S. Dist. LEXIS 41895, at *4; *Turn of The Century Solutions, L.P.*, 2006 WL 1653143, at *4 (quoting *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993)). That is particularly so because Bacardi already has engaged in false advertising in Delaware, and Pernod's New York headquarters are closer to Delaware where Bacardi is incorporated than to Florida. *See Kollmorgen Corp. v. Gettys Corp.*, 760 F. Supp. 65, 67-68 (D. Del. 1991) ("Delaware is . . . the 'home turf' of [New York] plaintiff.").

[5]    It also belies Bacardi's unsupported speculation that Pernod's choice of forum "may be the result of forum shopping, as Bacardi has been successful in other litigation over the HAVANA CLUB brand" in the Southern District of New York. (D.I. 7 at 10). In that action, Bacardi's predecessor was anything but successful. The Court did *not* grant Bacardi's predecessor a declaratory judgment (D.I.1 ¶ 14), but rather ruled that "Cubaexport ... [is] the owner of the [HAVANA CLUB & Design] registration," and denied Bacardi's predecessor's request to cancel the registration. *Havana Club Holding, S.A.*, 974 F. Supp. at 311.

*Inc.*, 2004 U.S. Dist. LEXIS 7076, at *2-3.  *See also Thales Airborne Systems S.A.*, 2006 U.S.

Dist. LEXIS 41895, at *3 ("The burden of establishing the need to transfer rests with movant 'to

establish that the balance of convenience of the parties and witnesses strongly favors the

defendants'"); *Turn of The Century Solution, L.P.*, 2006 WL 1653143, at *3; *Adams*, 2005 U.S.

Dist. LEXIS 9885, at *4.

      Bacardi has failed to meet that burden.

**B.**    **Bacardi Has Failed To Carry Its Burden<br>      Of Proving That This Case Should Be Transferred**

      **1.**    **The Private Interest *Jumara* Factors Militate Against Transfer**

      Weighed against Pernod's legitimate choice of forum, the other private interest *Jumara*

factors do not support transfer of this case.

      **Bacardi's "Preference" For The Southern District of Florida Does Not Support**

**Transfer.** In *Allied Signal Inc. v. Hoechst Celanese Corp.*, C.A. No. 97-508-SLR, at 2 (D. Del.

June 8, 1998) (Nakhleh Decl., Ex. 9), this Court observed:

> 3.  This court has recognized of late that the "convenience" factor in a transfer of venue analysis is a somewhat antiquated notion in a day and age where transportation, communication, and information retrieval systems allow for almost immediate access to locations, parties and witnesses, and evidence. *See, e.g., Wesley-Jessen Corp.*, 157 F.R.D. at 218.
>
> 4.  Nevertheless, there are circumstances where issues of convenience deserve consideration, e.g., where a party's activities are local or regional (versus national or international) in scope; where a party's resources (human and otherwise) are insufficient to adequately litigate in an inconvenient forum; or where another court has or had related litigation.

      Those circumstances do not exist here.  Moreover, Bacardi offers no support for its claim

that a "trial in Delaware would be greatly inconvenient to Bacardi" (D.I. 7 at 13) other than the

statement that "most of its witnesses ... with personal knowledge of the development, launch

[sic] marketing and sales of the HAVANA CLUB rum product" are located in Florida. (D.I. 7 at

      - 10 -

12). Even assuming that this testimony is relevant to whether the use of HAVANA CLUB on a non-Cuban rum is geographically misdescriptive (Count I) or to whether Bacardi owns the HAVANA CLUB trademark in the United States (Count II), *Bacardi's current claim of great inconvenience is belied by its willingness to litigate ownership of the HAVANA CLUB trademark both in New York and the District of Columbia.*

Having elected to incorporate in Delaware, Bacardi should have anticipated that it might need to make its employees available for trial here. *See Turn of The Century Solution, L.P.*, 2006 WL 1653143, at *6 ("[S]ince [Bacardi] is a Delaware corporation enjoying all the benefits and protections of this state's laws, it cannot credibly contend that litigation in the state is inconvenient."); *Argos*, 304 F. Supp. 2d at 598 ("Given [Bacardi's] choice for incorporation [in Delaware], ... it voluntarily exposed itself to the possibility of litigation in Delaware."); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) ("[P]arty witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial."), *quoted in Jones Pharma Inc. v. King Pharma., Inc.*, C.A. 03-786 JJF, 2004 U.S. Dist. LEXIS 2333, at *7 (D. Del. Feb. 17, 2004).[6]

