IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PERNOD RICARD USA, LLC

        Plaintiff,             :

    v.              :  C.A. No. 06-505-SLR

BACARDI USA, INC.,         :

        Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO BACARDI'S
MOTION TO DISMISS COUNT II UNDER FED. R. CIV. P. 12(b)(6)**

                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                  Jack B. Blumenfeld (#1014)
                  Rodger D. Smith (#3778)
                  1201 N. Market Street
                  P.O. Box 1347
                  Wilmington, DE 19899-1347
                  (302) 658-9200

                  Attorneys for Plaintiff
                  PERNOD RICARD USA, LLC

OF COUNSEL:

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
Eric C. Hubbard
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

October 20, 2006

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ..................................................................................................2

STATEMENT OF FACTS ........................................................................................................3

I.     THE COMPLAINT PLEADS THE FIRST AND FIFTH ELEMENTS OF
       PERNOD'S CLAIM ....................................................................................................3

       A.     The Complaint Pleads The First Element ................................................................3

       B.     The Complaint Pleads The Fifth Element ................................................................4

II.    BACARDI DOES NOT WANT TO LITIGATE OWNERSHIP
       OF THE HAVANA CLUB TRADEMARK....................................................................5

ARGUMENT ...........................................................................................................................6

I.     BACARDI'S MOTION MUST BE DENIED IF COUNT II
       PLEADS THE ELEMENTS OF PERNOD'S CLAIM....................................................6

II.    BACARDI'S MOTION SHOULD BE DENIED BECAUSE COUNT II
       PLEADS THE ELEMENTS OF PERNOD'S CLAIM....................................................7

       A.     The Complaint Pleads The First Element ................................................................8

              1.     Bacardi's Statement Was Made In
                     Connection With Marketing Its Rum............................................................8

              2.     Bacardi's Statement Misrepresents The Geographic Origin And The
                     Nature, Characteristics And Qualities Of Its Rum..........................................9

       B.     Pernod Has Standing To Plead And Has Pleaded The Fifth Element .....................13

              1.     The Complaint Pleads That Pernod Is Likely To Be Injured.........................13

              2.     Pernod Has Standing To Bring Its Claim Because It Is A Competitor
                     Likely To Be Injured By Bacardi's False Statement ....................................14

                     a.     Pernod Has Constitutional Standing...................................................15

                     b.     Pernod Has Prudential Standing.........................................................15

       CONCLUSION.........................................................................................................17

## TABLE OF AUTHORITIES

### CASES

*Argos v. Orthotec LLC,*
   304 F. Supp. 2d 591 (D. Del. 2004)..........................................................................15

*CPC International, Inc. v. Skippy, Inc.,*
   231 U.S.P.Q. 811 (E.D.Va. 1986)..............................................................................11

*Conte Brothers Automobile, Inc. v. Quaker State-Slick 50 Inc.,*
   165 F.3d 221 (3d Cir. 1998)...............................................................13, 15, 16, 17

*Dastar Corp v. Twentieth Century Fox Film Corp.,*
   539 U.S. 23 (2003)....................................................................................................12

*Digigan, Inc. v. iValidate,*
   No. 02 Civ. 420, 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004) .....................................13

*Ditri v. Coldwell Banker Residential Affiliates,*
   954 F.2d 869 (3d Cir. 1992)..........................................................................................7

*Granite State Insurance Co. v. Aamco Transmissions, Inc.,*
   57 F.3d 316 (3d Cir. 1995)...........................................................................................16

*Hans-Jurgen Laube & Oxiwerk HJL AG v. KM Europa Model Metal AG,*
   No. 96 Civ. 8147, 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998) .................................13

*Havana Club Holding, S.A. v. Galleon, S.A.,*
   203 F.3d 116 (2d Cir. 2000)...........................................................................3, 5, 15, 16

*John Wright, Inc. v. Casper Corp.,*
   419 F. Supp. 292 (E.D. Pa. 1976), aff'd in pertinent part 587 F.2d 602
   (3d Cir. 1978).............................................................................................................2, 10

*Joint Stock Society v. UDV North America, Inc.,*
   266 F.3d 164 (3d Cir. 2001)................................................................................ passim

*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.,*
   495 F.2d 1265 (2d Cir. 1974)......................................................................................15

*Larami Corp. v. Amron,*
   36 U.S.P.Q. 2d 1073 (E.D. Pa. 1995) ..........................................................................9

*M. Eagles Tool Warehouse Inc. v. Fisher Tooling Co.,*
   52 U.S.P.Q. 2d 1748 (D.N.J. 1999) ............................................................................11

*Mishawaka Rubber & Woolen Manufacturing Co. v. S. S. Kresge Co.*,
    316 U.S. 203 (1942)..................................................................................................10

*Monsanto Co. v. Syngenta Seeds, Inc.*,
    No. CIV.04-305, 2006 WL 2247094 (D. Del. Aug. 6, 2006).....................................12

*National Kitchen Products Co. v. The Butterfly Co., Inc.*,
    No. 93-2912, 1994 WL 391422 (D.N.J. Apr. 5, 1994)........................................7, 9, 11

