IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNOD RICARD USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BACARDI U.S.A., INC.,<br><br>    Defendant. | C.A. No. 06-505 (SLR) |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

November 1, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
wade@rlf.com
gaza@rlf.com
  *Attorneys for Defendant*
  *Bacardi U.S.A., Inc.*

RLF1-3077306-1

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING .................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................ 2

ARGUMENT ............................................................................................................................ 3

    I.    Pernod USA lacks standing to bring Count II ............................................................. 3

    II.   COUNT II FAILS TO PLEAD A FALSE ADVERTISING CLAIM. ........................ 7

          A.    Count II Does Not Allege False Statements That Are In Connection
                With Goods And Services ............................................................................... 7

          B.    Pernod USA Has Not Pled False Statements Directed To The Nature,
                Characteristics, or Qualities Of A Good Or Service ...................................... 8

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

**PAGE**

*In re Buckhead Am. Corp.*,
178 B.R. 956 (D. Del. 1994) .................................................................................................3

*CPC Int'l Inc. v. Skippy, Inc.*,
231 U.S.P.Q. 811 (E.D. Va. 1986) .......................................................................................11

*Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*,
165 F.3d 221 (3d Cir. 1998) ...............................................................................................4, 6

*Cook Drilling Corp. v. Halco Am., Inc.*,
No. Civ. A. 01-2940, 2002 WL 84532 (E.D. Pa. Jan. 22, 2002) ...........................................6

*Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*,
344 F. Supp. 2d 923 (D. Del. 2004) ......................................................................................4

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) .........................................................................................................*passim*

*Dawnwood Properties/78 v. U.S.*,
53 Fed. Cl. 168 (2002) ...........................................................................................................6

*Digigan, Inc. v. Invalidate, Inc.*,
No. 02 Civ. 420 (RCC), 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004) .................................8, 9

*Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG*,
No. 96 Civ. 8147 (PKL), 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998) .................................8

*Havana Club Holding, S.A. v. Galleon, S.A.*,
62 F. Supp. 2d 1085 (S.D.N.Y. 1999) .................................................................................10

*Havana Club Holding, S.A. v. Galleon, S.A.*,
974 F. Supp. 302 (S.D.N.Y. 1997) ........................................................................................5

*John Wright, Inc. v. Casper Corp.*,
419 F. Supp. 292 (E.D. Pa. 1976) ........................................................................................11

*Joint Stock Soc'y v. UDV N. Am., Inc.*
266 F.3d 164 (3d Cir. 2001) ...............................................................................................4, 6

*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*,
495 F.2d 1265 (2d Cir. 1974) ................................................................................................4

*Larami Corp. v. Amron,*
36 U.S.P.Q. 2d 1073 (E.D. Va. 1995) ..................................................................................11

*M. Eagles Tool Warehouse Inc. v. Fisher Tooling Co. Inc.,*
68 F. Supp. 2d 494 (D.N.J. 1999) ........................................................................................10

*In re Merck & Co., Inc. Sec. Deriv. & Erisa Litig.,*
No. 05-2369 (SRC), 2006 WL 2050577 (D. N.J. July 11, 2006) ...........................................3

*Monsanto Co. v. Syngenta Seeds, Inc.,*
443 F. Supp. 2d 648 (D. Del. 2006) ..........................................................................2, 8, 9, 10

*Nat'l Kitchen Prods. Co. v. Butterfly Co. Inc.,*
No. 93-2912 (WGB), 1994 WL 391422 (D.N.J. Apr. 5, 1994) ............................................10

*Nokia Corp. v. Interdigital Communications,*
No. Civ. 05-16-JJF, 2005 WL 3525696 (D. Del. Dec. 21, 2005) .........................................11

*Phillips Petroleum Co. v. Shutts,*
472 U.S. 797 (1985) ................................................................................................................5

*Pitt News v. Fisher,*
215 F.3d 354 (3d Cir. 2000) ....................................................................................................5

*Ramsey Group, Inc. v. EGS Int'l, Inc.,*
329 F. Supp. 2d 630 (W.D.N.C. 2004) .................................................................................11

*Synopsys, Inc. v. Magma Design Automation,*
No. Civ. 05-701 (GMS), 2006 WL 1452803 (D. Del. May 25, 2006) .................................11

*Upjohn Co. v. Riahom Corp.,*
641 F. Supp. 1209 (D. Del. 1986) .........................................................................................11

