IN THE UNITED STAES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNOD RICARD USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-505-SLR |
| | ) |
| BACARDI U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2006, having considered defendant's motion to transfer and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 6) is denied, for the reasons that follow:

1. **Introduction.** On August 15, 2006, plaintiff Pernod Ricard USA, LLC ("Pernod") filed this action alleging defendant Barcardi USA, Inc. ("Bacardi") violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a), by falsely and misleadingly describing the geographic origin of defendant's Havana Club rum product (court I) and falsely stating that it owns the Havana Club trademark in the United States (count II). On September 13, 2006, Bacardi moved to transfer this action to the Southern District of Florida. (D.I. 6, 7) On September 22, 2006, Bacardi

answered count I and moved to dismiss count II of the complaint.[1] (D.I. 12, 14)  Plaintiff opposes the motion (D.I. 17, 18, 19) and defendant has filed its reply.  (D.I. 20, 21)

    2.    **Background.**  Pernod is an Indiana corporation with its principal place of business in Purchase, New York.  (D.I. 1, 18) It is a leading producer, importer and marketer of spirits, including rum and vodka.  Pernod is the third largest in the spirits industry by sales value and the fourth largest by sales volume.  (Id.)  Two of Pernod's leading brands are "Malibu" rum and "Stolichnaya" vodka.  Pernod's net sales for fiscal 2006 in the United States were over 1.2 billion.[2]  (D.I. 18)

    2.    Bacardi is a Delaware corporation with its headquarters in Miami, Florida.  (D.I. 1 at ¶ 5)  It is a leading importer and marketer of wine and spirits, including rum and vodka, throughout the United States.  Bacardi is the marketing arm of Bacardi Limited, one of the leading importers of wine and spirits, including rum and vodka.  (D.I. 19, ex. 2)  Two of Barcardi's brands are "Bacardi" rum and "Grey Goose" vodka.  Bacardi Limited's worldwide annual sales for fiscal 2006 were $4.55 billion.  Bacardi and Pernod are competitors.

---

[1] This memorandum order addresses only the motion to transfer.

[2] According to the affidavit of Thomas R. Lalla, Jr., general counsel and senior vice-president of administration and legal affairs for Pernod.  (D.I. 18)

3.   According to Pernod, in August 2006, Bacardi launched Havana Club rum, describing the rum as the rum that was formerly made in Cuba and sold in the United States prior to 1960. Bacardi further represented that it owned the Havana Club trademark.  (D.I. 1 at ¶ 7-9; ex. C)  Pernod asserts both of Bacardi's representations are false.  Pernod alleges these statements were made as part of Bacardi's nationwide media marketing campaign to launch Havana Club.[3]

4.   Bacardi avers that Havana Club is only sold in the State of Florida and is not sold in the State of Delaware.  (D.I. 9 ¶ 2)  Havana Club is distilled in Puerto Rico based on a recipe provided to Bacardi by the Arechabala family - the Cuban manufactures of Havana Club before 1960.  (Id. at ¶ 3)  All of Bacardi's executive offices and business operations relating to Havana Club are based in Miami, Florida.  (Id. at ¶ 4)  Bacardi has no offices, business locations, employees and documents related to Havana Club located in Delaware.  Forcing employees to travel to Delaware for trial would, according to Bacardi, disrupt its business operations.  The press releases at issue originated from Florida by the corporate communications department. Interviews about Havana Club were done in Miami.

---

[3]Pernod avers that WHYY, originating from Philadelphia, Pennsylvania into Delaware, broadcast a National Public Radio program wherein the alleged false statements were made. Further, the statements appeared in internet news sites, including MSN Money, and in print in the Wall Street Journal. (D.I. 1, 19)

3

6. Significantly, Bacardi asserts that, as part of its defense, individuals with pertinent information regarding the history of Havana Club will be called to testify at trial. (D.I. 7) These elderly and frail individuals reside in Florida.[4] (D.I. 8)

7. **Standard of Review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

8. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing

---

[4]According to the declaration of Ramon Maria Arechebala, he had a quadruple bypass in 1989 and an operation for an aorta aneurism in 2000. (D.I. 8) He subsequently developed another aneurism and had a blood clot. He takes Coumadin and, despite these health problems, would like to provide testimony regarding the Havana Club trademark, recipe and sale to Bacardi. Arechebala's family manufactured Havana Club before it was confiscated by the Cuban revolutionary government.

4

Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

9. The deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

10. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to

5

consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

11. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

12. **Discussion.** Defendant argues that transfer is warranted because Delaware has no connection to this litigation. (D.I. 7) Specifically, no material events occurred and no witnesses are located in Delaware. The only connection to this forum is that Delaware is Bacardi's state of incorporation.

Considering the inconvenience to witnesses and business operations, Bacardi urges transfer to the Southern District of Florida, which has the strongest ties to the events and witnesses. Specifically, all witnesses reside in Florida and the consumers alleged to have been deceptively induced into purchasing Havana Club also are in Florida. All relevant documents are located at the Bacardi business in Miami, Florida.

13. Pernod opposes the motion on several grounds. (D.I. 17) First, Pernod is entitled to litigate in its choice of forum. Pernod would be inconvenienced by having to litigate this action in Florida because New York, its principal place of business, is closer to Delaware. Second, since Bacardi is a Delaware corporation enjoying all the benefits and protections of this State's laws, it cannot credibly contend that litigation here is inconvenient. Finally, proceeding in Delaware will not cause a financial hardship to a huge company such as Bacardi.

14. Weighing the arguments against the Jumara balancing test, the court finds that the asserted advantages of moving the case to the Southern District of Florida are insufficient to warrant a transfer. Defendant's complaints about litigating here are outweighed by the fact that Bacardi has enjoyed the benefits and protections of incorporation in Delaware and that the State has an interest in litigation regarding companies incorporated within its jurisdiction.

15.  Bacardi has demonstrated that it would be inconvenient for some of its witnesses to provide testimony in Delaware. Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial.  The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant conducting a world-wide business, is not overly burdensome.  From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live.  There certainly is no obstacle to Bacardi embracing this routine trial practice.

15.  **Conclusion.**  For the reasons stated, defendant's motion to transfer (D.I. 6) is denied.

_____<br>United States District Judge