# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

June 14, 2007

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:  *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,
           C.A. No. 06-505-SLR

Dear Chief Judge Robinson:

      In anticipation of the Scheduling Conference set for June 18, 2007 at 8:30 a.m., attached is a proposed Scheduling Order that has been agreed upon by the parties. In negotiating the terms of the proposed Scheduling Order, the parties contemplated a pretrial conference in February 2009 and a trial in March 2009, subject to the Court's availability.

      Respectfully,

      */s/ Rodger D. Smith II*

      Rodger D. Smith II (#3778)

Enclosure

cc:  Clerk of Court (By E-Filing; w/encl.)
     Anne Shea Gaza, Esquire (By E-Filing; w/encl.)
     Emily Johnson Henn, Esquire (By E-Mail; w/encl.)
     Michele M. Graham, Esquire (By E-Mail; w/encl.)
     Pablo D. Hendler, Esquire (By E-Mail; w/encl.)

862170.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

PERNOD RICARD USA, LLC,          :

      Plaintiff,                :

v.                                :   C.A. No. 06-505-SLR

BACARDI U.S.A., INC.,             :

      Defendant.                :

------------------------------------------------------------x

## SCHEDULING ORDER

    At Wilmington this _____ day of _____ 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

    IT IS ORDERED that based on the current pleadings:

    1.    **Pre-Discovery Disclosures**. The parties will exchange by June 29, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

    2.    **Discovery**.

        (a)    The parties each set forth below their respective lists of discovery topics. These lists are not intended to be exhaustive, and do not enumerate each and every area in which discovery may be required in the course of the case. These lists shall not be viewed as placing limitations on the parties' rights to seek additional discovery in this matter. Subject to the foregoing conditions, discovery is likely to be needed on the following topics:

(b) Pernod Ricard's Discovery Topics

(1) Bacardi U.S.A., Inc. and/or its affiliates ("Bacardi") HAVANA CLUB rum, the decision to market Bacardi's HAVANA CLUB rum, the launch of Bacardi's HAVANA CLUB rum, Bacardi's press releases and statements to the media relating to the same

(2) sales of Bacardi's HAVANA CLUB rum

(3) marketing, advertising and promotion of Bacardi's HAVANA CLUB rum

(4) the false and misleading representations concerning the geographic origin of Bacardi's HAVANA CLUB rum

(5) Bacardi's claim of ownership of the HAVANA CLUB trademark

(6) Bacardi's information on sales, marketing, advertising and promotion of products that compete with Bacardi's HAVANA CLUB rum, including Pernod's MALIBU rum and STOLICHNAYA vodka

(7) Bacardi's fourth affirmative defense that the Complaint is barred by the statute of limitations

(8) Bacardi's fifth affirmative defense that the Complaint is barred by the doctrine of laches, waiver and estoppel

(9) Bacardi's sixth affirmative defense that the Complaint fails because Pernod has failed to join a necessary and/or indispensable party

(10) Bacardi's seventh affirmative defense that the Complaint fails because Bacardi's first sales of HAVANA CLUB rum in the U.S. took place in 1995.

(c)   Bacardi's Discovery Topics

(1)   Bacardi's marketing and advertising for HAVANA CLUB rum allegedly containing false and misleading statements, including but not limited to such marketing and advertising designed to sell Bacardi's HAVANA CLUB rum at the expense of MALIBU, STOLICHNAYA or other products distributed and sold in the United States by Pernod Ricard USA, LLC ("Pernod").

(2)   The production, marketing, advertising, and sale by Pernod of spirits, including MALIBU rum and STOLICHNAYA vodka, including, but not limited to, all consumer studies, polls, surveys, focus group reports or other investigations concerning the perception of said brands by potential purchasers.

(3)   All consumer studies, polls, surveys, focus group reports or other investigations concerning the perceptions by prospective purchasers of rum or vodka of (a) the words "HAVANA CLUB," (b) representative specimens of all forms of labeling or trade dress which bear the words "HAVANA CLUB," (c) any product manufactured or sold by Bacardi, Pernod, or their respective affiliates bearing the words "HAVANA CLUB," (d) Pernod's MALIBU rum and STOLICHNAYA vodka, and (e) the perceptions of potential U.S. purchasers of rum and vodka as to the most preferable places to produce rum and vodka.

(4)   The competition, if any, between the vodkas and rums sold in the United States, respectively, by Bacardi and Pernod.

(5)   The production of rum in Cuba prior to 1960 by Jose Arechabala S.A. and predecessors of Bacardi, the expropriation by the Cuban government of the assets of Jose Arechabala S.A., and the basis for the assertion that Bacardi's HAVANA CLUB rum is not the rum that was made in Cuba and sold in the United States before 1960.

3

(6) The geographic origin of brands of rum or vodka sold by Pernod.

(7) The ownership and rights to the HAVANA CLUB trademark for rum in the United States, if Bacardi's Motion to Dismiss is denied.

(8) All communications concerning the trademark HAVANA CLUB for rum involving Pernod, its affiliates, or attorneys and (a) the United States Patent and Trademark Office ("USPTO"); (b) the Office of Foreign Assets Controls ("OFAC"); or (c) Cuban state enterprises, including, but not limited to, Cubaexport and Cuba Ron and; (d) the Cuban Trademark Office.

(9) Plans, if any, involving Pernod to introduce HAVANA CLUB rum into the United States.

(10) All monetary and irreparable damages sustained by Pernod, including lost sales of MALIBU and STOLICHNAYA rum, allegedly attributable to the advertising, marketing and sale by Bacardi of HAVANA CLUB rum.

(11) The affirmative defenses set out in Bacardi's answer.

(12) All agreements or understandings involving Pernod which concern or refer to (a) the words "Havana Club"; (b) trademarks consisting of, or including the designation HAVANA CLUB; and (c) HAVANA CLUB rum.

(d) All fact discovery shall be commenced in time to be completed by February 29, 2008.

(1) Document production from the parties shall be substantially completed on or before October 15, 2007.

4

    (2) Maximum of 25 interrogatories by each party to any other party.

    (3) Maximum of 50 requests for admission by each party to any other party.

    (4) In the absence of agreement among the parties or by order of the court, no deposition (other than document custodian depositions noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (5) Maximum of 100 hours of fact depositions by each Pernod and Bacardi, in which each day of deposition is limited to seven (7) hours inclusive of breaks, unless extended by agreement of the parties. Each party may petition the Court for additional deposition testimony upon the showing of good cause.

  (e) Expert discovery, including depositions, shall be completed by June 13, 2008.

    (1) Expert reports on issues for which a party bears the burden of proof are due March 28, 2008. Rebuttal expert reports are due May 9, 2008.

    (2) Expert depositions shall be limited to a maximum of seven (7) hours per expert, exclusive of breaks, unless extended by agreement of the parties.

    (3) All Daubert motions shall be filed on or before September 12, 2008.

  (f) **Discovery Disputes**.

    (1) The court shall conduct an in-person discovery status conference on _____ at _____, any subsequent conference to be determined by

the court, the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)   The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)   Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)   **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other party a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.   **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before November 16, 2007.

4.   **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.   **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before September 12, 2008, answering briefs on or

before October 13, 2008 and reply briefs on or before October 28, 2008. Otherwise, briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days before the above date without leave of the court.

      6.    **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.** Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

      7.    **Motions in Limine**. All motions in limine shall be filed on or before two weeks before the pretrial conference. All responses to said motions shall be filed on or before one week before the pretrial conference.

      8.    **Pretrial Conference**. A pretrial conference will be held on _____, at _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial**. This matter is scheduled for a five (5) day jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

862142