IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x

PERNOD RICARD USA, LLC           :

       Plaintiff,              :

v.                               :  Civil Action No. 06-505-SLR

BACARDI U.S.A., INC.,            :

       Defendant.              :

---------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of the parties, it is hereby Ordered that:

1. This order shall govern (a) any oral deposition testimony, any record of oral testimony given at any deposition in the action, *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, Civil Action No. 06-505-SLR, and any answers, documents and other discovery materials produced by the parties or non-parties in this action in response to a discovery request, including interrogatories, requests for admission, requests for document production or subpoenas (hereinafter "Discovery Materials") and (b) any materials, including briefs and declarations, filed with the Court which contain references to, copies of or extracts from Discovery Materials (hereinafter "Court Submissions").

2. Whenever, in the opinion of any party or non-party to this action providing or producing Discovery Materials (hereinafter the "designating party") to a party in this action (hereinafter the "receiving party") such Discovery Materials would reveal information

which the designating party has reason to believe is of a non-public and confidential nature, the designating party shall have the right to designate such information as Confidential Information.

3. In the case of documents, the designation shall be made by marking each page of a document where such Confidential Information is contained (or any diskette or other storage medium) by a suitable marking, indicating the confidentiality of the information therein, by the designating party prior to the transmission of a physical copy thereof to the receiving party. The confidentiality designation shall, whenever possible, take the form of one of the following designations applied to the document:

"CONFIDENTIAL: ATTORNEYS' EYES ONLY"

or

"IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THIS MATERIAL SHALL BE TREATED AS CONFIDENTIAL: ATTORNEYS' EYES ONLY."

4. Depositions may be designated as containing Confidential Information before testimony is recorded or during the deposition. Deposition transcripts may be so designated at a deposition, or by designation in whole or in part within 30 days from the time the transcript is received by the witness or his counsel, and all transcripts shall be treated as confidential during such 30-day period.

5. All Discovery Materials containing Confidential Information are provided solely for the purpose of this litigation between the parties and shall not be used for any other purpose, and the Confidential Information contained therein shall not be disclosed to anyone except as provided herein.

6. Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons solely for the purpose of litigating this action:

   a. "Qualified Outside Counsel" of each named party (as defined below) and regularly employed office staff working under the direction and control of such Qualified Outside Counsel on this litigation. "Qualified Outside Counsel" shall mean Ropes & Gray LLP, Morris, Nichols, Arsht & Tunnell LLP, Covington & Burling LLP, Kelley Drye & Warren LLP, and Richards, Layton & Finger, P.A.;

   b. "Qualified In-House Counsel" of each named party (as defined below) and regularly employed office staff working under the direction and control of such Qualified In-House Counsel on this litigation. "Qualified In-House Counsel" shall mean three (3) lawyers, two lawyers employed by each named party and one lawyer employed by the parent corporation of each named party,[1] who (i) are members of the bar of a U.S. jurisdiction or have agreed to submit to the jurisdiction of this Court for purposes of enforcing the terms of this Order, (ii) are involved in the litigation of this action, and (iii) have been identified in writing to opposing counsel in this action;

   c. experts engaged by Qualified Outside Counsel whose technical advice and consultations are being or will be used in connection with the present litigation (hereinafter "Qualified Experts"), provided that, prior to the time of

---

[1] The inclusion of one lawyer from the parent corporation for each named party as "Qualified In-House Counsel" under the Protective Order is not grounds for either party to claim that it is entitled to discovery from any corporate entity other than the named party.

such disclosure, counsel for the receiving party shall inform counsel for the designating party of such intent to reveal the information, provide the name of the Qualified Expert and his/her curriculum vitae, as well as an executed written acknowledgement (see Paragraph 7 below). Whereupon, counsel for the designating party shall have seven business days to object to such disclosure; and, after such timely objection, if the parties cannot resolve such a dispute on an informal basis, it may be submitted to the Court for resolution at a discovery conference pursuant to the Court's June 20, 2007 Scheduling Order. Upon a designating party's timely objection, no disclosure of Confidential Information may be made to a Qualified Expert until the objection has been withdrawn or the Court has resolved the dispute;

　　d.  court reporters engaged by Qualified Outside Counsel in connection with this litigation;

　　e.  and the Court.

7.　　In the event of any disclosure permitted herein to any Qualified Expert of any Confidential Information, the party making such disclosure shall not do so until the person to whom disclosure is made has executed a written acknowledgement, in the form annexed hereto as Exhibit A.

8.　　No copies of Discovery Materials or Court Submissions containing Confidential Information shall be made except by or on behalf of Qualified Outside Counsel or Qualified In-House Counsel.

9. No Qualified Outside Counsel or Qualified In-House Counsel shall make disclosure of any Confidential Information obtained pursuant to pretrial discovery in this action except as permitted herein without further order of Court on notice or as stipulated by the parties.

10. Court Submissions containing Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential: Attorneys' Eyes Only," and a statement substantially in the following form: "This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be displayed, revealed or made public, except under the direction of the Court."

11. At any time, access to or use of Confidential Information otherwise denied hereunder may be afforded for purposes of the litigation of this action, or any specified part or parts of the restrictions imposed herein may be terminated or modified, by written stipulation by the parties hereto or by an order of this Court for good cause shown on notice.

