IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERNOD RICARD USA, LLC,

        Plaintiff,

           v.

BACARDI U.S.A., INC.,

        Defendant.

C.A. No. 06-505 (SLR)

## NOTICE OF SUBPOENA

       PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 is being

served upon Cathy Bayer, c/o William R. Golden, Jr., Esquire, Kelley Drye & Warren LLP, 101

Park Avenue, New York, NY 10178.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
  Attorneys for Plaintiff
  Pernod Ricard USA, LLC

OF COUNSEL:

Vincent N. Palladino
Eric R. Hubbard
Michele M. Winneker
Brynn Metzger-Hare
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

February 14, 2008

1538508

## <u>CERTIFICATE OF SERVICE</u>

I, Rodger D. Smith II, hereby certify that on February 14, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on February 14, 2008, upon the following in the manner indicated:

**<u>BY HAND & E-MAIL</u>**

Anne Shea Gaza, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

**<u>BY E-MAIL</u>**

Emily Johnson Henn, Esquire
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004

Michelle M. Graham, Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

*/s/ Rodger D. Smith II (#3778)*

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
rsmith@mnat.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PERNOD RICARD USA, LLC,

    Plaintiff,

        v.

BACARDI U.S.A., Inc.,

    Defendant.

### SUBPOENA IN A CIVIL CASE

Pending:
**Civil Action No. 6:505(SLR)**
**(DISTRICT OF DELAWARE)**

TO:  **Cathy Bayer**
      **c/o: William R. Golden, Jr., Esq.**
      **Kelley Drye & Warren LLP**
      **101 Park Avenue**
      **New York, NY 10178**

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition will be ☒ transcribed; ☐ video taped; ☒ audio recorded. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| JW Marriott Hotel Miami<br>1109 Brickell Avenue<br>Miami, FL 33131 | March 5, 2008, 9:30 AM |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below (list documents, electronically stored information  or objects): SEE SCHEDULE A ATTACHED HERETO |

| PLACE | DATE AND TIME |
|---|---|
| | |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify.  Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Brynn M Hare* <br> Attorney for Plaintiff | 2/14/08 <br> Date |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Brynn Metzger-Hare, Esq.<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036 | (212) 596-9481 |

PROOF OF SERVICE

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| William R. Golden, Jr., Esq. | Federal Express |
| SERVED BY (PRINT NAME) | TITLE |
| Brynn Metzger-Hare, Esq. | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on:    February 14, 2008

DATE

SIGNATURE OF SERVER

1211 Ave. of the Americas

ADDRESS OF SERVER

New York, NY 10036

FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), AND (E), AS AMENDED ON DECEMBER 1, 2007:

### (c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).