IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERNOD RICARD USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-505 (SLR) |
| | ) | |
| BACARDI U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF SUBPOENA

TO:    Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801

PLEASE TAKE NOTICE that on July 3, 2008, the attached subpoena was served on Walter McCullough, Monroe Mendelsohn Research, Inc., 841 Broadway, New York, NY 10003.

Of Counsel:

Eugene D. Gulland
Oscar M. Garibaldi
Emily Johnson Henn
Jenny C. Ellickson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

William R. Golden, Jr.
Michelle M. Graham
Matthew Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Dated: July 3, 2008

*/s/ Anne Shea Gaza*
William J. Wade (#704)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
wade@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7718
Facsimile: (302) 498-7718
  Attorneys for Defendant
  *Bacardi U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### BY HAND

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801


I hereby certify that on July 3, 2008, the foregoing document was sent to the following

non-registered participants in the manner indicated:

### VIA E-MAIL

Herbert F. Schwartz
Vincent N. Palladino
Pablo D. Hendler
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036


*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com

**Issued by the**
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PERNOD RICARD USA, LLC,
    *Plaintiff,*
       v.
BACARDI U.S.A., INC.,
    *Defendant.*

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 06-CV-505 (D. Del.)

**TO:** **Walter McCullough, Monroe Mendelsohn Research, Inc.**
     **841 Broadway, New York NY 10003**

☐ YOU ARE COMMANDED to appear in the United States Court at the place, date, and time specified below to testify in the above case.

| | |
|---|---|
| | Courtroom: |
| | date and time: |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | |
|---|---|
| Place of deposition: **Kelley Drye & Warren LLP**<br>                 **101 Park Avenue**<br>                 **New York NY 10178** | date and time<br>**July 30, 2008**<br>**10 a.m.** |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **The documents listed on Ex. A**

| | |
|---|---|
| Place: **Kelley Drye & Warren LLP**<br>      **101 Park Avenue**<br>      **New York NY 10178** | date and time<br>**July 21, 2008** |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | |
|---|---|
| Premises | date and time |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing officer signature and title (indicate if attorney for plaintiff or defendant) | Date: |
|---|---|
| *William R. Golden Jr* (signature)<br>**Attorney for Defendant/Counterclaimant**<br>**Bacardi U.S.A., Inc.** | **July 2, 2008** |

| Issuing officer's name, address and phone number: | **William R. Golden, Jr.**<br>**KELLEY DRYE & WARREN LLP**<br>**101 Park Avenue**<br>**New York, NY 10178**<br>**(212) 808-7800** |
|---|---|

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                  DATE                              SIGNATURE OF SERVER

                                          _____
                                          ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

**Subpoena *Duces Tecum* to Mr. Walter McCullough**

Definitions

The following definitions apply to these requests for inspection and copying:

(a)    "Document" is used in its broadest permissible sense and includes any evidence of any type of communication - the transmittal or recording of any information (in the form of data, facts, ideas, inquiries or otherwise) by any means - whether written, printed, typed, recorded, digitized, filmed, punched, transcribed, taped or produced or reproduced by any other means known to man, including, without limitation, electronically stored information. The term "document" also means and includes, without limitation, records of station message detail recording ("SMDR information") and any telephone system computer device printouts or magnetic devices that record the SMDR information, any back ups or originals of router information, log files or backups, computer programs, printouts, databases, data files, computer disks, diskettes or CD-ROMs, software, all recordings made through data processing or computer techniques, and the written information necessary to understand and use such materials. The term "document" also means and includes, without limitation, all appraisals, records, personal notes, e-mails, cablegrams, telexes, facsimiles, studies, calendars, day-timers, diaries, desk calendars, appointment books, agendas, minutes, pamphlets, envelopes, telephone messages, graphs, records of meetings, summaries, records or recordings of telephone conversations, summaries or records of personal conversations of interviews, summaries or records of meetings or conferences, tabulations, analyses, evaluations, projections, work papers, statements, summaries, reports, journals, billing records, invoices, correspondence, letters, financial statements, balance sheets, accounting entries, tax returns, loan documents, and/or all written or recorded matter of any kind whatsoever. The term "document" also means photographs, videotapes, tape recordings, microfilms, and punchcards. The term "document" is further defined to mean the original, any drafts, and any nonidentical copies (*e.g.*, those bearing notations or marks not found on the original document).

