IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERNOD RICARD USA, LLC,

Plaintiff,

v.

BACARDI U.S.A., INC.,

Defendant.

C.A. No. 06-505 (SLR)

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 is being

served upon Gary T. Ford, 5310 Hampden Lane, Bethesda, MD  20814.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
  Attorneys for Plaintiff
  Pernod Ricard USA, LLC

OF COUNSEL:

Vincent N. Palladino
Eric R. Hubbard
Brynn Metzger-Hare
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

July 17, 2008

2414233

## <u>CERTIFICATE OF SERVICE</u>

I, Rodger D. Smith II, hereby certify that on July 17, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.

I also certify that copies were caused to be served on July 17, 2008, upon the following in the manner indicated:

### <u>BY HAND & E-MAIL</u>

Anne Shea Gaza, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

### <u>BY E-MAIL</u>

Emily Johnson Henn, Esquire
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004

William R. Golden, Jr., Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

/s/ Rodger D. Smith II

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
rsmith@mnat.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

PERNOD RICARD USA, LLC,

    Plaintiff,

       v.

BACARDI U.S.A., Inc.,

    Defendant.

### SUBPOENA IN A CIVIL CASE

Pending:
Civil Action No. 6:505(SLR)
(DISTRICT OF DELAWARE)

To:  Gary T. Ford
     5310 Hampden Lane
     Bethesda, MD 20814

| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| ☒ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be ☒ transcribed; ☐ video taped; ☒ audio recorded. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |
| **Ropes & Gray** **1211 Avenue of the Americas** **New York, NY 10036** | | August 6, 2008 10:00 AM |

| ☒ | YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below (list documents, electronically stored information or objects): SEE SCHEDULE A ATTACHED HERETO | |
|---|---|---|
| PLACE | | DATE AND TIME |
| **Ropes & Gray** **1211 Avenue of the Americas** **New York, NY 10036** | | July 28, 2008 |

| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES | | DATE AND TIME |
| | | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Brynn M Hare*  Attorney for Plaintiff | July 17, 2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| Brynn Metzger-Hare, Esq. Ropes & Gray LLP 1211 Avenue of the Americas New York, NY  10036 | (212) 596-9481 |

PROOF OF SERVICE

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Gary T. Ford. | Federal Express |
| SERVED BY (PRINT NAME) | TITLE |
| Brynn Metzger-Hare, Esq. | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on:    July 17, 2008

DATE

SIGNATURE OF SERVER

1211 Ave. of the Americas

ADDRESS OF SERVER

New York, NY 10036

FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), AND (E), AS AMENDED ON DECEMBER 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### INTRODUCTION

For a statement of obligations in producing documents under this subpoena, see Rule 45(d)(1) and (2) of the Federal Rules of Civil Procedure, which appears on the previous page.

A Protective Order has been entered in this case by the United States District Court for the District of Delaware. A copy is attached at Exh. 1. Any confidential documents produced may be so designated as provided for in the Protective Order.

### DEFINITIONS

1.      Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions set forth below.

2.      "Gary T. Ford, Ph.D." includes the individual Gary T. Ford, Ph.D. or any of his partners, associates, administrators, employees, agents, servants, representatives, and/or anyone acting or purporting to act on behalf of any of the foregoing.

3.      "You" or "your" means and includes Gary T. Ford, Ph.D.

4.      The terms "document" and "documents" are used in their customary broad sense and include, but are not limited to, the original and any draft or copy that differs from the original because of handwritten or other notations, regardless of origin or location, of any printed, written, graphic, mechanical, electronic, or magnetic record or recording of any information of any kind, including but not limited to any electronic mail,

e-mail, computer data file, computer disc, other computer-generated or computer-stored information, agreement, book, letter, memorandum, correspondence, contract, telegram, report, photograph, pamphlet, note, message (including but not limited to any report, note, or memorandum of any telephone conversation or conference), calendar or diary entry, minutes of any meeting, record of an oral conversation, audio or video tape recording, invoice, account, check, receipt, notebook, ledger, press release, circular, working paper, microfilm or microfiche, regardless of whether designated "confidential," "privileged" or otherwise.

