IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERNOD RICARD USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-505-SLR |
| | ) | |
| BACARDI U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

Jack B. Blumenfeld, Esquire and Rodger D. Smith, II, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Vincent N. Palladino, Esquire, Eric R. Hubbard, Esquire, Leslie M. Spencer, Esquire, Brynn Metzger-Hare, Esquire and Margaret C. Lu, Esquire of Ropes & Gray LLP, New York, New York.

William J. Wade, Esquire and Anne Shea Gaza, Esquire of Richards, Layton, & Finger, Wilmington, Delaware. Counsel for Defendant. Of Counsel: William R. Golden, Jr., Esquire, Mark S. Gregory, Esquire and Matthew D. Marcotte, Esquire of Kelley Drye & Warren LLP, New York, New York.

**OPINION**

Dated: April 6, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Pernod Ricard USA, LLC ("plaintiff" or "Pernod") filed this action against Bacardi USA, Inc. ("defendant" or "Bacardi") on August 15, 2006, alleging that defendant has willfully made false and misleading representations concerning the geographic origin of its "Havana Club"-branded rum in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (D.I. 1) Plaintiff also brought a claim for false advertising under the Lanham Act based upon defendant's statements that it owns the rights to the "Havana Club" trademark in the United States. (*Id.*) On August 21, 2007, the court dismissed the portion of the complaint relating to defendant's asserted rights in the "Havana Club" trademark. (D.I. 41) A bench trial was held between March 3 and 5, 2009 on the geographic origin claim, which was fully briefed post-trial. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Having considered the documentary evidence and testimony, the court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Parties and Products

1. Plaintiff is an Indiana limited liability company based in Purchase, New York, employing approximately 1,000 people in the United States. Plaintiff is a leading supplier of spirits in the United States market. (D.I. 125 at 27:21-28:9)

2. Plaintiff is a subsidiary of Pernod Ricard, S.A., a French company.

3. In 2005, plaintiff acquired through an acquisition the Malibu rum brand, along with Kahlua liqueur and some other brands. (*Id.* at 30:17-20) Malibu is a white flavored

Case 1:06-cv-00505-SLR   Document 132   Filed 04/06/10   Page 3 of 8 PageID #: 2542

rum and is the third largest brand of rum in the market, behind only Bacardi and Captain Morgan. (*Id.* at 40:5-16) In 2005, approximately 1.3 million cases of Malibu rum were sold in the United States.[1] (*Id.* at 44:25-45:14)

4. Defendant is a Delaware corporation with its executive offices located in Miami, Florida. (D.I. 14 at 2) Defendant is the United States import, sales, and marketing arm of Bacardi & Company Limited,[2] a company founded in 1862 in Santiago de Cuba and which relocated its headquarters to the Bahamas and productions to Puerto Rico in the 1960s.[3] Defendant markets and distributes several spirits, including Bacardi Superior and Bacardi 151 rums. Bacardi brand rum makes up 41% of all rum sales in the United States. (D.I. 125 at 44:25-45:9)

**B. Background[4]**

5. Before the Cuban revolution, Jose Arechabala, S.A. ("JASA"), a Cuban

---

[1] The court heard testimony that Malibu rum is "produced in Canada." (D.I. 125 at 82:24-25) According to Pernod's website, Malibu rum is made in Barbados. It is the court's understanding that Malibu rum is shipped to Ontario, Canada for bottling for the North American market.

[2] *See, gen.,* http://www.hoovers.com/company/Bacardi_USA_Inc/cffhri-1.html.

[3] *See* http://www.bacardilimited.com/fact_sheet.html. From the website, it appears as though Bacardi & Company Limited unified in 1992 with other Bacardi operations (such as Bacardi Corporation in Puerto Rico and Bacardi Imports, Inc. in the United States) and became Bacardi Limited, which is the parent of defendant. Galleon, S.A. appears to have merged into Bacardi & Company Limited prior to 1992. *See Havana Club Holding, S.A. v. Galleon S.A.*, 203 F.3d 116, 119 (2d Cir. 2000) (hereinafter, "*HCH v. Galleon*"). Because it is at times unclear what facts may be attributed to each company, the court will generally refer to "Bacardi" in such instances throughout its opinion.

[4] Unless otherwise noted, the court is reciting the history of this litigation from the very detailed background provided in *HCH v. Galleon*, 203 F.3d at 119-22.

corporation principally owned by the Arechabala family, used the trademark for "Havana Club" rum in Cuba and produced and exported Havana Club rum to the United States. In 1960, the Cuban government, under the leadership of Fidel Castro, seized and expropriated JASA's assets without compensation to the Arechabala family.

6. The United States imposed the Cuban embargo in 1963.[5] The embargo is administered by the Office of Foreign Assets Control ("OFAC").

7. Empresa Cubana Exportadora De Alimentos y Productos Varios ("Cubaexport") is a legal entity organized and existing under the laws of the Republic of Cuba and is an agency and instrumentality of the Cuban government. Cubaexport registered the "Havana Club" trademark with the USPTO in 1976 and in Cuba in 1984. In 1993, Cubaexport assigned its intellectual property to Havana Rum & Liquors, S.A. ("HR & L"). Pernod Ricard, S.A. and HR & L formed a joint venture whereby Havana Club Holdings ("HCH") and Havana Club International, S.A. ("HCI") were formed. HR & L assigned its rights to HCH, which granted HCI an exclusive license to the trademark.