Any inconvenience to Bacardi is outweighed by the inconvenience to Pernod of trying this case in Florida, rather than Delaware, which is closer to its New York headquarters and the offices of its counsel. *Tuff Torq Corp.*, 882 F. Supp. at 363 (taking into account location of counsel in Washington, D.C.) (citing *Waste Distillation Tech, Inc.*, 775 F. Supp. at 764 ("This

---

[6]  This Court's decision in *Brown v. C.D. Smith Drug Co.*, C.A. No. 98-494-SLR, 1999 WL 709992 (D. Del. Aug. 18, 1999), involving a defendant incorporated and located *outside* Delaware, is not to the contrary. Further, given the nature of the claims and certain of Bacardi's affirmative defenses, it is far from clear that "most discovery will take place in Florida." (D.I. 7 at 13). In any event, people located in Florida can be deposed in Florida. *See Turn of The Century Solution, L.P.*, 2006 WL 1653143, at *3.

Court will not grant a transfer ... if it will simply shift the inconvenience to the other parties."),

and *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981)). *See also Kollmorgen Corp. v.*

*Gettys Corp.*, 760 F. Supp. 65, 68 (D. Del. 1991) ("Delaware is ... the 'home turf' of plaintiff"

located in New York).

Finally, in arguing that a "trial in Delaware would be greatly inconvenient to Bacardi

with little benefit to Pernod USA" (D.I. 7 at 13), Bacardi has exposed the weakness of its

position. *See Tuff Torq Corp.*, 882 F. Supp. at 363:

> The position of defendants is most revealing in their brief where they state,
> "transferring this case to Iowa would not be any more inconvenient to TTC than
> trying the instant case in Delaware. On the other hand, the burden on the
> defendants would be substantially reduced should the litigation be tried in
> Iowa."... This simply does not meet the burden of establishing factors which
> strongly favor transferring the case.

**Proceeding With This Case In Delaware Will Not Present Financial Hardship To**

**Bacardi**. Just as Bacardi cannot prove great inconvenience, it cannot establish that it will suffer

financial hardship if it must try this case in Delaware. *Cypress Semiconductor Corp. v. Int'l*

*Microcircuits, Inc.*, C.A. No. 01-199 SLR, 2001 U.S. Dist. LEXIS 20803, at *10 (D. Del. Nov.

28, 2001) ("The undisputed record reflects that all the parties are national corporations with

millions of dollars in annual revenue. Likewise, both plaintiff and defendant are corporations

that operate on a national or worldwide scale. In view of this status, convenience based on

expense is uncompelling."); *Wesley-Jessen Corp.*, 157 F.R.D. at 218 ("As [defendant] is a

substantial corporation that operates in the national marketplace and as it has developed its

business in anticipation of doing business around the country, it has not been able to identify any

unique or unusual burden that this litigation places on its business operations.").

Moreover, because only the trial will be held in Delaware, Bacardi's argument that

Delaware is inconvenient because of travel expenses is unfounded. (D.I. 7 at 13). *See J-Squared*

- 12 -

*Techs., Inc. v. Motorola, Inc.*, C.A. No. 04-960-SLR, 2005 U.S. Dist. LEXIS 2258 (D. Del. Feb. 5, 2005) ("The travel expenses and inconveniences incurred for [the purpose of trial], by a Delaware defendant conducting world-wide business, is not overly burdensome.").

Finally, when it has served Bacardi's purposes, Bacardi has brought litigation in New York and California, jurisdictions farther from Florida than from Delaware. *Bacardi USA, Inc. v. M/V COSCO Norfolk*, C.A. No. 03 cv 02996 (S.D.N.Y filed Apr. 29, 2005); *Bacardi & Co. et al. v. ESP Dist. Co.*, C.A. No. 95 cv 4667 (C.D. Cal. filed Jul. 14, 1995). Indeed, Bacardi has litigated and is litigating its alleged ownership of the HAVANA CLUB far from Florida.