*Nokia Corp.v. Interdigital Communications*,
    No. Civ.A. 05-16-JJF, 2005 WL 3525696 (D. Del. Dec. 21, 2005)..............................7

*Ramsey Group, Inc.* v. *EGS Intern., Inc.*,
    329 F. Supp. 2d 630 (W.D.N.C. 2004) ......................................................................10

*Semco, Inc. v. Amcast, Inc.*,
    52 F.3d 108 (6th Cir. 1995) ........................................................................................9

*Synopsys, Inc. v.  Magma Design Automation*,
    No. Civ.A 05-701, 2006 WL 1452803 (D. Del. May 25, 2006)...................................6

*Upjohn Co. v. Riahom Corp.*,
    641 F. Supp. 1209 (D. Del. 1986)........................................................................11, 14

*In re Warfarin Sodium Antitrust Litigation*,
    No. 98-1232-SLR, 1998 WL 883469 (D. Del. Dec. 7, 1998), *rev'd on other*
    *grounds*, 214 F.3d 395 (3d Cir. 2000) ..................................................................6, 8, 9

*Warner-Lambert Co. v. BreathAsure, Inc.*,
    204 F.3d 87 (3d Cir. 2000)................................................................................ *passim*

*Zinn v. Seruga*,
    No. 05-cv-3572, 2006 WL 2135811 (D.N.J. July 28, 2006) ...............................6, 9, 10

## RULES AND STATUTES

Fed. R. Civ. P. 12(b)(6)........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1)........................................................................................1, 14

15 U.S.C. § 1125(a)(1)(B) (Lanham Act § 43(a)(1)(B)) ........................................... *passim*

## ADDITIONAL AUTHORITIES

1 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
2:15 (4th ed. 2006)........................................................................................................10

1 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
3:10 (4th ed. 2006)........................................................................................................10

1 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
3:12 (4th ed. 2006)........................................................................................................10

3 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
19:146 (4th ed. 2006) ....................................................................................................13

4 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
27:24 (4th ed. 2006)........................................................................................................8

4 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
27:32 (4th ed. 2006)..............................................................................................14, 16

4 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* §
27:75 (4th ed. 2006)......................................................................................................12

1A Callmann on Unfair Comp., Trademarks & Monopolies § 5:34 (4th ed. 2002)..........11

## INTRODUCTION

Bacardi U.S.A., Inc. ("Bacardi") has moved to dismiss Count II of the Complaint, which alleges that Bacardi's claim of ownership of the HAVANA CLUB trademark in the United States is false. This is plaintiff Pernod Ricard USA, LLC's ("Pernod") Answering Brief in opposition to Bacardi's motion.

Bacardi argues that Pernod, one of Bacardi's chief competitors, has failed to plead the first element of a Lanham Act § 43(a)(1)(B) false advertising claim and that Pernod does not have standing to assert its claim. Bacardi is wrong. Pernod has pleaded all five elements of its claim as set out in *Warner-Lambert Co.* v. *BreathAsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000), including that (i) Bacardi has made a false statement about its rum and (ii) as a competitor, Pernod is likely to be damaged by that false statement.

Bacardi's false claim of trademark ownership is a statement about its rum that violates Lanham Act § 43(a)(1)(B). *See, e.g., Joint Stock Society* v. *UDV North America, Inc.*, 266 F.3d 164, 176 (3d Cir. 2001). Further, Bacardi's motion confuses a Rule 12(b)(6) motion to dismiss for failure to state a claim with a Rule 12(b)(1) motion to dismiss for lack of standing. It also disregards the statement in *Joint Stock Society* that a competitor of Bacardi would have standing to challenge a false statement by Bacardi about its HAVANA CLUB rum. *Id.* at 182.

Bacardi's motion – whether brought under Rule 12(b)(6), 12(b)(1) or both – should be denied.

## NATURE AND STAGE OF THE PROCEEDINGS

On August 15, 2006, Pernod filed this action asserting that Bacardi has violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), by falsely and misleadingly describing the geographic origin of its HAVANA CLUB rum product, which is not produced in Cuba (Count I), and falsely stating that it owns the HAVANA CLUB trademark in the United

States (Count II).  On September 13, 2006, Bacardi moved to transfer this case to the Southern

District of Florida.  Pernod responded to Bacardi's transfer motion on October 6, 2006.  Bacardi

filed its reply on October 16, 2006.  Meanwhile, on September 22, 2006, Bacardi answered

Count I and moved to dismiss Count II under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## SUMMARY OF ARGUMENT

1.      Bacardi's motion should be denied.  Count II states a claim by pleading all five

elements of a Lanham Act § 43(a)(1)(B) false advertising cause of action.  Bacardi does not

dispute that Count II pleads elements 2-4.  Instead, it argues incorrectly that Count II omits the

first element, namely, that Bacardi has made a false statement about its rum, and that Pernod's

allegations of injury do not confer on it standing to bring a false advertising claim against a

major competitor.