*Zinn v. Seruga,*
No. 05-CV-33572 (WBG), 2006 WL 2135811 (D. N.J. July 28, 2006) ...............................11

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 1111 ........................................................................................................................11

15 U.S.C. § 1125(a)(1) ..................................................................................................................7

1A Rudolf Callman, *Callman on Unfair Competition, Trademarks & Monopolies* § 5:43
(4th ed. 2002) .............................................................................................................................11

2 James W. Moore, *et al.*, Moore's Federal Practice and Procedure § 12.34[4][a]
(2d ed. 1990) ............................................................................................................6

4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition (4th ed. 2006) ............7

## NATURE AND STAGE OF THE PROCEEDING

On September 22, 2006, Defendant Bacardi U.S.A., Inc. ("Bacardi") moved to dismiss Count II of the Complaint because Plaintiff Pernod Ricard USA, LLC ("Pernod USA") (1) lacks standing to bring a Section 43(a) Lanham Act false advertising claim relating to Bacardi's purported false statements relating to ownership of the HAVANA CLUB mark and (2) the claim is barred as a matter of law.

This is Bacardi's Reply Brief in Support of Its Motion To Dismiss Under Rule 12(b)(6).

## SUMMARY OF ARGUMENT

Bacardi's opening brief showed that Count II of Pernod USA's Complaint impermissibly seeks relief on behalf of unnamed third parties not before the Court. Pernod USA does not allege that it owns any rights in the HAVANA CLUB mark, and it asserts no injury that flows or reasonably could flow from Bacardi's purportedly false statement that "we own the rights to the brand." (Compl. ¶ 11, Ex. D). Pernod USA's asserted injury flowing from consumers' allegedly mistaken belief that Bacardi owns rights to the brand is wholly speculative, lacks any plausible factual basis, and disregards the Supreme Court's observation that allegedly false assertions of rights in intellectual property "are typically of no consequence to purchasers." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-33 (2003). *Dastar* and this Court's decision in *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648 (D. Del. 2006), confirm that Count II is not redressable under Section 43(a) of the Lanham Act because Bacardi's alleged misrepresentation does not go to the "nature," "characteristics," or "qualities" of Bacardi's rum, which is an indispensable element of a valid Section 43(a) false advertising claim. Therefore, it is respectfully submitted that Count II should be dismissed.

# ARGUMENT

## I. PERNOD USA LACKS STANDING TO BRING COUNT II

Pernod USA alleges neither that it owns a registration for the HAVANA CLUB mark in the United States, nor that it has ever used the HAVANA CLUB mark in interstate commerce here. It is therefore not surprising that the Complaint alleges no facts illuminating how Bacardi's allegedly false statement that "we own the rights to the brand" has caused Pernod USA competitive harm. To satisfy Article III's standing requirements, Pernod USA must establish a causal connection between its alleged competitive harm and Bacardi's allegedly false assertion of rights in the mark. (D.I. 13, at 5-6). Pernod USA has failed to do so, and Count II should therefore be dismissed.

It is telling that Pernod USA alleges in its Opposition, as it does in its Complaint, that Bacardi's allegedly false claim to rights in the mark misrepresents the geographical origin of the rum. (Compl. ¶ 32, Pl's Opp. (D.I. 24) at 9-10). This slight of hand will not work. Pernod USA cannot breathe life into Count II by reincorporating the geographical misdescriptiveness element of Count I. Consumer confusion about geographic origin is already covered by Count I, which alleges that Bacardi's "use of HAVANA CLUB for a rum not produced in Cuba and Bacardi['s] statements that its HAVANA CLUB is the rum that was made in Cuba and sold in the United States before 1960 are false and misleading representations concerning the geographic origin" of the rum. (Compl. ¶ 21) *See In re Merck & Co., Inc., Sec. Deriv. & Erisa Litig.*, No. 05-2369 (SRC), 2006 WL 2050577, at *20 (D. N.J. July 11, 2006) (dismissing count that was "essentially duplicative of claims raised" in a separate count); *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (D. Del. 1994) (dismissing multiple counts that were "duplicative of more specific and properly-identified" claims).