12. Neither party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so promptly shall not preclude a subsequent attack on the propriety of such designation. The inadvertent or unintentional disclosure by a party producing Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The designating party may also restrict future use and disclosure of Confidential Information, consistent with this Order, including but not limited to information produced prior to the date of this Stipulation, by notifying the

receiving party in writing of a change in or an addition of a restrictive designation. Counsel for the parties shall in any event, upon discovery of inadvertent error or upon being advised of a change in or an addition of restrictive designation, restore the confidentiality of the Confidential Information, including retrieval of any copies of Discovery Materials containing Confidential Information from those not authorized to possess them.

13. The inadvertent or unintentional disclosure by a party producing materials that are covered by either the attorney-client privilege or the work-product immunity (hereinafter the "designating party") shall not be deemed a waiver in whole or in part of that party's claim of privilege or immunity, either to specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon the designating party's claim of privilege or immunity, the party receiving such materials (hereinafter the "receiving party") will immediately stop reviewing any and all materials claimed to be covered by any privilege or immunity, and will immediately return all relevant materials (or any copies thereof) to the designating party.

14. In the event that the receiving party disagrees with the designation of any information or materials as confidential or protected from discovery by the attorney-client privilege or work-product immunity, the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. In the event the parties cannot reach an agreement, the parties will schedule a discovery conference pursuant to the Court's June 20, 2007 Scheduling Order. At the conference, the receiving party shall state its grounds for, and bear the burden in, challenging the designating party's designation of confidentiality or claim of attorney-client privilege or work-product immunity. At no time may the receiving party rely on any

inadvertently produced information or materials as a basis for its challenge of a claim of attorney-client privilege or work-product immunity.

15. Counsel shall confer concerning measures that should be taken during pretrial and trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all evidence necessary for a proper resolution of this cause. Counsel shall prepare their cases with the objective that there will be no needless use, revelation, or disclosure of Confidential Information.

16. Notwithstanding the paragraphs above, any person may be shown or examined on, at a deposition or at trial, any document containing Confidential Information if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness, or if the designating party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of documents or other materials containing Confidential Information received at deposition or trial.

17. Nothing in this Order shall affect the right of any party to make any objection on grounds of relevance or otherwise, claim privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure, or to avail itself of such additional protection with respect to the confidentiality of documents or other material sought in discovery as may be appropriate, including but not limited to any of the protections available under Federal Rule of Civil Procedure 26(c) or the local rules of the Federal District Court for the District of Delaware.

18. Upon final termination of this action, unless otherwise agreed to in writing by the attorney for the designating party, each party shall assemble and return to the other all documentary and other physical material designated as Confidential Information, including all copies that may have been made. Receipt of such material by the designating party shall be acknowledged in writing.

19. No part of the restrictions imposed by this stipulation may be terminated except by written stipulation executed by counsel for each designating party, or by an order of this Court for good cause shown on notice. The termination of the action shall not terminate these limitations on disclosure of Confidential Information.

20. Notwithstanding the foregoing paragraphs, nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying generally upon his examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the content or the source of such information

contrary to the terms of this Order.

| | |
|---|---|
| ROPES & GRAY LLP | KELLEY DRYE & WARREN LLP |
| By _/s/ illegible_____<br>A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1211 Avenue of the Americas<br>New York, New York 10036 | By _William R. Golden Jr._____<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>101 Park Avenue<br>New York 10178-0002 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| By _/s/ illegible_____<br>A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | By _____<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801 |
| | COVINGTON & BURLING LLP |
| | By _____<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |

October ___, 2007

SO ORDERED:

_____
United States District Judge

contrary to the terms of this Order.

| ROPES & GRAY LLP | KELLEY DRYE & WARREN LLP |
|---|---|
| By _/s/ illegible signature_<br>A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1211 Avenue of the Americas<br>New York, New York 10036 | By _____<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>101 Park Avenue<br>New York 10178-0002 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| By _/s/ illegible signature_<br>A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | By _/s/ William Wade_<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801 |
|  | COVINGTON & BURLING LLP |
|  | By _____<br>A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |

October ___, 2007

SO ORDERED:

_____
United States District Judge

9

contrary to the terms of this Order.

| ROPES & GRAY LLP | KELLEY DRYE & WARREN LLP |
|---|---|
| By __/s/ T. M. Palladino_____ | By _____ |
| A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1211 Avenue of the Americas<br>New York, New York 10036 | A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>101 Park Avenue<br>New York 10178-0002 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| By __/s/_____ | By _____ |
| A Member of the Firm<br>Attorneys for the Plaintiff<br>PERNOD RICARD USA, LLC<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | A Member of the Firm<br>Attorneys for the Defendant<br>Bacardi U.S.A., INC.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801 |

COVINGTON & BURLING LLP

By __/s/_____

A Member of the Firm
Attorneys for the Defendant
Bacardi U.S.A., INC.
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

October ___, 2007

SO ORDERED:

_____
United States District Judge

9

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x

| | |
|---|---|
| PERNOD RICARD USA, LLC | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-505-SLR |
| BACARDI U.S.A., INC., | : |
| Defendant. | : |

------------------------------------------------------x

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the parties and entered by the Court in this action and agrees to be bound by its terms.

_____
**(SIGNATURE)**

_____
**(PRINTED NAME)**

_____
**(DATE)**

10