(b)    The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

(c)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, letter, facsimile, e-mail, voicemail, memorandum, telephone and/or any other type of document.

(d)    "McCullough Report" shall mean the report of Walter McCullough entitled "Report on a Test to Determine the Country of Origin Communicated by 'Havana Club' Rum" produced by counsel to Pernod Ricard USA, LLC in this litigation and executed by Mr. McCullough on April 10, 2008.

(e)    "All" or "each" are to be construed as "and," "each," and "and/or."

(f)    "Including" and "including, but not limited to" are used herein to illustrate documents that are responsive to a particular document request. Any listing of

documents or things following either of these terms is not exhaustive of the materials sought and in no way limits the scope of any request.

        (g)     The connectors "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

        (h)     The present tense includes the past and future tenses.

        (i)     The use of the singular form includes the plural and vice-versa.

<u>Documents and Things Commanded for Production</u>

1.     All Documents, Communications and things relating to Mr. McCullough's retention by Ropes & Gray ("Ropes") and/or Pernod Ricard USA, LLC ("Pernod") in connection with this litigation, including without limitation meeting notes, telephone notes, correspondence to Ropes or Pernod, correspondence from Ropes or Pernod, Documents and things received from Ropes or Pernod, retainer agreements, fee schedules, bills, notebooks, and the like.

2.     All Documents, Communications and things relating to work performed by Mr. McCullough for or at the direction of Ropes or Pernod in connection with this litigation, including without limitation survey research, survey analysis, surveys, draft surveys, draft questionnaires, draft interviewer instructions, draft supervisor instructions, draft stimuli, tabulations and computations, notes and correspondence.

3.     All drafts or iterations of the McCullough Report.

4.     All work papers, notes and/or back-up materials created, used or relied upon in the McCullough Report, including tabulation or calculation materials and time sheets.

5.     All Documents relating to the coding of the responses to the Screener and Main Questionnaire completed in connection with the McCullough Report.

6.     All Documents identifying which respondents have been designated as "misled" or "confused" in the table appearing on Page7 of the McCullough Report, and, as applicable,

why such respondents have been so designated.

7.    Each Screener and Questionnaire completed in connection with the McCullough Report.

8.    All Documents relating to the results of the Validation Questionnaire appearing as Exhibit D to the McCullough Report.

9.    The data file from which the data listing found at Exhibit E of the McCullough Report was generated or otherwise containing the data found at Exhibit E of the McCullough Report.

10.    All Documents or Communications between Mr. McCullough and any other person relating to work performed for or at the direction of Ropes or Pernod in connection with this litigation, including without limitation survey research, survey analysis, surveys, draft surveys, draft questionnaires, draft interviewers instructions, draft supervisor instructions, draft stimuli, tabulations and computations, notes and correspondence.

11.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in any governmental investigation or in any administrative, congressional or judicial proceeding involving geographic origin.

12.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in any governmental investigation or in any administrative, congressional or judicial proceeding involving liquor products.

13.    All Documents that Mr. McCullough has received in connection with work performed for or at the direction of Ropes or Pernod in this litigation.

14.    Any other materials created by Mr. McCullough in connection with this litigation.

15.    All Documents or other materials relied on by Mr. McCullough in formulating the

opinions set forth in the McCullough Report or on which he bases any opinion he expects to offer at trial in this litigation.

16.    All Documents, Communications and things relating to any pilot survey by Mr. McCullough or anyone else on behalf of Ropes or Pernod concerning any issues raised in this case.

17.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in the case captioned *GlaxoSmithKline Consumer Healthcare v. Merix Pharmaceutical Corp.* (S.D.N.Y.)

18.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in the case captioned *Louis Vuttion Malletier v. Burlington Coat Factory, et al.* (S.D.N.Y.)

19.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in the case captioned *Exide Technologies v. Enersys Corp.* (Bankr. D. Del.)

20.    All Documents, including both expert reports and all testimony and statements that Mr. McCullough has given under oath, in the case captioned *Anheuser-Busch, Inc. v. Caught-On-Bleu, Inc.* (D.N.H.)