   5.  "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document.

   6.  A request for a "document" shall be deemed to include a request for a "thing." A request for a "thing" shall be deemed to include a request for a "document."

   7.  "Communication" or "communications" means the transmittal of information by any means.

   8.  "Person" means any natural person or any business, legal or governmental entity, or association.

   9.  Use of the singular form of any word includes the plural and vice versa. Use of a masculine, feminine or neuter pronoun includes all genders appropriate to the context. The past tense includes the present tense and vice versa where the clear meaning is not distorted by change of tense. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside the scope.

10.     "Regarding" or "in regard to" should be interpreted in its broadest sense to mean about, alluding to, analyzing, commenting on, relating to, constituting, evidencing, describing, discussing, in connection with, in respect of, mentioning, reflecting, concerning, responding to, showing or supporting.

## INSTRUCTIONS

1.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      Each document furnished in response to the Requests for Production is to be produced as it is kept in the usual course of business or shall be organized and labeled to correspond with each paragraph in the Request for Production.

3.      Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.      Documents attached to each other shall not be separated.

5.      If you seek to withhold any document based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

  a.    the identity of each document's author, writer, sender, or initiator;

  b.    the identity of each document's recipient, addressee or person for whom it was intended;

  c.    the date of creation or transmittal indicated on each document or an estimate of that date, indicated as such, if no date appears on the document;

  d.    its present location and the identity of its current custodian;

  e.    the general subject matter of the document, including, if available, the general subject matter or title as it appears on the document; and

  f.    a description of the basis for withholding the document, including (if a privilege is claimed) information sufficient to evaluate the applicability of the privilege.

6.    If any requested document has been lost, destroyed, discarded, or is otherwise no longer in existence, please state:

     a.    author;

     b.    date of the document;

     c.    subject matter of the document;

     d.    the date it was destroyed, discarded, or discovered no longer to be in existence;

     e.    the reason it was destroyed, discarded, or is no longer in existence;

     f.    any person, firm or corporation who has possession, custody or control of a partial or complete copy of such document; and

     g.    the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the document or thing.

7.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

8.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7

9.      In the event that more than one copy of a document exists, the original shall be produced, as well as every copy on which appears any notations or markings of any sort not apparent on the original.  Any document kept in files in the ordinary course of business shall be produced in the files or in a manner that preserves and indicates the files from which the documents were taken.

## Documents and Things To Be Produced

Request No. 1:

All documents and things relating to Gary T. Ford's retention by Kelley Drye & Warren, LLP ("Kelley Drye") and/or Bacardi USA, Inc. ("Bacardi") in connection with this litigation, including, but not limited to, documents or things received from Kelley Drye and or Bacardi, notes, meeting minutes, communications, correspondence, and retainer agreements.

Request No. 2:

All documents related to the above captioned lawsuit, including, but not limited to, any communications with Bacardi or its attorneys.

Request No. 3:

All drafts of the Gary T. Ford report.

Request No. 4:

All documents and things used or relied upon in formulating the opinions expressed in the Gary T. Ford report or opinions he expects to offer at trial in this litigation, including, but not limited to, notes, emails, communications, correspondence, testimony, and reports.

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x

PERNOD RICARD USA, LLC                    :

    Plaintiff,                         :

   v.                                       :  Civil Action No. 06-505-SLR

BACARDI U.S.A., INC.,                     :

    Defendant.                        :

--------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

  Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of the

parties, it is hereby Ordered that:

    1.  This order shall govern (a) any oral deposition testimony, any record of

oral testimony given at any deposition in the action, *Pernod Ricard USA, LLC v. Bacardi U.S.A.,*

*Inc.*, Civil Action No. 06-505-SLR, and any answers, documents and other discovery materials

produced by the parties or non-parties in this action in response to a discovery request, including

interrogatories, requests for admission, requests for document production or subpoenas

(hereinafter "Discovery Materials") and (b) any materials, including briefs and declarations, filed

with the Court which contain references to, copies of or extracts from Discovery Materials

(hereinafter "Court Submissions").