8. Although HCI has been exporting Havana Club rum since 1994, the Cuban embargo bars Pernod Ricard, S.A./Cubaexport from selling "Havana Club"-branded rum in the United States. The only "Havana Club" rum sold in the United States, therefore, is Bacardi's Havana Club rum which is sold in Florida.

9. In 1995, OFAC issued a license to Cubaexport authorizing its trademark assignments to HR & L and from HR & L to HCH pursuant to 31 C.F.R. § 515.318. That license, however, was revoked in 1997 retroactive to the date of issuance.

---

[5]See 31 C.F.R. §§ 515.101-515.901.

10. Beginning in 1995, Bacardi (through Galleon S.A.) produced rum in the Bahamas bearing the "Havana Club" name; sixteen cases were shipped to the United States in 1995 and 906 cases were shipped between May 1996 and August 1996.

**C. Prior Litigation**

11. "Two words – Havana Club – have been at the center of litigation that has now traversed two federal Circuits, two federal agencies, and two decades." *Empresa Cubana Exportadora de Alimentos y Productos Varios v. U.S. Dept. of Treasury*, 606 F. Supp. 2d 59, 63 (D.D.C. 2009) ("*Cubaexport*"). The court only describes a portion of that litigation here.

12. In December 1996, HCH and HCI filed a lawsuit to enjoin Bacardi from using the "Havana Club" trademark. In 1997, Bacardi purchased any remaining rights to the "Havana Club" trademark, the related goodwill of the business, and any rum business assets still owned by the Arechabala family. Bacardi has had an application at the USPTO to license the Havana Club name for over a decade.

13. In 1997, the PTO Trademark Trial and Appeal Board affirmed the examiner's denial of Bacardi's applications for registrations for five trademarks: Havana Select; Habana Clasico; and Old Havana for use in connection with "rum"; and Havana Primo and Havana Clipper for use in connection with "rum, distilled spirits specialty containing rum and prepared alcoholic cocktail containing rum." *In re Bacardi & Co. Ltd.*, 48 U.S.P.Q. 2d 1031 (T.T.A.B. 1997). The Board found the trademarks "primarily geographically deceptively misdescriptive of the identified goods because purchasers' beliefs that the rum products to be sold under the proposed marks originate in Havana,

4

Cuba, is a mistaken belief."[6] *Id.* at 1035.

14. In 2000, on appeal from the United States District Court for the Southern District of New York, the Second Circuit concluded that the Cuban embargo barred assignment to HCH of the "Havana Club" trademark registered in the United States, that American courts are precluded by statute[7] from enforcing any rights HCI might have to trademark protection, and that HCI lacked standing to assert its Lanham Act claims related to ownership of the Havana Club trademark. *HCH v. Galleon,* 203 F.3d at 119.

15. Defendant began selling "Havana Club" (white) rum in the United States in August 2006; this rum is produced in Puerto Rico. (D.I. 126 at 241:25-242:19; 252:14-25) Defendant's "Havana Club" rum is currently only sold in Florida. (D.I. 125 at 12:5-8; D.I. 126 at 190:6-9) Defendant has not iterated any specific plans to expand its distribution, but will not commit to not expanding its distribution of Havana Club to the other 49 states. (D.I. 128 at 40-41) As defendant already has a nationwide distribution network, a national distribution of Havana Club rum could be effectuated in 30 to 60 days. (D.I. 125 at 65:8-16)

16. The USPTO registration of Cubaexport's "Havana Club" mark was renewed multiple times and was set to expire in 2006. The OFAC did not grant a specific or general license to renew the mark. In 2009, Cubaexport's case against the OFAC for

---

[6]Bacardi's argument that it intends to re-establish itself in Cuba upon the lift of the U.S. embargo was not given weight by the Board.

[7]Pub. L. No. 105-277, 112 Stat. 2681 (Oct. 21, 1998) ("Section 211"), specifically, § 211(b).

failure to renew its trademark was dismissed by the United States District Court for the District of Columbia. *Cubaexport,* 606 F. Supp. 2d at 63.

**D. Bacardi's "Havana Club" Rum Bottle and Marketing Materials**

17. Defendant launched its "Havana Club" rum in Florida in 2006. The project was "made a priority" at that time "[g]iven the recent, strong interest in Cuban products by US Consumers." (JTX-2) In designing the Havana Club packaging, "[t]he main idea [defendant] wish[ed] to convey is that [its] Havana Club rum is a Cuban-style rum of the highest quality and has a century old Cuban heritage of being made by the Arechabala family according to a secret family formula." (*Id.*) Bacardi selected the following frosted glass design for the Havana Club rum bottle. (PTX-61)



The acid-etched bottle achieves a distinctive and retro look with "super-premium vodka cues." (PTX-43) It is intended to convey the "sultry seduction of pre-revolutionary Havana nightlife," and a "glamorous sophistication" reminiscent of 1930s Hollywood. (*Id.*; D.I. 124 at 124:22-25) The underlying theme is "retro-chic." (PTX-43)

18. A "retro-typeface" was used for the "Havana Club" brand name. (*Id.*) Beneath the brand name appears in smaller capital letters: "Puerto Rican Rum."

19. The back of the Havana Club rum bottle reads as follows.



(JTX-6) As depicted above, the bottle states that "Havana Club rum is a premium rum distilled and crafted in Puerto Rico using the original Arechabala family recipe" that was "[d]eveloped in Cuba circa 1930." (*Id.*) The parties refer to the foregoing as "Cuban