**The Convenience Of Bacardi's Non-Party Witnesses Does Not Support Transfer.**

Bacardi has not explained why the testimony of Bacardi's non-party fact witnesses, including Ramon Arechebala, concerning José Arechabala S.A.'s alleged ownership of the HAVANA CLUB mark is relevant to Pernod's claim in Count I that the use of HAVANA CLUB for a non-Cuban rum is geographically misdescriptive.

Assuming those witnesses' testimony bears on the issue of Bacardi's alleged ownership of the HAVANA CLUB trademark, the convenience of Bacardi's third-party witnesses is relevant "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. None of them has refused to testify for Bacardi in Delaware. On the contrary, if they are willing to testify in the District of Columbia about Bacardi's alleged ownership of the HAVANA CLUB trademark, they can do so in Delaware. This belies Bacardi's claim that the witnesses "would be more likely to appear at a trial in the Southern District of Florida, ... because they are within the subpoena power of that court." (D.I. 7 at 5-6). *See Turn of The Century Solution, L.P.*, 2006 WL 1653143, at *3.[7]

---

[7]  It also belies Bacardi's reliance on this Court's decision in *Brown*, 1999 WL 709992, at *22 ("'to fix the place of trial at a point where litigants cannot compel personal attendance [of witnesses] ... is to create

Of Bacardi's third party fact witnesses, only Arechebala lays claim to any infirmity. That did not discourage Bacardi from bringing its still pending suit in the District of Columbia. Furthermore, Bacardi has not explained why Arechabala's testimony is critical if Bacardi has four other non-party witnesses who can provide testimony "about the condition of the Arechabala family company as of January 1, 1960." (D.I. 7 at 14). In any event, trial testimony of this one witness can be submitted via deposition if necessary. *Turn of The Century Solution, L.P.*, 2006 WL 1653143, at *7 n.2 ("From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There is certainly no obstacle to [the defendant's] embracing this routine trial practice.").

Bacardi suggests that it would conduct consumer surveys in Florida (D.I. 7 at 7), but does not actually argue that the convenience of expert witnesses presenting the results of such surveys would be better served in Florida. (D.I. 7 at 13-15). In any event, because only the witnesses' convenience *at trial* can be taken into account, it is irrelevant where the experts *conduct* the surveys, and no reputable expert would confine such a survey to Florida. *See, e.g., Tyco Indus., Inc. v. Lego Systems, Inc.*, 5 U.S.P.Q. 2d 1023, 1027 (D.N.J. 1987), *aff'd*, 853 F.2d 921 (3d Cir. 1988) (false advertising survey conducted in "cities geographically dispersed throughout the United States"); REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 244 (2d ed. 2000) (discussing need for reliable sampling of survey respondents). Finally, until any such witnesses are identified, Bacardi cannot say whether a trial in Delaware would be less convenient for them than a trial in Florida.

---

a condition not satisfactory to court, jury or most litigants.' *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947)."), and *Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 808 (D. Del. 1988), which also concerned the ability of the "forums to subpoena witnesses".

**The Location Of Documents Does Not Support Transfer.** Similarly, the location of books and records does not weigh in favor of transfer. Even if Bacardi has a significant number of documents bearing on the issues in this case, the burden of transporting documents to trial in Delaware can hardly be considered unexpected and has been drastically reduced by the convenience of technology. *See Wesley-Jessen Corp.*, 157 F.R.D. at 218; *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, C.A. No. 96-101-SLR, 1996 WL 328594, at *4-*5 (D. Del. April 23, 1996); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571 (D. Del. 2001) ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles.").

Bacardi did not allow this alleged hurdle to discourage it from litigating ownership of the HAVANA CLUB trademark in either New York or the District of Columbia. And trying the case in Florida would simply shift any such burden to Pernod, which is closer to Delaware than Florida.