2.      The Complaint pleads the first element of Pernod's claim.  It alleges that

Bacardi's false claim of trademark ownership was made in connection with marketing its rum.  It

further alleges that Bacardi's statement misrepresents both the geographic origin *and* the nature,

characteristics and qualities of its rum.  *See, e.g., Joint Stock Society*, 266 F.3d at 176 (false

claims of geographic origin and trademark rights violate Lanham Act § 43(a)(1)(B)); *John*

*Wright, Inc.* v. *Casper Corp.*, 419 F. Supp. 292, 327 (E.D. Pa. 1976), *aff'd in pertinent part,* 587

F.2d 602 (3d Cir. 1978) (false claims of geographic origin and patent ownership violate Lanham

Act § 43(a)(1)(B)).

3.      As a major competitor of Bacardi, Pernod has standing to plead and has pleaded

that Bacardi's false statement is likely to cause it injury.  *See Warner-Lambert Co.*, 204 F.3d at

95-96.  Indeed, Bacardi's own authorities make clear that a competitor such as Pernod has

standing to challenge the truth of Bacardi's statement that it owns the HAVANA CLUB

trademark in the United States. *See, e.g., Joint Stock Society*, 266 F. 3d at 182 (citing *Havana*

*Club Holding, S.A. v. Galleon, S.A.*, 203 F.3d 116, 134 (2d Cir. 2000)).

## STATEMENT OF FACTS

### I.    THE COMPLAINT PLEADS THE FIRST AND
###       FIFTH ELEMENTS OF PERNOD'S CLAIM

#### A.    The Complaint Pleads The First Element

The first element of Count II is that Bacardi's false statement was made about a product.

As Bacardi concedes, that element is satisfied if the statement was made in connection with the

commercial marketing of a product about either the geographic origin *or* the nature,

characteristics or qualities of the product. (D.I. 13, at 9).

The Complaint alleges that Bacardi's false claim of ownership of the HAVANA CLUB

trademark was made in connection with the commercial launch of its HAVANA CLUB rum

product. In its nationwide press release announcing the launch of HAVANA CLUB rum,

Bacardi claimed that it "owns the rights to the brand." (D.I. 1, ¶¶ 9, 29 & Ex. C). The statement

by Bacardi's Vice President and Group Marketing Director in a nationwide broadcast

inextricably linked Bacardi's claim of ownership with the commercial marketing of its rum:

> *Right now, we own* the rights to *this brand* [HAVANA CLUB] and we *felt*
> that *this was the appropriate time to leverage the brand* to take advantage
> of some of the hot trends that are taking place and *to give the consumer
> what they're looking for*.

(D.I. 1, ¶ 11 & Ex. D).[1] That link was also evident in the timing of Bacardi's product launch.

Bacardi rolled out its HAVANA CLUB rum within days of a preliminary U.S. Patent and

---

[1]       In this brief, all emphasis is added unless otherwise indicated.

Trademark Office ruling that Bacardi contends (incorrectly) affirmed its rights in the HAVANA

CLUB trademark.  (D.I. 1, Ex. B).[2]

The Complaint further alleges, with respect to Bacardi's claim of ownership of the

HAVANA CLUB trademark for its non-Cuban rum, that:

> 30.  Bacardi U.S.A.'s statement that it owns the rights to the HAVANA CLUB trademark in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960 is false.

> 31.  On information and belief, the foregoing representation is likely to cause consumers to believe, incorrectly, that Bacardi U.S.A. owns the rights to the HAVANA CLUB trademark in the United States as the successor to a company that marketed a Cuban HAVANA CLUB rum prior to 1960.

> 32.  On information and belief, the foregoing representation is likely to mislead and deceive customers into believing Bacardi U.S.A.'s HAVANA CLUB rum is made in Cuba *and* Bacardi U.S.A. has rights that it does not have to market such a product under the HAVANA CLUB trademark.

(D.I. 1) (emphasis added).

### B.    The Complaint Pleads The Fifth Element

The fifth element of Count II is that there is a likelihood that Bacardi's false claim of

ownership will injure Pernod by, for example, cutting into its sales of rum or vodka or harming

its goodwill.  The Complaint pleads that element as well.

First, it alleges that "[a]s two of the biggest distributors of spirits including rum and

vodka in the United States, Pernod Ricard and Bacardi U.S.A. compete keenly for the sale of

---

[2]    On August 3, 2006, a few days before Bacardi's product launch, the Post Registration Division of the U.S. Patent and Trademark Office ruled that a registration of the HAVANA CLUB trademark *owned by a third party, Cubaexport*, would expire unless Division's decision not to renew the registration was reversed on appeal.  Cubaexport has appealed the decision to the Director/Commissioner of Trademarks. *See* Declaration of William Z. Nakhleh ¶¶ 2-3 & Ex. 1 ("Nakhleh Decl.").  Highlighting Bacardi's lack of involvement in the decision, the Commissioner of Trademarks ruled on July 18, 2006 that "petitioner [Bacardi] seeks to involve itself in the Director's review of a combined filing in connection with a registration of which petitioner is not the owner.  The Director will not consider the information or documents submitted with this petition because petitioner is a third party in this *ex parte* matter." Nakhleh Decl. at Ex. 2.

spirits in the United States." (D.I. 1, ¶ 6). It then alleges that Bacardi has announced that its