Pernod USA's sole independent basis for a causal connection supporting Count II is its wholly conclusory assertion that Bacardi's allegedly false ownership claim "is likely to induce consumers to purchase Bacardi's rum in the mistaken belief that . . . Bacardi has the right to market rum under the HAVANA CLUB trademark." (D.I. 24, at 14). The Court should not "consider or regard as true conclusory allegations of law, unsubstantiated conclusions, or unwarranted factual inferences." *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 344 F. Supp. 2d 923, 929 (D. Del. 2004), *aff'd*, 450 F.3d 130 (3d Cir. 2006). Pernod USA's Complaint fails to allege any factual basis for an inference that consumers are likely to be induced to buy Bacardi's HAVANA CLUB rum by Bacardi's allegedly false statement of rights in the mark. Moreover, factual inferences are not warranted in light of the Supreme Court's observation in *Dastar* that allegedly false assertions of rights in intellectual property "are typically of no consequence to purchasers." *Dastar Corp.*, 539 U.S. at 32-33. Count II therefore fails to satisfy the Article III standing requirements.

Even if Pernod USA satisfied constitutional standing requirements, prudential standing considerations would require dismissal of Count II. *See Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 230 (3d Cir. 1998). As in *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 178 (3d Cir. 2001), the interest Pernod USA is trying to protect through Count II can be vindicated only in a trademark infringement action, not a Section 43(a) false advertising claim.[1] *See also La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271 n.6 (2d Cir. 1974) (citations omitted) ("Section 43(a) is intended to reach false advertising

---

[1] Pernod attempts to distinguish the relevant passages of *Joint Stock* by pointing to the court's statement that the plaintiff could have made out a Section 43(a) claim for false advertising grounded in geographical misdescription if it had "shipped even a small amount of Russian vodka to this country for sale." (D.I. 24, at 15, citing *Joint Stock*, 266 F.3d at 176-77). This discussion cannot save Count II because, again, to the extent Count II alleges harm on the basis of geographical misdescription, it duplicates Count I and should be dismissed.

4

violations, not false [trademark] registration claims."). The proper party to assert such a claim would be the alleged owner of the HAVANA CLUB trademark, not Pernod USA. Count II is therefore barred by the prudential standing rule against *jus tertii* claims. *See Pitt News v. Fisher*, 215 F.3d 354, 362 n.6 (3d Cir. 2000) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)).

Pernod USA points to litigation between Bacardi and third parties and makes the curious claim that Bacardi does not want to litigate its rights to the mark. Those cases actually show that Bacardi has steadfastly fought to protect its rights to the HAVANA CLUB mark. More relevant to Count II's failure to state a claim, Pernod USA's repeated references to the cases contesting ownership rights—to which it was not a party—demonstrate that it is using Count II to fight another party's battle.

Bacardi's predecessor was a defendant in the New York litigation, where Pernod USA's sister company unsuccessfully claimed that Bacardi's initial launch of HAVANA CLUB rum infringed its rights to the mark. *Havana Club Holding, S.A. et al. v. Galleon S.A. et al.*, 96 Civ. 9655 (SAS) (S.D.N.Y. Dec. 24, 1996). The court in *Havana Club Holding* ruled that Havana Club Holding S.A. (a joint venture between Pernod USA's parent company and Cubaexport, a state-owned Cuban entity) had no rights to the HAVANA CLUB mark. *Havana Club Holding, S.A. v. Galleon S.A.*, 974 F. Supp. 302, 311 (S.D.N.Y. 1997). The court then held that Cubaexport, which had refused to appear, was an indispensable party without which it could not adjudicate the question of whether Bacardi held rights to the HAVANA CLUB mark. *Id.* at 312. Bacardi then sought cancellation of Cubaexport's purported registration in the Patent and Trademark Office ("PTO"), and subsequently appealed the PTO Trademark Trial and Appeal Board's decision to the United States District Court for the District of Columbia. While that case

was pending, the PTO ruled that Cubaexport's registration would be cancelled or expired.[2] (D.I. 24, at 4 n.2; *see* D.I. 25, Ex. 5, at 1-4). That ruling, once final, will afford Bacardi equivalent relief to that it was seeking through the D.C. litigation. (D.I. 25, Ex. 5, at 1-2). As a result, Pernod USA now attempts to wage its sister company's battle through a false advertising claim under the Lanham Act, but it lacks standing to do so.