    2.  Whenever, in the opinion of any party or non-party to this action

providing or producing Discovery Materials (hereinafter the "designating party") to a party in

this action (hereinafter the "receiving party") such Discovery Materials would reveal information

which the designating party has reason to believe is of a non-public and confidential nature, the designating party shall have the right to designate such information as Confidential Information.

3.    In the case of documents, the designation shall be made by marking each page of a document where such Confidential Information is contained (or any diskette or other storage medium) by a suitable marking, indicating the confidentiality of the information therein, by the designating party prior to the transmission of a physical copy thereof to the receiving party.  The confidentiality designation shall, whenever possible, take the form of one of the following designations applied to the document:

"CONFIDENTIAL: ATTORNEYS' EYES ONLY"

or

"IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE

COURT, THIS MATERIAL SHALL BE TREATED AS CONFIDENTIAL:

ATTORNEYS' EYES ONLY."

4.    Depositions may be designated as containing Confidential Information before testimony is recorded or during the deposition.  Deposition transcripts may be so designated at a deposition, or by designation in whole or in part within 30 days from the time the transcript is received by the witness or his counsel, and all transcripts shall be treated as confidential during such 30-day period.

5.    All Discovery Materials containing Confidential Information are provided solely for the purpose of this litigation between the parties and shall not be used for any other purpose, and the Confidential Information contained therein shall not be disclosed to anyone except as provided herein.

2

6.    Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons solely for the purpose of litigating this action:

a.    "Qualified Outside Counsel" of each named party (as defined below) and regularly employed office staff working under the direction and control of such Qualified Outside Counsel on this litigation. "Qualified Outside Counsel" shall mean Ropes & Gray LLP, Morris, Nichols, Arsht & Tunnell LLP, Covington & Burling LLP, Kelley Drye & Warren LLP, and Richards, Layton & Finger, P.A.;

b.    "Qualified In-House Counsel" of each named party (as defined below) and regularly employed office staff working under the direction and control of such Qualified In-House Counsel on this litigation. "Qualified In-House Counsel" shall mean three (3) lawyers, two lawyers employed by each named party and one lawyer employed by the parent corporation of each named party,[1] who (i) are members of the bar of a U.S. jurisdiction or have agreed to submit to the jurisdiction of this Court for purposes of enforcing the terms of this Order, (ii) are involved in the litigation of this action, and (iii) have been identified in writing to opposing counsel in this action;

c.    experts engaged by Qualified Outside Counsel whose technical advice and consultations are being or will be used in connection with the present litigation (hereinafter "Qualified Experts"), provided that, prior to the time of

---

[1] The inclusion of one lawyer from the parent corporation for each named party as "Qualified In-House Counsel" under the Protective Order is not grounds for either party to claim that it is entitled to discovery from any corporate entity other than the named party.

3

such disclosure, counsel for the receiving party shall inform counsel for the designating party of such intent to reveal the information, provide the name of the Qualified Expert and his/her curriculum vitae, as well as an executed written acknowledgement (see Paragraph 7 below). Whereupon, counsel for the designating party shall have seven business days to object to such disclosure; and, after such timely objection, if the parties cannot resolve such a dispute on an informal basis, it may be submitted to the Court for resolution at a discovery conference pursuant to the Court's June 20, 2007 Scheduling Order. Upon a designating party's timely objection, no disclosure of Confidential Information may be made to a Qualified Expert until the objection has been withdrawn or the Court has resolved the dispute;

d.   court reporters engaged by Qualified Outside Counsel in connection with this litigation;

e.   and the Court.

7.      In the event of any disclosure permitted herein to any Qualified Expert of any Confidential Information, the party making such disclosure shall not do so until the person to whom disclosure is made has executed a written acknowledgement, in the form annexed hereto as Exhibit A.

8.      No copies of Discovery Materials or Court Submissions containing Confidential Information shall be made except by or on behalf of Qualified Outside Counsel or Qualified In-House Counsel.