**This Case Should Not Be Transferred Because Of Where The Claim Arose.** First, Bacardi's reliance on *Joint Stock Soc. v. Heublein, Inc.*, 936 F. Supp. 177, 188 (D. Del. 1996), for the proposition that "[c]laims under the Lanham Act arise . . . where a customer buys the product" is misplaced. Citing two Lanham Act *trademark infringement* cases, the Court made that statement in deciding that "venue is proper to this district." *Id.* It then went on to *deny* defendants' motion to transfer. *Id.* at 188-91.[8]

---

[8]    This is not a trademark infringement case, where the issue is whether the sale of defendant's product bearing a trademark is "likely to cause confusion .... as to the origin, sponsorship, or approval of ... [its] goods." Lanham Act § 43(a)(1)(A), 15 U.S.C. § 43(a)(1)(A). Another trademark infringement case on which Bacardi inappropriately relies (D.I. 7 at 11) is *Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*, 201 F. Supp. 2d 294 (D. Del. 2002). This Court granted a motion to transfer a case to the forum in which plaintiffs were incorporated and headquartered and the dispute was centered, stating "[e]ven more

Second, a *false advertising* case under Section 43(a)(1)(B) of the Lanham Act may be brought by "any person who believes that he or she is or is likely to be damaged." 15 U.S.C. § 1125(a)(1)(B). *See Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 95-96 (3d Cir. 2000) ("A showing of a reasonable belief of injury will usually be sufficient to establish a reasonable likelihood on injury ... and that basis will usually equate with a showing of reasonable likelihood of future harm."). As Bacardi acknowledges, such a showing may be made through consumer surveys (D.I. 7 at 7), which are typically conducted at a variety of locations around the country to insure reliability. *See supra,* at 14.

Finally, even if the harm in a false advertising can be said to occur where the false statements are encountered by consumers, Bacardi already has used the geographically misdescriptive HAVANA CLUB trademark and falsely claimed to own that trademark in Delaware and will continue to do so in the future as it expands its use of HAVANA CLUB.

2.      **The Public Interest *Jumara* Factors Militate Against Transfer**

The public interest *Jumara* factors also do not support transfer. By omission, Bacardi concedes that public interest factors 1 (the enforcement of the judgment), 2 (the practical considerations that could make the trial easy, expeditious or inexpensive), 5 (the public policies of the fora), and 6 (the familiarity of the trial judge with the applicable state law in diversity cases) are either inapplicable or not helpful to Bacardi's position.

Factor 3 (the relative administrative difficulty in the two fora resulting from court congestion) also does not support transfer. Bacardi's statistics do not show the relative speed to trial or disposition of Lanham Act cases in the Southern District of Florida and this Court.

---

compelling is the existence of the New York action ... It would be a waste of judicial resources to allow both cases to proceed in parallel." *Id.* at 301. Also inapposite is *APV N. Am. Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 393, 399 (D.Del. 2002) ("the patents at issue relate to machinery that is manufactured in Texas, not Delaware, and no infringement is alleged to have occurred in Delaware.").

Moreover, even if the Southern District of Florida were a little faster, that is not by itself dispositive. *See Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C.A. No. 01-839-GMS, 2002 U.S. Dist. LEXIS 1275, at *11 (D. Del. Jan. 28, 2002) (Court congestion "is but one factor in the analysis and is not alone determinative of the issue.").

Finally, factor 4 (the local interest in deciding local controversies at home) does not support transfer of this national dispute between two of the country's leading marketers of spirits. Bacardi may prefer to plead its case before a Florida jury. But as Bacardi's own authority recognizes, that does not justify transfer of this case. *See Waste Distillation Tech, Inc.*, 775 F. Supp. at 764 ("This Court will not grant a transfer merely because a different forum is more convenient for defendants") (citing *Ballard Medical Prods. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988)).

- 17 -

## CONCLUSION

For the foregoing reasons, Bacardi's motion to transfer to the Southern District of Florida should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Plaintiff
PERNOD RICARD USA, LLC

OF COUNSEL:

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
Eric C. Hubbard
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

October 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Wade.

I further certify that I caused copies of the foregoing document to be served on October 6, 2006 upon the following in the manner indicated:

### BY HAND

William J. Wade
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

### BY FEDERAL EPXRESS

Eugene D. Gulland
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004

William R. Golden, Jr.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

         /s/   Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Wade.

I further certify that I caused copies of the foregoing document to be served on October 6, 2006 upon the following in the manner indicated:

### BY EMAIL

Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

Eugene D. Gulland
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004

William R. Golden, Jr.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

/s/   Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com