"HAVANA CLUB rum is intended to capitalize on the current popularity of rum and white

spirits such as vodka." (D.I. 1, ¶ 8 & Ex. B). Incorporating those allegations by reference,

Count II goes on to allege:

> 33.  Pernod Ricard believes that it is likely to be damaged by the
> foregoing representations in that consumers are likely to be induced into
> purchasing Bacardi U.S.A.'s HAVANA CLUB rum due to this mistaken belief
> [that Bacardi's HAVANA CLUB rum is made in Cuba and Bacardi U.S.A. has
> rights that it does not have to market such a product under the HAVANA CLUB
> trademark] and these purchases are likely to cause Pernod Ricard to lose sales of
> spirits, including MALIBU rum and STOLICHNAYA vodka, in an amount to be
> determined at trial.

> 34.  Pernod Ricard believes that its reputation and goodwill have been and
> are likely to be damaged by the foregoing representations.

(D.I. 1).

## II.    BACARDI DOES NOT WANT TO LITIGATE OWNERSHIP
## OF THE HAVANA CLUB TRADEMARK

Bacardi would like this Court to dismiss Count II because Bacardi has not established

that it owns the HAVANA CLUB trademark in the United States and does not wish to litigate

that issue.

In *Havana Club Holding, S.A. et al. v. Galleon, S.A., Bacardi-Martini, U.S.A., Inc. et al.*,

96 Civ-9655 (SAS) (S.D.N.Y. 1996), Bacardi's predecessor Bacardi-Martini U.S.A., Inc. sought

a declaratory judgment that "Bacardi has the prior, superior and exclusive right to use the

designation HAVANA CLUB as a trademark for rum in the United States." Nakhleh Decl. at

Ex. 3, ¶ 45. Bacardi-Martini U.S.A., Inc. did not pursue that claim through to judgment, and the

court did not grant Bacardi-Martini U.S.A., Inc. a declaratory judgment (D.I. 1, ¶ 14).

In March 2004, Bacardi and Bacardi & Company, Ltd. sought a declaratory judgment in

the District Court for the District of Columbia that Bacardi & Company, Ltd. "is the true owner

of the common law rights in and to the HAVANA CLUB mark as the bona fide successor-in-interest to [Jose Arechebala S.A.], the original owner of those rights." Nakhleh Decl. at Ex. 4, ¶ 142. On September 15, 2006, Bacardi moved to stay that claim, arguing that its motion should be granted because "Bacardi's rights to the HAVANA CLUB mark are being litigated" in Delaware. Nakhleh Decl. at Ex. 5, at 7.

One week later, Bacardi moved in this Court to dismiss the count that it had told the District of Columbia Court was being litigated here. Bacardi does not want to have its claim of ownership decided by this or any other court. But that does not support dismissal of Count II in which Pernod alleges that Bacardi's claim of ownership is false.

## ARGUMENT

### I.    BACARDI'S MOTION MUST BE DENIED IF COUNT II PLEADS THE ELEMENTS OF PERNOD'S CLAIM

In *In re Warfarin Sodium Antitrust Litig.*, No. 98-1232-SLR, 1998 WL 883469 (D. Del. Dec. 7, 1998), *rev'd on other grounds*, 214 F.3d 395 (3d Cir. 2000), this Court denied a Rule 12(b)(6) motion to dismiss a Lanham Act § 43(a)(1)(B) claim, stating:

> In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint, and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

*See also Zinn* v. *Seruga*, No. 05-cv-3572, 2006 WL 2135811 (D.N.J. July 28, 2006) (denying motion to dismiss claim that defendant falsely asserted trademark ownership); *Synopsys, Inc.* v.

*Magma Design Automation*, No. Civ.A. 05-701, 2006 WL 1452803, at *3 (D. Del. May 25, 2006), denying motion to dismiss false advertising claim and observing:

> [T]he required level of specificity with which each element must be pleaded is not high because Rule 8 only requires "a short and plain statement of the claim showing that the pleaded is entitled to relief."

*Nokia Corp.* v. *Interdigital Commc'ns*, No. Civ.A. 05-16-JJF, 2005 WL 3525696 (D. Del. Dec. 21, 2005) (denying motion to dismiss false advertising claim); *National Kitchen Products Co.* v. *The Butterfly Co., Inc.*, No. 93-2912, 1994 WL 391422, at *5 (D.N.J. Apr. 5, 1994) (denying motion to dismiss claim that defendant falsely asserted patent ownership and observing that "[a]s the long-established federal policy of civil litigation is to decide cases on the proofs, *Melo-Sonics Corp.* v. *Cropp,* 342 F.2d 856 (3d Cir. 1965), the district courts generally disfavor Rule 12(b)(6) motions.").

Applying this test, this Court should deny Bacardi's motion.