Pernod USA asserts that Bacardi has "confuse[d] a Rule 12(b)(6) motion to dismiss for failure to state a claim with a Rule 12(b)(1) motion to dismiss for lack of standing." (D.I. 24, at 1). Lack of prudential standing under Section 43(a) of the Lanham Act is properly asserted in a motion to dismiss under Rule 12(b)(6). *See Cook Drilling Corp. v. Halco Am., Inc.*, No. Civ. A. 01-2940, 2002 WL 84532, at *2-4 (E.D. Pa. Jan. 22, 2002) (dismissing, for lack of prudential standing, a Lanham Act Section 43(a) claim pursuant to Rule 12(b)(6)) (citing *Conte Bros. Auto. Inc.*, 165 F.3d 221 and *Joint Stock*, 266 F.3d 164).[3] While Bacardi could have sought dismissal of Count II under Rule 12(b)(1), Pernod USA does not assert, because it cannot, that Bacardi's right to relief is affected by challenging constitutional standing through a Rule 12(b)(6) motion: "[c]onstitutional standing is a threshold issue" that courts must address before all other matters. *Joint Stock*, 266 F.3d at 175; *see also* 2 James W. Moore, *et al.*, Moore's Federal Practice and Procedure § 12.34[4][a] (2d ed. 1990) ("[L]abeling a motion [12(b)(1) versus 12(b)(6)] will not affect a movant's right to relief.").

---

[2] Bacardi moved to stay the D.C. litigation pending final resolution of any available appeals from the PTO ruling, not pending the outcome of this case. (D.I. 25, Ex. 5, at 1).

[3] *See also Dawnwood Properties/78 v. U.S.*, 53 Fed. Cl. 168, 171-72 (2002) ("It is not entirely clear whether standing arguments properly arise under [Rule] 12(b)(1) which address lack of subject matter jurisdiction or [Rule] 12(b)(6) which addresses a failure to state a claim. . . . When, however, the standing issue that arises is whether the litigant is the proper party or whether the litigant is asserting the rights of third parties - a different question from whether a cognizable claim is being asserted - then . . . . prudential considerations rather than constitutional limitations may cause a court . . . [to] find that plaintiff has failed to state a claim under 12(b)(6).").

6

Pernod USA's alleged injury is wholly speculative, and its connection to Bacardi's allegedly false statement is without basis in law or fact. Accordingly, and because Pernod USA does not assert any rights in the HAVANA CLUB mark, Pernod USA's Count II fails to satisfy both constitutional and prudential standing requirements and should be dismissed.

## II.  COUNT II FAILS TO PLEAD A FALSE ADVERTISING CLAIM.

Count II must also be dismissed as a matter of law because Bacardi's allegedly false statements concerning its rights to the HAVANA CLUB mark are not redressable through a false advertising claim under Section 43(a) of the Lanham Act. To state a valid claim for false advertising under Section 43(a), the alleged misrepresentation of fact (1) must be "on or in connection with goods or services," and (2) must misrepresent the "nature, characteristics, qualities, or geographic origin" of the defendant's (or someone else's) "goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1); 4 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* (hereinafter "*McCarthy On Trademarks*") § 27:24 (4th ed. 2006).

### A.  Count II Does Not Allege False Statements That Are In Connection With Goods And Services.

Pernod USA does not dispute, nor can it, that trademarks are not goods or services in commerce. Count II, which is directed at Bacardi's statement that "we own the rights to the brand" is not an allegedly false statement regarding the relevant good—Bacardi's HAVANA CLUB rum—that would support a claim for false advertising under § 43(a) of the Lanham Act. *See McCarthy On Trademarks* § 27:24 (to state a false advertising claim, the misrepresentation of fact must be "on or in connection with goods or services").

Pernod USA cannot sidestep this failure of its pleading by focusing instead on whether Bacardi's allegedly false statements of trademark ownership were made in connection with

7

"commercial marketing" of its HAVANA CLUB rum. Even if Bacardi's press releases and National Public Radio article constituted "commercial marketing" of its HAVANA CLUB rum, it simply does not follow that statements made about the trademark, which is not a good or service, state a claim for false advertising under Section 43(a). *See Digigan, Inc. v. Invalidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 WL 203010, at *5 (S.D.N.Y. Feb. 3, 2004) (dismissing Section 43(a) claim where allegedly false claims of patent ownership were "made in the course of Defendants' website advertising of products protected by the patent"—"the alleged misrepresentations concerned the patent, not any product or services"); *Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG*, No. 96 Civ. 8147 (PKL), 1998 WL 148427, at *2 (S.D.N.Y. Mar. 27, 1998) (citing several cases holding that "[P]atents are not goods in commerce"). Because the challenged statement concerns Bacardi's rights in the mark, not its rum, Pernod USA's Count II fails to meet the first requirement for pleading a false advertising claim under Section 43(a) of the Lanham Act.