4

9.     No Qualified Outside Counsel or Qualified In-House Counsel shall make disclosure of any Confidential Information obtained pursuant to pretrial discovery in this action except as permitted herein without further order of Court on notice or as stipulated by the parties.

10.     Court Submissions containing Confidential Information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential: Attorneys' Eyes Only," and a statement substantially in the following form: "This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be displayed, revealed or made public, except under the direction of the Court."

11.     At any time, access to or use of Confidential Information otherwise denied hereunder may be afforded for purposes of the litigation of this action, or any specified part or parts of the restrictions imposed herein may be terminated or modified, by written stipulation by the parties hereto or by an order of this Court for good cause shown on notice.

12.     Neither party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so promptly shall not preclude a subsequent attack on the propriety of such designation. The inadvertent or unintentional disclosure by a party producing Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The designating party may also restrict future use and disclosure of Confidential Information, consistent with this Order, including but not limited to information produced prior to the date of this Stipulation, by notifying the

5

receiving party in writing of a change in or an addition of a restrictive designation.  Counsel for the parties shall in any event, upon discovery of inadvertent error or upon being advised of a change in or an addition of restrictive designation, restore the confidentiality of the Confidential Information, including retrieval of any copies of Discovery Materials containing Confidential Information from those not authorized to possess them.

       13.     The inadvertent or unintentional disclosure by a party producing materials that are covered by either the attorney-client privilege or the work-product immunity (hereinafter the "designating party") shall not be deemed a waiver in whole or in part of that party's claim of privilege or immunity, either to specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon the designating party's claim of privilege or immunity, the party receiving such materials (hereinafter the "receiving party") will immediately stop reviewing any and all materials claimed to be covered by any privilege or immunity, and will immediately return all relevant materials (or any copies thereof) to the designating party.

       14.     In the event that the receiving party disagrees with the designation of any information or materials as confidential or protected from discovery by the attorney-client privilege or work-product immunity, the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court.  In the event the parties cannot reach an agreement, the parties will schedule a discovery conference pursuant to the Court's June 20, 2007 Scheduling Order.  At the conference, the receiving party shall state its grounds for, and bear the burden in, challenging the designating party's designation of confidentiality or claim of attorney-client privilege or work-product immunity.  At no time may the receiving party rely on any

inadvertently produced information or materials as a basis for its challenge of a claim of attorney-client privilege or work-product immunity.

15.    Counsel shall confer concerning measures that should be taken during pretrial and trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all evidence necessary for a proper resolution of this cause. Counsel shall prepare their cases with the objective that there will be no needless use, revelation, or disclosure of Confidential Information.

16.    Notwithstanding the paragraphs above, any person may be shown or examined on, at a deposition or at trial, any document containing Confidential Information if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness, or if the designating party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of documents or other materials containing Confidential Information received at deposition or trial.

17.    Nothing in this Order shall affect the right of any party to make any objection on grounds of relevance or otherwise, claim privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure, or to avail itself of such additional protection with respect to the confidentiality of documents or other material sought in discovery as may be appropriate, including but not limited to any of the protections available under Federal Rule of Civil Procedure 26(c) or the local rules of the Federal District Court for the District of Delaware.

18.   Upon final termination of this action, unless otherwise agreed to in writing by the attorney for the designating party, each party shall assemble and return to the other all documentary and other physical material designated as Confidential Information, including all copies that may have been made. Receipt of such material by the designating party shall be acknowledged in writing.

19.   No part of the restrictions imposed by this stipulation may be terminated except by written stipulation executed by counsel for each designating party, or by an order of this Court for good cause shown on notice. The termination of the action shall not terminate these limitations on disclosure of Confidential Information.

20.   Notwithstanding the foregoing paragraphs, nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying generally upon his examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the content or the source of such information

contrary to the terms of this Order.