## II.    BACARDI'S MOTION SHOULD BE DENIED BECAUSE COUNT II PLEADS THE ELEMENTS OF PERNOD'S CLAIM

Bacardi cannot and does not deny that the elements of a claim under Section 43(a)(1)(B) of the Lanham Act are: (1) the defendant has made a false or misleading statement about plaintiff's or his own product; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods travel in interstate commerce; and 5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc. *Warner-Lambert Co.*, 204 F.3d at 91-92.[3] Bacardi does not dispute that Count II pleads

---

[3]    This test is also set out in a Rule 12(b)(6) case on which Bacardi relies. *Ditri* v. *Coldwell Banker Residential Affiliates*, 954 F.2d 869, 872 (3d Cir. 1992). In that case, the Court dismissed the claim because "[p]laintiffs have not alleged in their complaint any particular false statement or representation on the part of Coldwell." *Id.* Here, Pernod has set out with particularity Bacardi's false claim of trademark ownership.

elements 2-4.[4]  Instead, Bacardi argues incorrectly that Pernod has failed to plead the first

element and that its allegations of injury do not give it standing to bring its claim.

### A.    The Complaint Pleads The First Element

Breaking down the first element, Bacardi argues that:

> the alleged misrepresentation of fact (1) must be "on or in connection with
> goods or services," and (2) must misrepresent the "nature, characteristics,
> qualities or geographic origin" of the defendant's (or someone else's)
> "goods, services or commercial activities."  4 J. Thomas McCarthy,
> *McCarthy On Trademarks and Unfair Competition* (hereinafter
> "*McCarthy On Trademarks*") § 27:24 (2006).

> The allegation of Count II that Bacardi USA falsely claimed to have
> trademark rights in the HAVANA CLUB mark fails to meet either of these
> requirements.  (D.I. 13, at 9-10).

Bacardi is wrong.

### 1.    Bacardi's Statement Was Made In
### Connection With Marketing Its Rum

Bacardi maintains without support that "the alleged statement concerning Bacardi USA's

rights in the mark" was not made on or in connection with any product.  (D.I. 13, at 10).  That is

not so.

The very authority on which Bacardi relies states that the "in connection" requirement

serves the purpose of reconciling Lanham Act § 43(a)(1)(B) with First Amendment protection

for *non*-commercial speech.  4 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair

Competition* § 27:24, at 27-46 & 27:95 (4th ed. 2006).  The requirement is not intended to shield

from the reach of the statute statements made in connection with the commercial marketing of a

product.  *In re Warfarin Sodium Antitrust Litig.,* 1998 WL 883469, at *13.

---

[4]    In any event, the Complaint alleges elements 2-4.  It alleges that Bacardi's false claim of
trademark ownership is likely to cause deception (D.I. 1, ¶ 31); the deceptive nature of the claim is
material in that it is likely to influence consumers' buying decisions (D.I. 1, ¶¶ 32-33); and the false claim
was made nationwide in connection with a product that Bacardi has sold and intends to sell in commerce
(D.I. 1,  ¶¶ 8, 9, 11, 29 & Exs. B-D).

Bacardi's claims of ownership of the HAVANA CLUB trademark in a national press release and national radio broadcast were made in connection with the commercial launch of Bacardi's rum. *See In re Warfarin Sodium Antitrust Litig.*, 1998 WL 883469, at *12 (false claims "made in the context of press releases, computer software, letters, and facsimile transmissions"); *Semco, Inc.* v. *Amcast, Inc.*, 52 F.3d 108, 114 (6th Cir. 1995) (finding actionable statements made in so-called "'free-advertising' . . . [such as] the publicity manufacturers may receive in press releases, news interviews, or trade publications"); *Zinn,* 2006 WL 2135811 (false claim of trademark ownership made on website); *National Kitchen Products Co.*, 1994 WL 391422, at *6 (false claim of patent ownership made in corporate memo sent to company's sales force); *Larami Corp. v. Amron*, 36 U.S.P.Q. 2d 1073, 1082, 1084 (E.D. Pa. 1995) (letter falsely charging trademark infringement).

### 2.     Bacardi's Statement Misrepresents The Geographic Origin And The Nature, Characteristics And Qualities Of Its Rum

As Bacardi observes, the accused commercial statement "must misrepresent the 'nature, characteristics, qualities *or* geographic origin' of the defendant's (or someone else's) 'goods . . . or commercial activities.'" (D.I. 13, at 9). Count II alleges that Bacardi's false claim of ownership misrepresents both the geographic origin and the nature, characteristics or qualities of its rum.

*First, Count II alleges that Bacardi's claim of ownership of the HAVANA CLUB trademark misrepresents the geographic origin of Bacardi's non-Cuban rum.* Bacardi concedes that Pernod has alleged that Bacardi's claim of ownership misrepresents the geographic origin of its rum. (D.I. 13, at 8; D.I. 1, ¶¶ 30-32, quoted at *supra* p. 4). Without more, that allegation satisfies the first element of Pernod's claim. *See Joint Stock Society*, 266 F.3d at 176 ("plaintiffs could have asserted their [claim that defendants were falsely stating their vodka is

Russian] . . . if they had marketed their vodka in the United States"); *John Wright, Inc.*, 419 F.

Supp. at 327 (suggesting, without actually representing, that product was American-made is a

"material, false representation").