### B. Pernod USA Has Not Pled False Statements Directed To The Nature, Characteristics, or Qualities Of A Good Or Service.

Pernod USA offers no reason why this Court should depart from its holding in *Monsanto* that a properly pled false advertising claim must assert false statements which are "directed to the 'nature, characteristics [or] qualities' of the [good]." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 653 (D. Del. 2006) (citing *Dastar Corp.*, 539 U.S. at 38). Pernod USA attempts to distinguish *Monsanto* and *Dastar* by asserting that those cases involved claims for passing off and that "Pernod is not alleging that Bacardi's rum will be mistaken for its rum." (D.I. 24, at 12). Yet Pernod USA's false advertising claim is nothing more than a disguised infringement or "passing off" claim, asserted on behalf of unnamed third parties not before this Court. *See Monsanto*, 443 F. Supp. 2d at 652-53 ("Under *Dastar*, a false advertising claim that

merely rephrases a reverse passing off claim is barred."). Indeed, Pernod USA's Complaint and its motion papers are replete with references to these third parties' failed efforts to assert such claims on their own behalf. (Compl. ¶¶ 14, 15, 19; D.I. 17, at 6, 7; D.I. 24, at 5-6, 11-12).

In *Monsanto Co. v. Syngenta Seeds, Inc.*, Monsanto alleged that Syngenta had made false representations concerning its rights in certain patented corn seed products. 443 F. Supp. 2d at 652-53. The court granted the defendant's motion to dismiss on the ground that Monsanto's claims did not state a basis for a false advertising cause of action under Section 43(a). The court reasoned that "[n]one of Monsanto's assertions are directed to the 'nature, characteristics, [or] qualities' of the corn seed, which would adequately have pled a false advertising claim." *Id.* at 653 (noting that if Monsanto had alleged that Syngenta had misapprehended the nature, characteristics, or quality of its seed, for example, by "giv[ing] the impression to consumers that its seed was 'quite different' from Monsanto's seed," a false advertising claim would have been properly pled). The court made clear that a false advertising claim may only be brought based on false statements about "the tangible product in the marketplace." *Id.* at 653.

*Dastar* and *Monsanto* preclude Pernod USA from grounding a false advertising claim on Bacardi's alleged misrepresentation that it "owns" the rights to the HAVANA CLUB trademark. Bacardi's *rum* is "the tangible product in the marketplace," not the trademark. *Id. See also Digigan*, 2004 WL 203010, at *5 (dismissing false advertising claim because false statement of patent ownership "concerned the patent, not any product or services"). To the extent that Count II is merely a restatement of Count I's allegation that Bacardi has advertised its rum in a geographically misdescriptive manner, Count II duplicates Count I and should be dismissed. To the extent that Count II alleges an independent Count for false advertising grounded on Bacardi's assertion of rights in the brand, it fails to state a claim under Section 43(a) because Bacardi's

9

allegedly false claim of ownership is not directed to the "nature, characteristics, [or] qualities" of its rum.

Pernod USA asserts, without any supporting citation, that "to claim ownership of a trademark is to make a statement about a key product characteristic." (D.I. 24, at 10). Pernod USA is mistaken. While it is true that the value of a trademark relates to the good will that customers associate with its key characteristics, good will derives from customers' use of "the tangible product in the marketplace," *Monsanto*, 443 F. Supp. 2d at 653, and their resulting expectations. *See 1 McCarthy On Trademarks* § 2:17 ("Good will is a business value that reflects the basic human propensity to continue doing business with a seller who has offered goods . . . that the customer likes and has found adequate to fulfill his needs."). Pernod USA fails to allege that consumers are being induced to purchase Bacardi's rum because they believe it possesses characteristics that it does not have. Pernod USA nowhere alleges that consumers expect HAVANA CLUB rum to have certain "key product characteristics" or qualities. Indeed, to the extent there was any consumer good will or expectation regarding the character and qualities of HAVANA CLUB rum prior to Bacardi's re-launch, it was a result of Bacardi's predecessor's use of the HAVANA CLUB mark prior to Castro's forcible confiscation of its business on January 1, 1960, or the result of Bacardi's sales of HAVANA CLUB rum in 1995 and 1996, which were halted pursuant to a litigation standstill. *See Havana Club Holding, S.A. v. Galleon, S.A.*, 62 F. Supp. 2d 1085, 1089-91 (S.D.N.Y. 1999).