ROPES & GRAY LLP

By _JMPalladino_____
    A Member of the Firm
    Attorneys for the Plaintiff
    PERNOD RICARD USA, LLC
    1211 Avenue of the Americas
    New York, New York 10036

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By _____
    A Member of the Firm
    Attorneys for the Plaintiff
    PERNOD RICARD USA, LLC
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE 19899-1347

KELLEY DRYE & WARREN LLP

By _William R Golden Jr_____
    A Member of the Firm
    Attorneys for the Defendant
    Bacardi U.S.A., INC.
    101 Park Avenue
    New York 10178-0002

RICHARDS, LAYTON & FINGER, P.A.

By _____
    A Member of the Firm
    Attorneys for the Defendant
    Bacardi U.S.A., INC.
    One Rodney Square
    920 North King Street
    Wilmington, Delaware 19801

COVINGTON & BURLING LLP

By _____
    A Member of the Firm
    Attorneys for the Defendant
    Bacardi U.S.A., INC.
    1201 Pennsylvania Avenue, NW
    Washington, DC 20004-2401

October ___, 2007

SO ORDERED:

_____
United States District Judge

9

contrary to the terms of this Order.

ROPES & GRAY LLP                                KELLEY DRYE & WARREN LLP

By _____                      By _____
   A Member of the Firm                            A Member of the Firm
   Attorneys for the Plaintiff                     Attorneys for the Defendant
   PERNOD RICARD USA, LLC                          Bacardi U.S.A., INC.
   1211 Avenue of the Americas                     101 Park Avenue
   New York, New York 10036                        New York, 10178-0002

MORRIS, NICHOLS, ARSHT & TUNNELL LLP            RICHARDS, LAYTON & FINGER, P.A.

By _____                      By _____
   A Member of the Firm                            A Member of the Firm
   Attorneys for the Plaintiff                     Attorneys for the Defendant
   PERNOD RICARD USA, LLC                          Bacardi U.S.A., INC.
   1201 N. Market Street                           One Rodney Square
   P.O. Box 1347                                   920 North King Street
   Wilmington, DE 19899-1347                       Wilmington, Delaware 19801

                                                COVINGTON & BURLING LLP

                                                By _____
                                                   A Member of the Firm
                                                   Attorneys for the Defendant
                                                   Bacardi U.S.A., INC.
                                                   1201 Pennsylvania Avenue, NW
                                                   Washington, DC 20004-2401

October ___, 2007

SO ORDERED:

_____
United States District Judge

9

contrary to the terms of this Order.

ROPES & GRAY LLP

By _____
 A Member of the Firm
 Attorneys for the Plaintiff
 PERNOD RICARD USA, LLC
 1211 Avenue of the Americas
 New York, New York 10036

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By _____
 A Member of the Firm
 Attorneys for the Plaintiff
 PERNOD RICARD USA, LLC
 1201 N. Market Street
 P.O. Box 1347
 Wilmington, DE 19899-1347

KELLEY DRYE & WARREN LLP

By _____
 A Member of the Firm
 Attorneys for the Defendant
 Bacardi U.S.A., INC.
 101 Park Avenue
 New York 10178-0002

RICHARDS, LAYTON & FINGER, P.A.

By _____
 A Member of the Firm
 Attorneys for the Defendant
 Bacardi U.S.A., INC.
 One Rodney Square
 920 North King Street
 Wilmington, Delaware 19801

COVINGTON & BURLING LLP

By _____
 A Member of the Firm
 Attorneys for the Defendant
 Bacardi U.S.A., INC.
 1201 Pennsylvania Avenue, NW
 Washington, DC 20004-2401

October ___, 2007

SO ORDERED:

_____
United States District Judge

9

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

.................................................................x

PERNOD RICARD USA, LLC                   :

        Plaintiff,                     :

      v.                              :    Civil Action No. 06-505-SLR

BACARDI U.S.A., INC.,                    :

        Defendant.                    :

.................................................................x

### ACKNOWLEDGEMENT

    The undersigned hereby acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the parties and entered by the Court in this action and agrees to be bound by its terms.

_____

(SIGNATURE)

_____

(PRINTED NAME)

_____

(DATE)

10