    ***Second, Bacardi's claim of ownership misrepresents the nature, characteristics***

***and qualities of its rum.*** A trademark has "no existence independent of the article . . . in

connection with which the mark is used." 1 *McCarthy on Trademarks* § 2:15, at 2-33

(4th ed. 2006). As such, trademarks "serve to indicate a level of consistent quality" of

the products with which they are used. *Id.* § 3:10, at 3-23. And like the other

characteristics and qualities of a product, "the good will [a] trademark symbolizes is a

factor in making the sale." *Id.* § 2:15, at 2-36 to 2-37. "In addition to functioning as

indicators of source and quality . . . '[a] trademark . . . is a species of advertising, its

purpose being to fix the identity of the article . . . in the minds of people.'" *Id.* § 3:12, at

3-31. "Once this is attained, the trademark owner has something of value." *Mishawaka*

*Rubber & Woolen Mfg. Co. v. S. S. Kresge Co.*, 316 U.S. 203, 205 (1942).

    Accordingly, to claim ownership of a trademark is to make a statement about a

key product characteristic, which does not exist apart from the product. A term such as

HAVANA CLUB identifies the product, distinguishes the product from rival brands,

vouches for the product's consistent quality and fixes the product in the public mind. The

commercial value of owning a coveted trademark, and of being entitled to claim such

ownership, cannot be doubted.

    When a claim of trademark ownership is false, it violates Lanham Act § 43(a)(1)(B).

*Zinn*, 2006 WL 2135811 (denying motion to dismiss claim the defendant falsely asserted

trademark ownership); *Ramsey Group, Inc.* v. *EGS Intern., Inc.*, 329 F. Supp. 2d 630, 656-57

(W.D.N.C. 2004) (granting summary judgment regarding false claim of trademark ownership);

*CPC Int'l, Inc.* v. *Skippy, Inc.*, 231 U.S.P.Q. 811, 815 (E.D.Va. 1986) ("Tibbetts' claim of

ownership of [the] SKIPPY [trademark] for food products and peanut butter are false claims

prohibited by . . . Lanham Act § 43(a)."); 1A Callmann on Unfair Comp., Trademarks &

Monopolies § 5:34, at 225-26 (4th ed. 2002) ("A false claim of ownership of trademark rights

violates § 43(a). . . . A patentee or trademark owner may not convey a false impression of the

scope of his exclusive rights.").

      As the Third Circuit observed in a case on which Bacardi relies, "plaintiffs could have

asserted their [claim that defendants were falsely proclaiming the right to use the SMIRNOFF

marks]. . . . even if they had marketed their vodka in the United States . . . under a totally

unrelated name." *Joint Stock Society*, 266 F.3d at 176. *See also Upjohn Co. v. Riahom Corp.*,

641 F. Supp. 1209, 1223 (D. Del. 1986) ("False or misleading claims of patent protection clearly

violate § 43(a).") (citing *John Wright, Inc.*, 419 F. Supp. at 327 (defendant's suggestion that it

"holds patents . . . is . . . a material misrepresentation of quality which . . . violates § 43(a)"));

*National Kitchen Products Co.*, 1994 WL 391422, at * 7 (false claim of patent ownership); *M.*

*Eagles Tool Warehouse Inc.* v. *Fisher Tooling Co.*, 52 U.S.P.Q. 2d 1748, 1758 (D.N.J. 1999)

(claims that plaintiff owned patents were "false representations about its [product]").

      Bacardi cannot credibly argue that its false claim of ownership of the HAVANA CLUB

trademark should go unchallenged because it is not a commercial statement about a product

characteristic. Bacardi's claim of ownership is central to its marketing effort. After withdrawing

its HAVANA CLUB rum from the market in 1996, Bacardi waited ten years to relaunch it and

did so within days of a decision that it contends affirmed its rights in the trademark. During that

hiatus, Bacardi spent large amounts on legal fees to challenge another party's ownership of the

trademark.  And when it felt the time was ripe, it took pains to announce its ownership

nationwide, stating that it "owns the rights to the brand" and "*now*, we *own . . . this brand*

[HAVANA CLUB] and we felt that *this was the appropriate time* to *leverage the brand . . .* to

give the consumer what they're looking for."  (D.I. 1, ¶¶ 9, 11 & Exs. C-D).

 None of Bacardi's authorities says that a false claim of trademark ownership does not

violate Lanham Act § 43(a)(1)(B).  *Dastar Corp v. Twentieth Century Fox Film Corp.*, 539 U.S.

23 (2003), concerned a cause of action for reverse passing off under Lanham Act § 43(a)(1)(A),

not false advertising under Lanham Act § 43(a)(1)(B).  *See* 4 *McCarthy on Trademarks* § 27.75,

at 27-172 to 173 ("The U.S. Supreme Court held that . . . § 43(a)(1)(A) is not triggered by a false

designation of being the producer or creator of a creative or communicative work such as a

motion picture. . . . [F]alse claims of creation of the intellectual property content of a product

must fit within the false advertising prong of § 43(a)(1)(B).");  *Monsanto Co. v. Syngenta Seeds,*

*Inc.*, No. CIV.04-305, 2006 WL 2247094, at *2-*4 (D. Del. Aug. 6, 2006) (distinguishing

between passing off and false advertising).