Accordingly, Pernod USA's misplaced reliance on cases that (i) pre-date the limitation on false advertising claims recognized by *Dastar* and *Monsanto*,[4] (ii) involve the use of an ®

---

[4] *See M. Eagles Tool Warehouse Inc. v. Fisher Tooling Co. Inc.*, 68 F. Supp. 2d 494 (D.N.J. 1999); *Nat'l Kitchen Prods. Co. v. Butterfly Co. Inc.*, No. 93-2912 (WGB), 1994 WL 391422 *(cont.)*

10

symbol next to a trademark which was found not to be registered, an action clearly and independently prohibited by law,[5] (iii) involve retaliatory conduct,[6] or (iv) are otherwise patently distinguishable,[7] does not supplant this Court's clear holding that, to be actionable as false advertising under Section 43(a), an allegedly false statement must represent the "nature, characteristics, [or] qualities" of the product being sold. Beyond any alleged geographical misdescriptiveness that duplicates Count I, Bacardi's alleged misrepresentation of its rights to the HAVANA CLUB mark has nothing to do with the nature, characteristics, or qualities of its rum and therefore is not redressable under the false advertising branch of Section 43(a). Because Count II fails to state a claim upon which relief can be granted, it should be dismissed.

---

(D.N.J. Apr. 5, 1994); *Upjohn Co. v. Riahom Corp.*, 641 F. Supp. 1209 (D. Del. 1986); *CPC Int'l Inc. v. Skippy, Inc.*, 231 U.S.P.Q. 811 (E.D. Va. 1986); *John Wright, Inc. v. Casper Corp.*, 419 F. Supp. 292 (E.D. Pa. 1976).

[5] *See Ramsey Group, Inc. v. EGS Int'l, Inc.*, 329 F. Supp. 2d 630, 655 (W.D.N.C. 2004) (involving unlawful use of the registered trademark symbol ®, which is prohibited by federal statute in the absence of a federal trademark registration, *see* 15 U.S.C. § 1111); *see also* 3 *McCarthy on Trademarks* § 19:146 and 1A Rudolf Callman, *Callman on Unfair Competition, Trademarks & Monopolies* § 5:43 (4th ed. 2002), both discussing statutory prohibition regarding use of ® or statutory equivalents in the absence of a federal trademark registration.

[6] *See Larami Corp. v. Amron*, 36 U.S.P.Q.2d 1073, 1080 (E.D. Va. 1995) (addressing longstanding dispute resulting in a claim of unfair competition—not false advertising—stemming from the defendant's retaliatory threats to bring meritless trademark infringement lawsuits); *see also CPC Int'l Inc.*, 231 U.S.P.Q. at 812-13, 815 (involving extraordinary facts such as racketeering, blackmail, conspiracies, false claims of infringement, and patently false claim of federal trademark ownership).

[7] *See Zinn v. Seruga*, No. 05-CV-33572 (WBG), 2006 WL 2135811, at *8-10 (D. N.J. July 28, 2006) (purported false statement of ownership of federal trademark registration essentially mooted where court arguably affirmed truth of statement by dismissing claim to seek cancellation; other allegedly false statements regarding contractual rights under prior settlement agreement supported false advertising claim); *Synopsys, Inc. v. Magma Design Automation*, No. Civ. 05-701 (GMS), 2006 WL 1452803, at *3 (D. Del. May 25, 2006) (addressing disparagement claims, not false advertising claims, and implicating no claim of ownership); *Nokia Corp. v. Interdigital Communications*, No. Civ. 05-16-JJF, 2005 WL 3525696, at *5 (D. Del. Dec. 21, 2005) (implicating no claim of ownership, and providing no analysis supporting the conclusion that the false advertising claim was actionable).

RLF1-3077306-1

## CONCLUSION

For the reasons set forth above and in Bacardi's Opening Brief in Support of Its Motion to Dismiss Under Rule 12(b)(6), it is respectfully submitted that Count II should be dismissed.

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

November 1, 2006

/s/ Anne Shea Gaza
William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
wade@rlf.com
gaza@rlf.com
*Attorneys for Defendant Bacardi U.S.A., Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Rodger D. Smith, II
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19801

I hereby certify that on November 1, 2006, I have sent by electronic mail the foregoing document to the following non-registered participants:

> Herbert F. Schwartz
> Vincent N. Palladino
> Pablo D. Hendler
> ROPES & GRAY LLP
> 1251 Avenue of the Americas
> New York, NY 10020

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700