 In *Monsanto*, this Court concluded that all of defendant's alleged false advertising claims

were "merely rephrases [of] a reverse passing off claim...  All of the statements asserted by

Monsanto boil down to Syngenta's alleged passing off Monsanto's GA21 trait as its own."  2006

WL 2247094, at *4.  In correctly distinguishing between passing off and false advertising, this

Court did not say that a false claim of trademark ownership is not false advertising.  Pernod is

not alleging that Bacardi's rum will be mistaken for its rum.  It is alleging that Bacardi's claim of

ownership is false.

 In pointing out that in "the chapter of his treatise on false advertising claims, Professor

McCarthy" does not list false claims of trademark ownership (D.I. 13, at 11), Bacardi overlooks

the statement, elsewhere in the treatise, that a false claim of federal trademark rights "may

constitute false advertising," 3 *McCarthy on Trademarks* § 19:146 at 19-428.  Finally, Bacardi's

two New York District Court patent cases[5] are contrary to the weight of authority including the

law of this Circuit set out at page 10-11, *supra*.

### B.      Pernod Has Standing To Plead And Has Pleaded The Fifth Element

The applicable Third Circuit authority makes clear that Pernod may challenge a false

statement made by one of its major competitors because Pernod has a reasonable basis for

believing that it will be harmed by the statement.  *Warner-Lambert Co.*, 204 F.3d at 95-96.  And

Bacardi's Third Circuit cases confirm that a competitor has standing to bring a Lanham Act

§ 43(a)(1)(B) claim.  *Conte Bros. Auto., Inc.* v. *Quaker State-Slick 50 Inc.*, 165 F.3d 221, 225,

234-35 (3d Cir. 1998); *Joint Stock Society*, 266 F.3d at 176-77, 182.

### 1.      The Complaint Pleads That Pernod Is Likely To Be Injured.

Lanham Act § 43(a)(1)(B) provides that defendant "shall be liable in a civil action by any

person who *believes* that he or she is or *is likely* to be damaged" by defendant's false statement.

In *Warner-Lambert Co.*, the Third Circuit reversed the District Court's refusal to enjoin

defendant's use of BreathAsure, stating that the statute requires only a "'reasonable basis for the

belief that the plaintiff is likely to be damaged as a result of the false advertising'" and that:

> The court . . . concluded that BreathAsure's breath freshener does compete
> with Warner-Lambert's breath fresheners "in general."  That should have
> been sufficient to enjoin use of the misleading [BreathAsure] trade names
> under § 43(A).

204 F.3d at 95-96.

---

[5]      *Digigan, Inc. v. iValidate*, No. 02 Civ. 420, 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004); *Hans-Jurgen Laube & Oxiwerk HJL AG v. KM Europa Model Metal AG*, No. 96 Civ. 8147, 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998).

*See also Upjohn Co.,* 641 F. Supp. at 1225 (defendants' false claim of patent ownership harms competitor because it "definitely tend[s] to induce consumers to purchase [defendants'] product, thereby depriving [plaintiff] of potential customers and sales for [its product].").

The statute's standing requirement is liberal by design. "The only type of plaintiff that should be denied the opportunity to prove . . . falsity is the 'mere intermeddler' . . . § 43(a) was passed to protect consumers as well as competitors. . . . Congressional policy appears to encourage commercial firms to act as the fabled 'vicarious avenger' of consumer rights." 4 *McCarthy on Trademarks* § 27:32, at 27-61 to 27-62.

Count II meets these tests. It alleges that the parties are major competitors in the sale of spirits including rum and vodka; that Bacardi's HAVANA CLUB rum is intended to capitalize on the current popularity of rum and vodka; and that Bacardi's false claim of ownership is likely to induce consumers to purchase Bacardi's rum in the mistaken belief that it is made in Cuba and Bacardi has the right to market rum under the HAVANA CLUB trademark which it does not actually possess. *See supra* pp. 4-5.

> **2.     Pernod Has Standing To Bring Its Claim**
> **Because It Is A Competitor Likely To Be**
> **Injured By Bacardi's False Statement**

Without mentioning the statute or *Warner-Lambert,* Bacardi argues that Count II should be dismissed because Pernod's alleged injury fails to establish either constitutional standing under Article III or prudential standing. (D.I. 13, at 5-9). Bacardi is mistaken. First, Bacardi's Lanham Act cases do not support its motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because those cases challenged plaintiffs' standing under Fed. R. Civ. P. 12(b)(1). Second, even if Bacardi's motion is construed as a Rule 12(b)(1) motion, the cases do not support dismissal of Count II.

### a.    Pernod Has Constitutional Standing

Bacardi's reliance on *Conte Bros. Automotive, Inc.* is misplaced. 165 F.3d at 225. There, the Court said "we perceive no constitutional obstacle to our consideration of this case" where plaintiff alleged that defendant's false advertising would result in lost sales and sought money damages, as Pernod has done in Count II. In *Joint Stock Society*, the Court found a lack of constitutional standing to bring a Lanham Act false advertising claim where "plaintiffs have never marketed any vodka in the United States," and went on to state:

> plaintiffs could have asserted their false advertising . . . claims even if they had marketed their vodka in the United States . . . under a totally unrelated name. . . . If the plaintiffs had shipped even a small amount of Russian vodka to this country for sale under a different name, they likely would have established a sufficient injury in fact. All that the Article III's injury-in-fact element requires is "an identifiable trifle" of harm.

266 F.3d at 176-77. Similarly, the Court in *Havana Club Holding, S.A.* held that plaintiff lacked standing to bring a Lanham Act false advertising claim where it did not, and legally could not, sell rum in this country. 203 F.3d at 134. By contrast, Pernod has alleged that it is a *major* marketer of rum and vodka, likely to be injured by the false statement of one of its chief competitors.[6]

### b.    Pernod Has Prudential Standing

Bacardi sets up a straw man by arguing that Pernod lacks prudential standing to bring a Lanham Act § 43(a)(1)(B) false advertising claim because Pernod is attempting to enforce rights in the HAVANA CLUB trademark that is owned by a third party. (D.I. 13, at 6-8). Bacardi's

---

[6]    In *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591 (D. Del. 2004), this Court did not have occasion to consider plaintiff's standing to bring a Lanham Act § 43(a)(1)(B) false advertising claim. Instead, it refused to dismiss a claim brought under Lanham Act § 43(d). Also inapposite is the dicta in a footnote in *La Societe Anonyme des Parfums le Galion* v. *Jean Patou, Inc.*, 495 F.2d 1265, 1271 n.6 (2d Cir. 1974), that "Section 43(a) is intended to reach false advertising violations, not false registration claims." Finally, Bacardi's cases involving Title VII, RICO and other non-Lanham Act claims are even further removed from this case and do not establish that Pernod lacks standing.

authorities confirm that Pernod has standing to challenge the false statement of its competitor

Bacardi.

In *Conte Bros. Automotive, Inc.* the Third Circuit said that a class of motor oil

*retailers* lacked prudential standing to assert a false advertising claim against motor oil

*manufacturers*:

> [T]he focus of the Lanham Act is on "*commercial* interests [that] have
> been harmed by a competitor's false advertising," *Granite State Ins. Co.* v.
> *Aamco Transmissions, Inc.*, 57 F.3d 316, 321 (3d Cir. 1995) (emphasis in
> original).
>
> *   *   *
>
> If every retailer had a cause of action for false advertising regardless of the
> amount in controversy, regardless of any impact on the retailer's ability to
> compete, regardless of any impact on the retailer's good will or reputation,
> and regardless of the remote nature of the injury suffered, the impact on
> the federal courts could be significant.  For example, under Appellants'
> theory, every corner grocer in America alleging that his sales of one brand
> of chocolate bars have fallen could bring a federal action against the
> manufacturer of another brand for falsely representing the chocolate
> content of its product.

165 F.3d at 234-35; *see* 4 *McCarthy on Trademarks* § 27:32 at 27-63 (In *Conte* "[p]laintiffs were

retailers, not competitors, of the defendant manufacturers.").

Similarly, in *Joint Stock Society*, the Third Circuit concluded that a party that

marketed *no* vodka in competition with a vodka company lacked prudential standing to

challenge that company's allegedly false advertising.  In doing so, it distinguished

plaintiff from a party who would have standing:

> [I]n *Havana Club, S.A.* v. *Galleon, S.A.*, 203 F.3d 116 (2d Cir. 2000) . . .
> HCH claimed that Bacardi falsely designated its [HAVANA CLUB]
> rum's origin as Cuban.  However, *HCH did not compete with Bacardi in
> the United States* because of the Cuban trade embargo.  In holding that
> HCH did not have standing to pursue its Lanham Act claims, the Second
> Circuit relied in part on the ability of "[a]ny rum producer selling its
> product in the United States" to obtain standing to complain about
> Bacardi's allegedly false designation of [geographic] origin.

-16-

266 F.3d at 182 (emphasis added).

These decisions do not insulate Bacardi from a false advertising claim brought by one of its major competitors.  On the contrary, they confirm that as a leading rum and vodka marketer competing vigorously with Bacardi, Pernod has prudential standing to challenge the accuracy of Bacardi's claim of trademark ownership.  Under Bacardi's theory, no competitor would have standing to challenge the statement.  Just because *Conte* and *Joint Stock* correctly declined to grant *too many* parties standing to sue does not mean that Pernod must stand aside and allow Bacardi's false claim of trademark ownership to go unchallenged to the detriment of both Pernod and the consuming public.

## CONCLUSION

For the foregoing reasons, Bacardi's Motion to Dismiss Under Rule 12(b)(6) should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Plaintiff
PERNOD RICARD USA, LLC

OF COUNSEL:

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
Eric C. Hubbard
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Dated: October 20, 2006

-17-

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on October 20, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Wade.

I also certify that copies were caused to be served on October 20, 2006 upon the following in the manner indicated:

### BY HAND

William J. Wade, Esquire
Anne Shea Gaza, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Eugene D. Gulland, Esquire
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

William R. Golden, Jr., Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
rsmith@mnat.com